JAN 0 4 2024

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Appellate Division
4100 Main Street, Riverside, CA 92501

| Joseph Miner Plaintiff/Appellant | **APPELLATE CASE NUMBER: APRI2300007** |
|---|---|
| vs. | Trial Court Case Number: CVPS2106016 |
| City of Desert Hot Springs Defendant/Respondent | **REMITTITUR** |

I hereby certify the attached is a true and correct copy of the original decision or order entered in the above entitled cause on 11/13/2023, and this decision or order has now become final.

Respondent to recover costs on appeal.



Witness my hand and the seal of the Court
This 29th day of December, 2023.

JASON B. GALKIN
Court Executive Officer/Clerk of the Court

by: _____
T. Chavira, Deputy Clerk

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing REMITTITUR on this date, by depositing said copy as stated above.

Dated: 12/29/2023

by: _____
T. Chavira, Deputy Clerk

Exhibit 7, Page 001



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

APPELLATE DIVISION

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 13 2023

T. Chavira

| | |
|---|---|
| JOSEPH MINER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF DESERT HOT SPRINGS,<br><br>Defendant and Respondent. | Case No: APRI2300007<br><br>(Trial Court: CVPS2106016)<br><br>PER CURIAM OPINION |

Appeal from a judgment of the Superior Court of Riverside County, Arthur C. Hester III, Commissioner. Affirmed.

Joseph Miner, in pro. per., for Plaintiff and Appellant.

Stream Kim Hicks Wrage & Alfaro, PC, Theodore K. Stream, Jennifer A. Mizrahi, Tuan-Anh Vu, for Defendant and Respondent.

**THE COURT**

Joseph Miner (Miner or appellant) appeals from a judgment in the trial court affirming an administrative hearing officer's decision to uphold a citation issued against him by the City of Desert Hot Springs (City or respondent) for three municipal code violations concerning the condition of his real property. We find there was sufficient evidence to support the violations and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Appellant is the owner of real property located in Desert Hot Springs, California. The property consists of four separate parcels surrounded by a chain link fence, approximately five acres in total. On September 23, 2021, the City of Desert Hot Springs issued administrative citation number 27976D to Miner regarding the condition of one of the parcels, no. 657-220-007. The citation listed the following violations of the Desert Hot Springs Municipal Code (DHSMC) with the following descriptions and required corrective actions:

- DHSMC § 4.16.010.A.1.a: Public Nuisance - Abandoned equipment, machinery, or house items. Remove all construction materials, auto parts, equipment and household items equipment, from exterior premises and do not store outside.

- DHSMC § 4.16.010.A.19.c: Public Nuisance - Visual blight- Junk/refuse garbage visible. Remove and properly dispose of the large accumulation of junk, trash, and miscellaneous household items from the premises.

- DHSMC § 17.40.270.A: Zoning – Storage. Remove everything from vacant parcel. Nothing can be stored on a vacant lot void of a structure.

On October 12, 2021, Miner requested an administrative appeal. On November 11, 2021, following an administrative hearing, the hearing officer issued his ruling upholding the citation in its entirety.

On December 6, 2021, Miner appealed the hearing officer's decision to the Superior Court pursuant to Government Code Section 53069.4. A trial de novo was held on October 20, 2022. The City's code enforcement officer Tiyler Messer testified to the violations. He stated in part that he observed a large shipping container, a lot of dumped

appliances, some construction materials, pipes, electrical conduits, refrigerators, junk and trash throughout the property. Miner himself testified that there is a building on the property consisting of a concrete pad, utility pole and framing of a house. He further testified that there are only really a few things there, including a large storage container, dishwasher, water heater, two-door refrigerator, clothes dryer, his grandmother's potty chair, another chair and pvc pipe. He testified that the items cannot be seen from the public street.

On December 22, 2022, the trial court issued a minute order finding in favor of the City. The minute order states in part:

> The appeal of Civil Citation #27976D is denied. All three violations noted in the citation are upheld: [citations omitted]
>
> The court finds that all three violations were based upon the presence and location of the items observed by Officer Messer. The court finds that the items observed by Officer Messer on September 23, 2021 meet the conditions for each violation, namely, a public nuisance as abandoned equipment or house items; a public nuisance as a visual blight, and storage of items on a vacant lot.

Appellant timely appeals from the judgment.

## DISCUSSION

### I

### Standard of Review

When we are faced with a sufficiency of the evidence argument, we start with the presumption the judgment is correct. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal. App.4th 939, 957.) "'[T]he evidence [is viewed] in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference.'" (*Id.* at pp. 957-958). If "'"there is any substantial evidence, contradicted or uncontradicted," to support a

3

Exhibit 7, Page 004

finding,'" "we must uphold that finding." (*Ibid.*) We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) However, we review questions of law de novo. (*County of Yolo v. Los Rios Community College Dist.* (1992) 5 Cal.App.4th 1242, 1248.)

The appeal under Government Code section 53069.4 is a de novo action, classified as a limited civil case, and where the contents of the local agency's file is received in evidence. A copy of the document or instrument of the local agency providing notice of the violation and imposition of the administrative fine is admitted into evidence as prima facie evidence of the facts stated therein. (Govt. Code § 53069.4(b)(1).)[1]

## II

### Stipulation to Commissioner

Preliminarily, Miner argues that he did not stipulate to a temporary judge and Commissioner Hester was biased against him; therefore, the judgment should be reversed. We disagree. Commissioner Hester did not perform the judicial duties here as a temporary judge, but rather as a commissioner. "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." (Cal. Const. art. VI, § 22.) Accordingly, the Legislature has enacted numerous statutes establishing subordinate judicial duties.

---

[1] On June 14, 2023, appellant filed a request for judicial notice of portions of the clerk's transcript in APRI2200098. On July 18, 2023, we reserved ruling on that request pending consideration of the appeal. We grant judicial notice as to the following pages of the clerk's transcript in APRI2200098: 2486-2600, 2808-2809, 2859, 4376, 4564, 5086. The request is denied as to the remainder. On November 3, 2023, following oral argument, appellant submitted another request for judicial notice. That request for judicial notice is denied.

4

Exhibit 7, Page 005

This action is a proceeding under Government Code section 53069.4. Pursuant to section 53069.4(b)(3), "The conduct of the appeal under this section is a subordinate judicial duty that may be performed by traffic trial commissioners and other subordinate judicial officials at the direction of the presiding judge of the court." These subordinate judicial duties require no stipulation. (*Foosadas v. Superior Court* (2005) 130 Cal. App. 4th 649, 654.) Commissioner Hester is a Commissioner of the Superior Court, not an attorney assigned to serve as a temporary judge.

Moreover, if Miner believed that Commissioner was biased, he was entitled to challenge the judicial officer under Code of Civil Procedure sections 170.1-170.6. Miner did so, and the trial court denied the request. If Miner believed the disqualification ruling was in error, his exclusive remedy for reviewing the determination was a writ of mandate (Code of Civ. Proc. 170.3(d)). "Under our statutory scheme, a petition for writ of mandate is the exclusive method of obtaining review of a denial of a judicial disqualification motion." (*People v. Mayfield* (1997) 14 Cal.4th 668, 811.) The error is not ground for appeal from the judgment. (*People v. Hull* (1991) 1 Cal.4th 266, 276 (section 170.6 challenge).)[2]

### III

### Summary of City Municipal Codes

Appellant was cited for three violations of the City municipal code relative to the condition of his real property. Two were under the public nuisance ordinance:

---

[2] We have reviewed the entire record and find nothing to support the charge of prejudice or bias. Moreover, the fact the Commissioner ruled in a particular way, or in a way appellant believes is erroneous, is insufficient to constitute legal evidence of prejudice or bias. (*Brown v. American Bicycle Group LLC* (2014) 224 Cal.App.4th 665, 674.

**DHSMC § 4.16.010 Unlawful acts—Public Nuisances.**

[1] DHSMC section 4.16.010.A.1.a. states:

A. The following shall be designated as unlawful acts and public nuisances:

1. Attractive Nuisances. It is unlawful and it shall be a public nuisance for any person owning, leasing, occupying or having charge or possession of any premises or property in the City to maintain on any such premises or property any condition that constitutes an attractive nuisance including, but not limited to, the following:

a. Abandoned, damaged or broken equipment, machinery or household items;

[2] DHSMC section 4.16.010.A.19.e. states:

19. Visual Blight. It is unlawful and it shall be declared a public nuisance for any person owning, leasing, occupying or having charge or possession of any premises or property in the City to maintain any such premises or property or improvement thereon in such a manner as to cause or to allow the premises, property or improvement to become defective, unsightly, or in such other condition of deterioration or disrepair as the same may cause substantial depreciation of the property values or similar detriment to surrounding properties, as well as an adverse effect on the health, safety, and welfare of the citizens of the City. Visual blight conditions include, but are not limited to, any of the following conditions:

e. The presence of excessive junk, refuse and garbage which is visible from a public street or sidewalk or from an adjoining property.

The third violation was under the property development standards ordinance:

**DHSMC § 17.40.270 Storage.**

[3] DHSMC section 14.40.270.A. states:

A. There shall be no visible storage of motor vehicles, trailers, airplanes, boats, or their composite parts; loose rubbish, garbage, junk, or their receptacles; tents; or building or manufacturing materials in any portion of a lot, except as allowed under the provisions of this Zoning Ordinance. No storage shall occur on any vacant parcel.

B. No vehicles may be stored or displayed for sale on any vacant lot or at any vacant business location.

C. Building materials for use on the same premises may be stored on the parcel during the time that a valid building permit is in effect for construction.

## IV

### The Citation and Ordinances Are Not Vague and Uncertain

Appellant argues the citation and the ordinances are vague, unclear, uncertain, and failed to provide adequate notice. However, appellant does not address how they are vague and uncertain or otherwise provide any analysis. When points are perfunctorily raised, without adequate analysis and authority, or without citation to an adequate record, the appellate court may pass them over and treat them as abandoned or forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Nevertheless, the content of the administrative citation conforms with both Section 4.24.090 of the municipal code and comports with due process to provide appellant with both adequate notice of the violations and opportunity to be heard. The citation sets forth the name of the owner, the property, the date of the violation, the code section violated, a description of the violation, the amount of the administrative fine, and the appeal process.

Moreover, the ordinances contain common sense and ordinary language. *Briggs v. City of Rolling Hills Estates* (1995) 40 Cal. App.4th 637, 642, states that a statute is vague only if a person of common intelligence must necessarily guess at its meaning. It must otherwise provide some standard of conduct for those whose activities are proscribed and must be upheld unless the "unconstitutionality clearly, positively, and unmistakably appears." All presumptions favor the validity of a statute. The court may not declare it invalid unless it is clearly so. (*Calfarm Ins. Co. v. Deukmejian* (1980) 48 Cal.3d 805, 814-815. Here, based upon that standard, the ordinances, set forth above, are neither vague nor uncertain.

Exhibit 7, Page 008

## V

## No Fourth Amendment Violation

Miner argues the City violated his Fourth Amendment Rights in issuing the citations. We are not persuaded. The Fourth Amendment guarantees the right to be free of unreasonable searches and seizures by law enforcement personnel. (U.S. Const., 4th Amend; *Terry v. Ohio* (1968) 392 U.S. 1, 8-9; *People v. Thompson* (2006) 38 Cal.4th 811, 817. But, it is not a Fourth Amendment search for a police officer to see an item that is exposed to public view, though the item is within the curtilage of a residence. (*People v. Zichwic* (2001) 94 Cal.App.4th 944, 954.) An officer's observations with the naked eye from a vantage point open to the public, is ordinarily not regarded as a search within the meaning of the Fourth Amendment. (*People v. Edelbacher* (1989) 47 Cal.3d 983, 1015.) Here, the code enforcement officer testified that his observations of the condition of the property was done from outside of the perimeter of the chain link fence surrounding the property, and from adjacent public property. He also testified that photographs taken were from those locations. The code enforcement officer's observations through the fence from public property clearly did not constitute a search as the items on the property were in plain view.[3]

## VI
## There was Sufficient Evidence to Support the Violations

Appellant argues there was insufficient evidence to show a violation of any of the three sections of the municipal code for which he was cited. We disagree.

---

[3] Appellant alludes to a prior search of his property by other law enforcement personnel in April 2021. However, the trial court excluded all evidence regarding a prior search, and appellant failed to challenge those evidentiary rulings in this appeal.

The code enforcement officer Tiyler Messer testified he observed a "large storage container", "a lot of dumped appliances", "some construction materials, some pipes, electrical conduits, refrigerators, and other visual blights," a "water heater" and "some wood". He testified that the appliances appeared damaged because either there were visible holes or missing pieces:

> So I can clearly and confidently say they do not work because the water heater does have several holes in it. The washing machine right there is missing the drum, it's also missing other pieces on the top. Also, this microwave back here looks like it's missing the back plate to it.
>
> The water heater has several holes in it and it's missing the…main piece that lights up the igniter, the pilot and all that. You can clearly see it's missing that from both angles"

Mr. Messer further testified that they were all visible from the public right of way outside of the chain link fence surrounding the property and the mobile home park directly adjacent to the property. He submitted photographs of the property taken with his camera that had a zoom function. He testified that the photographs were taken while standing outside the chain link fence. He testified the photographs supported his observations of the property. Based upon his observations on September 23, 2021, he believed the property was a public nuisance and constituted a blight on the property.

The appellant testified that certain items such as a refrigerator, water heater, dryer, dishwasher, two chairs, PVC pipe and a storage container were being stored on the property, but that it was only "temporary". However, he denied that the appliances were damaged or non-working. He further testified that the items were not visible from the public street and that the code enforcement officer trespassed illegally onto the property in order to take the photographs.

9

The testimony of the code enforcement officer and photographs of the property taken from multiple angles support the trial court's conclusion that the property's condition violated the cited ordinances. The photographs of the property support the description of the condition of the property and the items identified in support of the violations as testified to by the code enforcement officer. The items are not stacked, arranged, nor protected in any particular manner from the elements to suggest that they are other than abandoned and broken. Some of the items appear to be laying on their side. There was sufficient evidence to conclude that the property was a public nuisance based upon the presence of abandoned, damaged or broken equipment, machinery or household items. That appellant testified to the contrary is irrelevant. It is necessary only that there be sufficient evidence to support the judgment. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873.)

Finally, Miner argues that the violation of section 17.40.270 is also invalid because it applies to vacant property and the property herein is not vacant. Appellant bases his assertion on a 1965 County of Riverside parcel report that references a wooden structure and steel detached garage on the property at the location of the concrete slab. Although he concedes that no one is living on the property at the moment, he concludes that based upon this report "…the parcel is not vacant. The parcel itself is developed." We are not persuaded.

Appellant testified that he purchased the property in 2004. He further testified that he demolished most of the home because he wanted to remodel it and you have to leave one wall up and then you don't have to pay the fees and costs. He continued: "…[F]irst we pushed the walls down, disconnected them and pushed them over, and

10

that's what you can see on the photograph below, the parcel with the -- or the photograph with the storage container. So you can see a doorway in the structure and you can see a window."

The storage container sits where the structure would be. There is nothing left but the slab and one standing wall. Appellant cites to no authority that a structure on property that is subsequently razed retains its status as both developed and not vacant, and we have found none that support that conclusion.

There is no definition of "vacant" in the municipal code. Appellant cites to *Bianchi v. Westfield Insurance Company* (1987) 191 Cal.App.3d 287 (*Bianchi*) in support of his claim. It is factually distinguishable. In *Bianchi*, the court considered whether land containing a man-made dam, storage shed, and a dirt road leading to the dam could be considered "vacant" so as to be covered by an insurance policy. Lacking California authority, the court there surveyed decisions from other courts and gleaned a rule that "the beneficial use or improvement of untenanted property renders it nonvacant, particularly if the use has accompanied the introduction of artificial structures." The *Bianchi* court concluded that the insured's property was not vacant, because it contained an artificial structure built by the insured for business gain. *Bianchi* at p. 291.

Here, we are not asked to interpret coverage under an insurance policy. Moreover, as to the structure appellant relies upon to conclude the property was not vacant, the evidence shows that it was constructed long ago by a prior owner and currently only exists in the form of a slab and an exterior wall. In *Bianchi*, where the court found that a man-made dam and reservoir rendered the land nonvacant, the structures were built by the insured as part of a larger project that was ultimately abandoned and there was no

11

indication that the dam and reservoir were non-operational. The facts in the present case can be distinguishable, as the evidence establishes that not only was the structure not built by Miner, but the single structure was intentionally knocked down by Miner and rendered non-functional. A demolished, non-functional structure that was abandoned long ago does not provide any beneficial use or improvement to the land. On the evidence we have, we find that the current state of the property was vacant, undeveloped and unoccupied.

## VII

## Remaining Issues Lack Merit

Appellant's brief is a sprawling challenge to all phases of the action, including but not limited to: the trial court ignored the Constitution; lacked jurisdiction; deprived him of a limited civil case; ignored application of the "root" of the poisonous tree doctrine; and failed to follow the law, rules of court and the evidence. These contentions are either not cognizable on appeal for failure to have preserved them or, after our careful examination of the record, deemed to be so lacking in merit that they do not require any discussion. (*People v. Laursen* (1972) 8 Cal.3d 192, 205; see also *People v. Rojas* (1981) 118 Cal.App.3d 278, 289-290.) [4]

///

///

## DISPOSITION

---

[4] On October 18 and October 31, 2023, appellant submitted a letter under California Rules of Court, rule 8.254(a), citing numerous additional authorities in support of various arguments. As all the authorities date from before the action, it is not what is contemplated by this rule. We reject appellant's request in its entirety as they fall outside the scope of rule 8.254, which only allows for citations to "new authority."

Exhibit 7, Page 013

The judgment of the trial court is affirmed. Respondent City of Desert Hot Springs shall recover its costs on appeal.

_____
Chad W. Firetag
Presiding Judge of the Appellate Division

_____
Jacqueline C. Jackson
Judge of the Appellate Division

_____
Marie Wood
Judge of the Appellate Division

APRI2300007

Riverside Superior Court
4100 Main Street
Riverside, CA 92501

Joseph Miner
P.O. Box 11650
Costa Mesa, CA 92627

Tuan-Anh Vu
3403 Tenth St., Suite 7
Riverside, CA 92501

**Exhibit 7, Page 015**