JAN 0 4 2024

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Appellate Division
4100 Main Street, Riverside, CA 92501

| | |
|---|---|
| Joseph Miner<br><br>    Plaintiff/Appellant<br><br>vs.<br><br>City of Desert Hot Springs<br>    Defendant/Respondent | **APPELLATE CASE NUMBER:**<br>**APRI2200098, APRI2200109**<br><br>Trial Court Case Number: CVPS2106001 |
| | **REMITTITUR** |

I hereby certify the attached is a true and correct copy of the original decision or order entered in the above entitled cause on 11/09/2023, and this decision or order has now become final.

Respondent to recover costs on appeal.



Witness my hand and the seal of the Court
This 29th day of December, 2023.

JASON B. GALKIN
Court Executive Officer/Clerk of the Court

by: _____
T. Chavira, Deputy Clerk

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing REMITTITUR on this date, by depositing said copy as stated above.

Dated: 12/29/2023

by: _____
T. Chavira, Deputy Clerk



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

APPELLATE DIVISION

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 09 2023
T. Chavira

| | |
|---|---|
| **JOSEPH MINER,**<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>**CITY OF DESERT HOT SPRINGS,**<br><br>   Defendant and Respondent. | Case No: APRI2200098, APRI2200109<br><br>(Trial Court: CVPS2106001)<br><br>**PER CURIAM OPINION** |

Appeal from an order of the Superior Court of Riverside County, Arthur C. Hester III, Commissioner. Affirmed.

Joseph Miner, in pro. per., for Plaintiff and Appellant.

Stream Kim Hicks Wrage & Alfaro, PC, Theodore K. Stream, Jennifer A. Mizrahi, Tuan-Anh Vu, for Defendant and Respondent.

**THE COURT**

Joseph Miner (Miner or appellant) appeals from an order declaring him to be a vexatious litigant and a related prefiling order prohibiting him from filing any new litigation in the California courts in propria persona without first obtaining leave of the presiding justice or presiding judge of that court. We find no error and affirm the orders.

## FACTS AND PROCEDURAL HISTORY

Appellant is the owner of real property located at 66781 Dillon Road, Desert Hot Springs. On August 18, 2021, City of Desert Hot Springs (City or respondent) issued an administrative citation #27948D based upon five alleged public nuisance conditions existing on the property. The nuisance conditions cited consisted of fire hazards, excessive trash and junk, abandoned household items, an illegal wood fence, and the lack of a business license for commercial rental property. After an administrative hearing in which appellant did not appear, the hearing officer issued an order upholding the citation. Appellant filed a timely appeal from the administrative decision on December 6, 2021, pursuant to Government Code section 53069.4.

Thereafter, appellant began a series of actions which lead to the City filing a motion to declare appellant a vexatious litigant. The City listed 11 separate actions in support of its motion:

1. On December 27, 2021, appellant filed a demurrer to the citation. On January 3, 2022, appellant filed an amended demurrer, challenging the sufficiency of the allegations. The demurrer was overruled.

2. On April 4, 2022, appellant filed a motion to disqualify the city attorney alleging various violations of law and rules of professional conduct. The motion was denied.

3. On April 4, 2022, appellant served a notice on the city attorney to attend trial and produce documents. The City filed a motion to quash. The trial court granted the motion and quashed the notice.

4. On April 11, 2022, appellant served nine notices to attend trial for various City employees. The City filed a motion to quash. The trial court granted the motion and quashed the notices.

5. On April 11, 2022, appellant served seven civil subpoenas on third parties and/or city employees. The City filed a motion to quash and the subpoenas were quashed.

6. On April 11, 2022, appellant filed nine motions in limine challenging various actions of the City. All motions were denied on June 23, 2022, either as repetitive of the court's prior rulings or improper motions in limine. The motions included:

    a. Seeking a dismissal for failure to receive proper notice of the administrative hearing;

    b. Seeking a dismissal for failure of the citation to state a charge or offense;

    c. Challenging the administrative record as incomplete and uncertified;

    d. Seeking discovery from the City relative to the property;

    e. Seeking to strike the City's administrative brief filed in support of the citation;

    f. Seeking to strike the transcript in the administrative hearing;

    g. Seeking to compel the City to provide a certified administrative record;

    h. Seeking judgment on the pleadings or in the alternative summary judgment based upon the insufficiency of the allegations in the citation;

    i. Seeking summary judgment based upon unclean hands.

7. On June 7, 2022, appellant filed a notice of non-stipulation to the Commissioner, which was rejected as untimely.

8. On June 8, 2022, appellant filed a motion to vacate/withdraw the stipulation to the Commissioner. The motion was denied.

9.  On July 11, 2022, appellant filed a common law motion for judgment on the pleadings challenging the sufficiency of the citation. The motion was denied.

10. On August 8, 2022, appellant filed a challenge for cause against the Commissioner pursuant to Code of Civil Procedure section 170.1. The application was stricken as untimely.

11. On August 23, 2022, appellant filed another disqualification motion against the Commissioner pursuant to Code of Civil Procedure section 170.1. The application was stricken.

Trial began on June 23, 2022. After a day of testimony from the code enforcement officer Tiyler Messer, the trial was continued to August 4, and then once more to August 11. Because of the August 8, 2022 challenge to the Commissioner, the August 11 trial date was continued to August 25. Further, because of the August 23 challenge to the Commissioner, the August 25 trial date was continued to September 22. On August 30, 2022, the City filed a motion to declare petitioner a vexatious litigant pursuant to Code of Civil Procedure section 391(b)(3).

Following a hearing on September 22, 2022, the trial court found: "The City has presented satisfactory evidence to establish that Miner is a vexatious litigant within the meaning of Code of Civil Procedure section 391(b)(3), and there is no reasonable probability that Miner will prevail in this action against the City." The order required Miner to furnish security in the amount of $1,750 by October 20, 2022, and included a prefiling order prohibiting him from filing any new lawsuits, including appeals and writ petitions, in propria persona in courts of this state without first obtaining leave of the

4

presiding judge or justice of the court where the litigation is proposed to be filed. Miner failed to furnish the security and the action was dismissed.

## DISCUSSION

### A. Standard of Review

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, we review de novo. [Citation.]" (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499.)

### B. Statutory Background

"The vexatious litigant statutes (Code of Civ. Proc. §§ 391- [391.8]) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.)

Section 391, subdivision (b) provides four alternative definitions of a vexatious litigant, including someone who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

The statutory scheme provides two sets of remedies. First, in pending litigation, "the defendant may move for an order requiring the plaintiff to furnish security on the

ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant." (*Shalant, supra,* 51 Cal. 4th at p. 1170; § 391.1.) If the court finds in the defendant's favor on these points, it orders the plaintiff to furnish security in an amount fixed by the court. (§ 391.3, subd. (a).) Failure to provide the security is grounds for dismissal. (§ 391.4.) The second remedy provided for in section 391.7, "operates beyond the pending case" and authorizes a court to enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.]' (*Shalant, supra,* 51 Cal.4th at p. 1170).

### C. Miner is a Plaintiff

Preliminarily, Miner argues that he is a defendant in the action, not a plaintiff; therefore, the City had no standing to bring the vexatious litigation motion. We disagree.

First, section 391, subdivision (b)(3), applies to any litigant -- plaintiff or defendant-- who repeatedly files unmeritorious motions or engages in other improper tactics. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1200). Likewise, a request for a prefiling order under section 391.7 may be made by "any party", regardless of their role as a plaintiff or defendant.

However, whether Miner was a plaintiff or defendant is relevant for the order to furnish security pursuant to section 391.1, as that section provides that only a plaintiff can be ordered to furnish security. In that regard, the vexatious litigant statutes provide the definitions for each. Section 391, subdivision (d) defines a "Plaintiff" as "the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained." Section 391, subdivision (e), however, defines a "'Defendant'" as "a person

... against whom a litigation is brought or maintained or sought to be brought or maintained." Finally, Section 391, subdivision (a) defines "'Litigation'" to mean "any civil action or proceeding, commenced, maintained or pending in any state or federal court."

Here, although the City issued the citation, it is Miner who "commenced" and "maintained" the superior court action, not the City. "Although designated as an 'appeal' by section 53069.4, the de novo review process authorized by that statute is, in essence, an original proceeding in the superior court reviewing the propriety of a local agency's final administrative decision after hearing to impose fines or penalties." (*County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 311).

Still further, in other published opinions involving de novo review by the property owner to the superior court under section 53069.4, the property owner who challenged the administrative citation in the trial court is expressly designated as the plaintiff in the case title and body of the opinion. (See *Wang v. City of Sacramento Police Department* (2021) 683 Cal.App.5th 372.[1]

**D.** *Analysis of Vexatious Litigant Order*

The trial court declared Miner a vexatious litigant under section 391, subdivision (b)(3) based upon its finding that he had repeatedly filed unmeritorious motions, pleadings, and other papers, and such tactics caused unnecessary delay. Specifically, the court relied on Miner's unsuccessful demurrer[2], two motions for judgment on the

---

[1] As a published opinion, it is the Reporter of Decisions responsibility to review every opinion and ensure the editorial integrity and accuracy of all published opinions. (Supreme Court of California Appoints New Reporter of Decisions (September 30, 2014) <https//www.courts.ca.gov> News Releases – 2014.) We have no reason to doubt that such editorial accuracy was not performed in *Wang*.

[2] The City argues that a demurrer to a citation is procedurally improper. We are not persuaded. (See *People v. Gompper* (1984) 160 Cal. App. 3d. Supp. 1, 8-9 [citation issued in a criminal action that fails to comply with the statutory requirements must be challenged prior to trial by demurrer or otherwise.]

pleadings, and the nine motions in limine that sought to relitigate similar if not the same issues as set forth above; the subpoenas for witnesses and the production of documents from those who were not percipient witnesses; and the multiple requests for disqualification of Commissioner Hester. There was ample evidence to support the trial court's order.

The trial court stated in part:

> Addressing the City's motion, it was essentially stated in short, Mr. Miner, that the history -- and I don't have the numbers in front of me, but I have a fairly good memory of them -- there being the original demurrer, there being two separate judgments on the pleadings, there being nine motions in limine, several which the Court even categorized at the time that you argued them that they were not, in fact, in my other motions in limine, but essentially a rehearsal -- not a rehearsal -- a rehashing of a demurrer. And it said the same thing in terms of when you argued the judgment on the pleadings that that, in fact, was the same argument that we're making that were made in the demurrer argument.
> The subpoenas for the witnesses, and the motions to produce documents for witnesses that were not even percipient witnesses, and the Court even told you that the Court deemed this to not be about all the prior history leading up, not about the drug raids, not about the prior contacts, not about the zoning, but about whether or not your property violated the Desert Hot Springs Municipal Code as cited in the two separate citations authored by Officer Messer, and I clearly recall stating that to that effect to you. And, yet, what the Court saw in what was brought up by the City was that the same argument was rehashed or dressed in new clothing in the demurrer, in the judgment on the pleadings, in the MIL's. And so when you take that and then you do take into consideration the delays in the trial. And, as I stated, I will not even try to deny the fact that there have been things that the Court has had to delay, but some of those have been because of the non-stip arguments that you have made, and obviously you have an opportunity to do so, but there was the initial attempt to withdraw the stipulation. There was the first 170.1 disqualification. There was a supplement to that disqualification, and that was filed just shortly before we were set to resume the hearing. And then once we had a new date, then there was a second 170.1 disqualification, but the only real change the Court could really see was in reference to both my employment and that of my wife. And that was the only real change that I saw from the first motion to the second. And, again, you can make your argument, but what I'm finding is that the motions, the demurrer, the judgment on the pleadings, the MIL's, along with the multiple disqualifications do rise to the level of being a vexatious litigant under 391.

Miner spends little effort defending the multiple and repetitive filings discussed by the trial court, and attempting to demonstrate that there is no substantial evidence to conclude that any filings were frivolous or otherwise filed for an improper purpose. Rather, Miner states in a conclusory manner that the motions are "clear" "meritorious", "no document is frivolous", "every motion is researched, has merit, is different; not duplicative" and filed "to end the case before trial". We are not persuaded. Indeed, upon review of the record, we conclude there is more than enough evidence for the trial court to determine Miner engaged in improper tactics by repeatedly litigating the same issues through groundless motions and actions. Nor was the trial court required to specifically prove Miner's intent as to each filing. The statutory scheme permits a global finding of vexatious litigation tactics that does not turn on "individual unmeritorious filings." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 639.)

Miner also makes no effort to justify the duplicative requests to disqualify Commissioner Hester, or why it was proper for him to relitigate the same disqualification issues multiple times. If Miner believed the disqualification ruling was in error, his exclusive remedy for reviewing the determination was a writ of mandate (Code of Civ. Proc. 170.3(d)), not a repeat motion to disqualify. "Under our statutory scheme, a petition for writ of mandate is the exclusive method of obtaining review of a denial of a judicial disqualification motion." (*People v. Mayfield* (1997) 14 Cal.4th 668, 811.) The error is not ground for appeal from the judgment. (*People v. Hull* (1991) 1 Cal.4th 266, 276 (section 170.6 challenge).

Moreover, Miner argues bias and prejudice because in every decision the trial court ruled in favor of the City and against him. The fact the Commissioner ruled in a

particular way, or in a way that Miner believes is erroneous, is insufficient to constitute legal evidence of prejudice or bias. (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["the mere fact that the trial court issued rulings adverse to [appellant] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, must less demonstrate actual bias"].) Besides, having carefully reviewed the entire record, we find nothing in any part of the record that supports the charge of prejudice or bias.

*E. Substantial Evidence Supports the Finding of No Reasonable Probability of Success*

The appeal under Government Code section 53069.4 is a de novo action, classified as a limited civil case, and where the contents of the local agency's file is received in evidence. A copy of the document or instrument of the local agency providing notice of the violation and imposition of the administrative fine is admitted into evidence as prima facie evidence of the facts stated therein. (Govt. Code § 53069.4(b)(1).) The City also offered the declaration of the citing officer Tiyler Messer relative to his on-site observations, along with photographs for each of the alleged municipal code violations. The violations include: Fire hazard (DHSMC § 4.16.010(A)(5)); trash and junk on property (DHSMC § 4.04.020(A); abandoned household items and junk (DHSMC § 4.16.010(A)(1)(a)); unlawful wooden fence (DHSMC § 4.16.010(A)(17); and conducting business on the property without a business license (DHSMC § 5.04.040(A) et seq.). The trial court concluded that the City had a strong likelihood of succeeding on at least two or three of the five grounds set forth on the citation. On the record we have, we cannot conclude that the trial court erred in so finding.

### F. Stipulation to Commissioner/Judge Pro Tem

Miner for the first time in his reply brief argues that he did not stipulate to a judge pro tem; therefore, Commissioner Hester lacked jurisdiction pursuant to California Rules of Court, rule 2.816. That argument is waived, misplaced, and contradicted by the record.

First, an appellant's failure to raise an argument in its opening brief waives the issue on appeal. (*Dieckmeyer v. Redevelopment Agency of Huntington Beach* (2005) 127 Cal.App.4th 248, 260; see also *Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3 ["[T]he issue was waived as to this court because it was noted only in appellants' reply brief, and not in their opening brief."].) There is absolutely no sound reason why this issue could not have been raised in the appellant's opening brief.

Second, Commissioner Hester did not perform the judicial duties here as a judge pro tem, but rather as a commissioner. "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." (Cal. Const. art. VI, § 22.) Accordingly, the Legislature has enacted numerous statutes establishing subordinate judicial duties. This action is a proceeding under Government Code section 53069.4. Pursuant to section 53069.4(b)(3), "The conduct of the appeal under this section is a subordinate judicial duty that may be performed by traffic trial commissioners and other subordinate judicial officials at the direction of the presiding judge of the court." These subordinate judicial duties require no stipulation. (*Foosadas v. Superior Court* (2005) 130 Cal. App. 4th 649, 654.)

As Commissioner Hester did not perform his duties in the underlying action as a temporary judge but as a subordinate judicial officer, Miner's reliance on Rule 2.816[3] is

---

[3] Rule 2.816 provides for the form of notice, and methods of stipulation and withdrawing the stipulation, for matters to be heard by a court-appointed temporary judge.

misplaced. As expressly provided in subsection (a) of that Rule, it applies only when the court has appointed or assigned an attorney to serve as a temporary judge of that court. Commissioner Hester is a Commissioner of the Superior Court, not an attorney assigned to serve as a temporary judge. (See also Cal. Rules of Court, rule 2.810.) Moreover, even if this Rule were to apply, the record contains no objection to Commissioner Hester hearing the vexatious litigation motion. Miner was represented by attorney Joseph C. Rosenblit. The transcript from the hearing on September 22, 2022, reflects no objection made to the matter being heard by the Commissioner at the beginning of the hearing, and the minute order from that date otherwise reflects that Miner stipulated at the hearing to the Commissioner. A stipulation can be expressed or implied. "An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him." (*In re Horton* (1991) 54 Cal.3d 82, 91.) We find no error.

## DISPOSITION

The order declaring Miner to be a vexatious litigant and the prefiling order are affirmed. Respondent City of Desert Hot Springs shall recover its costs on appeal.

_____
Jacqueline C. Jackson
Acting Presiding Judge of the Appellate Division

_____
Matthew Perantoni
Judge of the Appellate Division

_____
Marie Wood
Judge of the Appellate Division

Exhibit 8, Page 013

APRI2200098/ APRI2200109

Riverside Superior Court
4100 Main Street
Riverside, CA  92501

Joseph Miner
P.O. Box 11650
Costa Mesa, CA 92627

Tuan-Anh Vu
3403 Tenth St., Suite 7
Riverside, CA 92501

**Exhibit 8, Page 014**