1  Joseph Miner
   PO Box 11650
2  Costa Mesa, CA 92627
   Telephone: (949) 903-5051;  Fax: (949) 646-2794
3  Email Address:  josephminer@gmail.com

4          self-represented (pro se)

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  | JOSEPH MINER, an individual, | Civil Action No. 8:24-cv-02793-CAS (E) |

11  Plaintiff,                      Related: 8:22-cv-01043-CAS-MAA (stayed)

12  vs.                             Honorable Christina A. Snyder
                                    Senior United States district judge
13  CITY OF DESERT HOT SPRINGS,
    CALIFORNIA, a municipal corporation;

14  TUAN ANH VU, an individual, in his      PLAINTIFF'S MEMORANDUM IN OPPOSITION
    investigative and administrative capacity;   TO CITY DEFENDANTS' MOTION TO DISMISS
15                                          PURSUANT TO RULES 12(b)(6) OF THE
                                            FEDERAL RULES OF CIVIL PROCEDURE
16  PRESIDING JUDGE RIVERSIDE
    COUNTY SUPERIOR COURT, Judith     Declaration of Joseph Miner with exhibits
17  Clark in her official, executive, and
    administrative capacity;

18                                        Hearing Date: None
    CHIEF EXECUTIVE OFFICER
19  RIVERSIDE COUNTY SUPERIOR         Due: April 14 or earlier
    COURT, Jason Galkin, in his official,
20  executive, and administrative capacity;

21  DOE DEFENDANTS 1-20,

22          Defendants.

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2    I.  INTRODUCTORY ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3        A.  This Specific Action Filed by Plaintiff Re-litigates Nothing . . . . . . . . . . . . . . . . . . . . . . . 7

4        B.  Brief History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5        C.  False Labels, Words and Statements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6        D.  Defendants Failure to Meet Burden under 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7        E.  Plaintiff Miner's State Court Ticket Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8        F.  Chicken and the Egg . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

9    II.  OPPOSITION TO DEFENDANTS' MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

10       A.  Legal Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11       B.  Dismissal Based on Res Judicata . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

12       C.  Dismissal Based on Primary Rights Doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

13       D.  Dismissal Based on Federal Claim Preclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

14       E.  Dismissal Based on Honorable Judge Snyder's Orders . . . . . . . . . . . . . . . . . . . . . . . . . 19

15       F.  Dismissal based on Opinion / Remittitur . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

16       G.  Dismissal Based on Rule 8 - the Complaint Is Cogent. . . . . . . . . . . . . . . . . . . . . . . . . . 20

17       H.  Dismissal Based on Subject Matter / Article III Jurisdiction . . . . . . . . . . . . . . . . . . . . . 20

18       I.   The State Defense and Federal Offense Actions Are not Duplicative . . . . . . . . . . . . . . . 21

19       J.   Purportedly Related Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

20   III. IMMUNITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

21       A.  Statutory Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

22       B.  Qualified immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

23   IV. THE PRAYER IS PROPER FOR PUNITIVE DAMAGES AGAINST CITY . . . . . . . 27

24   V.  SERVICE OF PROCESS ON VU WAS PROPER AND LEGAL. . . . . . . . . . . . . . . . 27

25   VI. ABSTENTION DOCTRINES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

26       A.  Rooker -Feldman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

27       B.  Pullman. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

28       C.  Younger . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

1    D. Burford . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

2    F. Thibodaux . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

3    G. Abstention Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

4    **VII. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

5    DECLARATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

6    EXHIBIT LIST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

7    <u>**TABLE OF AUTHORITIES**</u>

8    **Cases**

9    Adam Bros. Farming v. County of Santa Barbara, 604 F. 3d 1142 - 2010. . . . . . . . . . . . . . . . . 17

10   Aetna Life Ins. Co. v. Superior Court, 182 Cal. App. 3d 431 - 1986 . . . . . . . . . . . . . . . . . . . . . . 13

11   Ashcroft v. Iqbal, 556 US 662 - Supreme Court 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

12   Barner v. Leeds, 13 P. 3d 704 - Cal: Supreme Court 2000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

13   Bell Atlantic Corp. v. Twombly, 550 US 544 - Supreme Court 2007. . . . . . . . . . . . . . . . . . . . . . 16

14   Bristol-Myers Squibb Co. v. Connors, 979 F. 3d 732 - COA, 9th, 2020. . . . . . . . . . . . . . . . . . . 30

15   CY Development Co. v. City of Redlands, 703 F. 2d 375 - COA, 9th, 1983 . . . . . . . . . . . . . 29, 31

16   Chiaverini v. City of Napoleon, Ohio, 144 S. Ct. 1745 - Supreme Court 2024 . . . . . . . . . . . . . 23

17   Collins v. Kentucky, 234 US 634 - Supreme Court 1914 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

18   Colorado River Water Cons. Dist. v. US, 424 US 800 - Supreme Court 1976 . . . . . . . . . . . 28, 31

19   Connally v. General Constr. Co., 269 US 385 - Supreme Court 1926 . . . . . . . . . . . . . . . . . . . . . 26

20   Confederated Salish v. Simonich, 29 F. 3d 1398 - COA, 9th, 1994 . . . . . . . . . . . . . . . . . . . . . . . 29

21   Dang v. Cross, 422 F. 3d 800 - COA, 9th, 2005. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

22   Davidson v. City of Westminster, 649 P. 2d 894 - Cal: Supreme Court 1982 . . . . . . . . . . . . . . . 22

23   Davis v. Scherer, 468 US 183 - Supreme Court 1984 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

24   Deakins v. Monaghan, 484 US 193 - Supreme Court 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

25   Elton v. County of Orange, 3 Cal. App. 3d 1053 - COA, 4th, 1970 . . . . . . . . . . . . . . . . . . . . . . . 25

26   Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005. . . . . . 28

27   Fireman's Fund Insurance Company v. City of Lodi, 302 F. 3d 928 - COA, 9th, 2002. . . . . . . . 31

28   Fleishbein v. Western Auto Supply Agency, 65 P. 2d 928 - 1937 . . . . . . . . . . . . . . . . . . . . . 14, 29

Gardner v. Evans, 920 F. 3d 1038 - COA, 6th, 2019. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Guillory v. County of Orange, 731 F. 2d 1379 - COA, 9th, 1984 . . . . . . . . . . . . . . . . . . . . . 25

Harris v. County of Riverside, 904 F. 2d 497 - COA, 9th, 1990 . . . . . . . . . . . . . . . . . . . . . 22

Hartsel Springs Ranch v. Bluegreen Corp., 296 F. 3d 982 - COA, 10th, 2002 . . . . . . . . . . . . 18

Hearns v. San Bernardino Police Dept., 530 F. 3d 1124 - COA, 9th, 2008 . . . . . . . . . . . . . . . 20

Hope v. Pelzer, 536 US 730 - Supreme Court 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

In re Sheena K., 153 P. 3d 282 - Cal: Supreme Court 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Ins. Corp. of Ire. v. Compagnie des Bauxites de Guinee, 456 US 694 - Supreme Court 1982 . . 20

International Harvester Co. of America v. Kentucky, 234 US 216 - Supreme Court 1914 . . . . . 26

Jamgotchian v. Ferraro, 93 F. 4th 1150 - COA, 9th, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Jennings v. Marralle, 876 P. 2d 1074 - Cal: Supreme Court 1994 . . . . . . . . . . . . . . . . . . . . . . 10

John v. Superior Court, 369 P. 3d 238 - Cal: Supreme Court 2016 . . . . . . . . . . . . . . . . . . . . . 10

Johnson v. State of California, 69 Cal. 2d 782 - Cal: Supreme Court 1968. . . . . . . . . . . . . . . . 25

Jovine v. FHP, Inc., 76 Cal. Rptr. 2d 322 - Cal: COA, 2nd Appellate Dist., 3rd Div. 1998 . . 8, 13

Kay v. City of Rancho Palos Verdes, 504 F. 3d 803 - COA, 9th, 2007. . . . . . . . . . . . . . . . . . . 17

Kremer v. Chemical Constr. Corp., 456 US 461 - Supreme Court 1982 . . . . . . . . . . . . . . . . . . 17

King v. Rubenstein, 825 F. 3d 206 - COA, 4th, 2016. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Korean Buddhist Dae Won Sa Temple, 952 F. Supp. at 688. . . . . . . . . . . . . . . . . . . . . . . . . . 29

Kougasian v. TMSL, Inc., 359 F. 3d 1136 - COA, 9th, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . 29

Kusper v. Pontikes, 414 US 51 - Supreme Court 1973. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

LaMantia v. Redisi, 38 P. 3d 877 - Nev: Supreme Court 2002 . . . . . . . . . . . . . . . . . . . . . . . . 23

Lanzetta v. New Jersey, 306 US 451 - Supreme Court 1939 . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Lim v. TV CORP. INTERN., 121 Cal. Rptr. 2d 333 - Cal: COA, 2nd, 4th Div. 2002 . . . . . . . . . 22

Maldonado v. Harris, 370 F. 3d 945 - COA, 9th, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F. 3d 1025 - COA, 9th, 2008 . . . . . . . . . . . 16

Martinez v. California, 444 US 277 - Supreme Court 1980 . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Mendiondo v. Centinela Hosp. Medical Center, 521 F. 3d 1097 - COA, 9th, 2008 . . . . . . . . . . 16

Michaels v. Turk, 239 Cal. App. 4th 1411 - Cal: COA, 4th Appellate Dist., 2nd Div. 2015. . . . 12

Migra v. Warren City School Dist. Bd. of Ed., 465 US 75 - Supreme Court 1984 . . . . . . . . . . 17

Montilla v. INS, 926 F. 2d 162 - COA, 2nd, 1991. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Morrison v. Jones, 607 F. 2d 1269 - COA, 9th, 1979 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Mccarty v. State of California DOT, Cal: COA, 4th Appellate Dist., 2nd Div. 2008 . . . . . . . . 24

McKart v. United States, 395 US 185 - Supreme Court 1969. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Monroe v. Pape, 365 US 167 - Supreme Court 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Mycogen Corp. v. Monsanto Co., 51 P. 3d 297 - Cal: Supreme Court 2002 . . . . . . . . . . . . . 17, 18

New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 US 350

    Supreme Court 1989, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Noel v. Hall, 341 F. 3d 1148 - COA, 9th, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F. 2d 362 - COA, 9th, 1993 . . . . . 17

People v. Berch, 29 Cal. App. 5th 966 - Cal: COA, 4th Appellate Dist., 3rd Div. 2018 . . . . . . . . 8

People v. Castenada, 3 P. 3d 278 - Cal: Supreme Court 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

People v. Gonzalez, 394 P. 3d 1074 - Cal: Supreme Court 2017. . . . . . . . . . . . . . . . . . . . . . . . . 15

People ex rel. Gallo v. Acuna, 14 Cal. 4th 1090 - Cal: Supreme Court 1997 . . . . . . . . . . . . . . . 26

People v. Kennedy, 168 Cal. App. 4th 1233 - Cal: COA, 4th Appellate Dist., 2nd Div. 2008 . . 12

People v. Lewis, 491 P. 3d 309 - Cal: Supreme Court 2021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

People v. Prunty, 355 P. 3d 480 - Cal: Supreme Court 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

People v. Superior Court (Lavi), 847 P. 2d 1031 - Cal: Supreme Court 1993 . . . . . . . . . . . . . . . 8

Porter v. Jones, 319 F. 3d 483 - COA, 9th, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Posadas v. City of Reno, 851 P. 2d 438 - Nev: Supreme Court 1993 . . . . . . . . . . . . . . . . . . . . . 23

Powers v. City of Richmond, 893 P. 2d 1160 - Cal: Supreme Court 1995 . . . . . . . . . . . . . . . . . 10

Quackenbush v. Allstate Ins. Co., 517 US 706 - Supreme Court 1996 . . . . . . . . . . . . . . . . . . . . 28

Railroad Comm'n of Tex. v. Pullman Co., 312 US 496 - Supreme Court 1941. . . . . . . . . . . . . . 31

Readylink Healthcare v. State Compensation Ins., 754 F. 3d 754 - COA, 9th, 2014 . . . . . . . . . 30

Reisman v. Shahverdian, 153 Cal. App. 3d 1074 - Cal: COA, 2nd Dist., 7th Div. 1984. . . . . . . 13

Richman Bros. Records v. US SPRINT, 953 F. 2d 1431 - COA, 3rd Circuit 1991 . . . . . . . . . . . 31

Rynearson v. Ferguson, 903 F. 3d 920 - COA, 9th,  2018. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Scott v. Cnty of Los Angeles, 27 Cal. App. 4th 125 - Cal: COA, 2nd Dist., 3rd Div. 1994 . . . . 24

Scott v. Kuhlmann, 746 F. 2d 1377 - COA, 9th, 1984. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Semole v. Sansoucie, 28 Cal. App. 3d 714 - Cal: COA, 2nd Dist., 2nd Div. 1972 . . . . . . . . . . . 22

Seneca Ins. Company, Inc. V. Strange Land, Inc., 862 F. 3d 835 - COA, 9th, 2017. . . . . . . . . . 31

Simon v. San Paolo US Holding Co., Inc., 113 P. 3d 63 - Cal: Supreme Court 2005 . . . . . . . . 26

State v. Bielski, 5 NE 3d 1037 - Ohio: COA, 7th Appellate Dist. 2013. . . . . . . . . . . . . . . . . . . . 26

State v. Ferraiolo, 140 Ohio App. 3d 585 - Ohio: COA, 11th Appellate Dist. 2000 . . . . . . . . . 26

Tarasoff v. Regents of University of California, 551 P. 2d 334 - Cal: Supreme Court 1976 . . . . 25

Tansavatdi v. City of Rancho Palos Verdes, 527 P. 3d 873 - Cal: Supreme Court 2023 . . . . . . . 9

The Haytian Republic, 154 Us 118 - Supreme Court 1894 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Louisiana P. & L. Co. V. Thibodaux City, 360 Us 25 - Supreme Court 1959 . . . . . . . . . . . . . . 31

Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053 - Cal:

    Court of Appeal, 1st Appellate Dist., 1st Div. 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Travelers Indem. Co. v. Madonna, 914 F. 2d 1364 - COA, 9th, 1990. . . . . . . . . . . . . . . . . . . . . 31

United States v. Lanier, 520 US 259 - Supreme Court 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

United Educators of San Francisco Etc. V. California Unemployment Ins. Appeals Bd., 456 P. 3d

    1 - Cal: Supreme Court 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

US v. Grey, 959 F. 3d 1166 - COA, 9th, 2020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

White v. City of Pasadena, 671 F. 3d 918 - COA, 9th, 2012. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Wolff v. McDonnell, 418 US 539 - Supreme Court 1974 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Younger v. Harris, 401 US 37 - Supreme Court 1971 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Zwickler v. Koota, 389 US 241 - Supreme Court 1967 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Statutes

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,7, 12, 16, 17
Government Code §53069.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Government Code §53069.4(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 15
Government Code §53069.4(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Government Code § 815.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Government Code § 815.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
Government Code § 835 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTORY ISSUES

1.    The city begins its motion by mis-leading this court pointing at and relitigating a separate de novo civil citation case that has nothing to do with the instant federal action.

2.    City defendants twist and mis-state the history, the facts, the law and the record of the City's cases issued then filed against Plaintiff in the form of ticket citations attempting to assimilate a distinctly separate civil case that is not associated with this action. The first amended complaint was specifically tailored to address most of Defendants' anticipated dismissal claims.

3.    Historically, the facts begin when Miner's ranch home and land that was trespassed, entered, searched and ransacked by code enforcement officers who failed to obtain a search warrant. (see FAC ¶31) The county sheriff, a distinctly separate agency, had concluded and completed a separate search earlier that day. (8:22-cv-01043-CAS-MAA SAC ¶30-32). No marijuana, grower issues, or individuals remained for the City's secondary and separate unlawful warrantless intrusion into four land parcels and seven buildings. *(Gardner v. Evans, 920 F. 3d 1038 - Court of Appeals, 6th Circuit 2019; US v. Grey, 959 F. 3d 1166 - Court of Appeals, 9th Circuit 2020).* Miner, the offsite ranch owner, was never questioned about or charged with any marijuana offense and had a lease agreement prohibiting the cultivation of unlicensed marijuana.

### A.  This Specific Action Filed by Plaintiff Re-litigates Nothing

4.    City defendants make all-encompassing broad generalized statements and legal arguments without a surgical analysis of each issue. In basic terms the strategic 12(b)(6) tactic mis-leads the court. The City's arguments fail through scrutiny of fact and law.

5.    There are consistent mis-statements throughout the City's motion (CM) states p. 7: ln 27-28) "The allegations of the FAC establish that the City, as a governmental entity, and Vu, as a government employee... yet defendant Vu's other attorney Mario Alfaro takes the position Defendant Vu is not a government employee *"As you may know, our position is that service on Mr. Vu is deficient because he is not a City employee..."* (ex #1). The City states there was a police raid, when in fact there is no evidence of a city "police" raid at all. (CM p.16, ln 14) The City is a moving target throughout the entire text of its motion to dismiss.

6.    The case at issue, civil case CVPS2016001, the de novo civil trial regarding the City ticket issued against Miner, <u>was dismissed</u> <u>without prejudice</u> by the <u>non-stipulated judicial officer</u> who Plaintiff alleges lacked judicial power. (ex #2)

7.    Defendants are long aware <u>not a single issue was adjudicated</u> in case CVPS20106001 as verified by defendants filing of RJN as seen in Case 8:22-cv-01043-CAS-MAA Document 62   Filed 03/27/23 Page 7 of 17 Page ID #:1272 item #2.

8.    Government code §53069.4(b)(3) in plain text, plain language - fails to infer or deliver judicial power to "hear and determine" the infinite array of constitutional issues, code and law that arise (FAC ¶153) and unlimited fines now also involved in these cases.

9.    Miner was offered and requested a judge in open court. A court commissioner was then <u>assigned</u> to Miner's case (all purpose assignment) *(People v. Superior Court (Lavi), 847 P. 2d 1031 - Cal: Supreme Court 1993 #C)* without: notice, consent, stipulation, legal, statutory, or constitutional authority, to *"hear and determine"* the proceeding. Yet, he lacked jurisdiction to act without express stipulation of parties litigant. The assignment was an improper delegation of judicial power. *(People v. Berch, 29 Cal. App. 5th 966 - Cal: Court of Appeal, 4th Appellate Dist., 3rd Div. 2018). (Jovine v. FHP, Inc. (1998) 64 Cal.App.4th 1506, 1521)* Coram non judice.

10.    A litany of legal trial issues were argued in Miner's AOB (FAC ex #14) and conspicuously ignored by the superior court judges of the appellate division as seen in their Opinion (FAC ex #15). (compare) There is no request by Plaintiff for this court to review Miner's state pleadings, defense, or judgment of dismissal - this is simply stated as fact.

11.    Before this court, alleged against City defendants, is one federal due process count related to one case; <u>one city ticket</u> - #27948D. The historical factual issues are (1) the motive of the officer and city Defendants, (2) complete lack of constitutional notice, (3) the constitutionally defective ticket, (4) the refusal / denial of a statutory required administrative hearing, (5) a civil trial de novo, void of all defensive statutorily guaranteed procedure CCP. §90-100, administered by a person, not a judge. (6) The state court judgment of dismissal without prejudice by the same non stipulated judicial officer.

12.    The failure of the Riverside Superior Court appellate division <u>which included the</u>

current presiding judge, to address the plain text of the law (questions of statutory interpretation are subject to de novo review) *(Tansavatdi v. City of Rancho Palos Verdes (2023) 14 Cal.5th 639, 652.)*, and clarify the law GC. §53069.4(b)(3) has led to this action. The superior court does not appear to want to clarify the law, or certify the law for clarification to any court of review.

13.    Plaintiff has no other legal remedy to address these issues and clarify the law. He is has been damaged and is likely to end up in the same situation in the future as he owns several land parcels in the City subject to administrative fines. The draconian ordinances are so broad and so profitable he can be cited for a empty coke can (trash blown onto his property), or as he was for a single 32" spare tire and a single 18" x 24" plastic nursery tray.

14.    To be clear regarding City ticket #27948D - Miner was not served notice as mandated by law (no notice appears in the record). Miner was not given time to cure before the fine was issued, as mandated by law. Miner received no pre-deprivation hearing. Miner received no post deprivation hearing. Miner contends every line item alleged regarding due process is true and correct regarding the citation itself and the procedure surrounding the citation.

15.    While discussing his case Miner was informed by a retired federal defender at the federal courthouse in Riverside California that he was "sand bagged" or "homeboyed" ~ apparently meaning the commissioner (a county prosecutor) and defendant Vu (city prosecutor) with a wink and a nod - worked together. Miner doesn't know.

16.    No issue regarding city ticket #27948D was adjudicated in trial court. Nothing regarding the city ticket itself was upheld in either the Remittitur or Per Curiam Opinion of the appellate division for case CVPS2106001 / APRI2200109. The case was dismissed.

17.    While the de novo court case CVPS2106001 was dismissed without prejudice, the ticket had been paid in full in advance, the administrative hearing mandated by law was refused / denied to be heard by the City and hearing officer.

18.    The City attempts to confuse this court. The City code officer issued two distinctly separate city tickets (citations), on two separate and unique land parcels (with different parcel numbers), on two separate dates, concerning two separate sets of facts, regarding different laws, and different evidence and tried in superior court on different dates.

1    19.    The other city ticket #27926D and resulting state limited civil action

2    CVPS2016016, the other appeal to that case APRI2300007 are not addressed or argued or at

3    issue in the instant complaint yet the City refers to APRI2300007 to confuse the court: cases 016

4    ad 007 are not applicable, relatable or res judicata to the instant federal case. [with emphasis]

5    **B. Brief History**

6    20.    After an unlawful, warrantless, search and seizure, of his ranch by city officials

7    4/28/2021, and after Miner refusing a surprise "re-inspection" again without a warrant over a

8    month later, the code officer issued Citation #27948D on 8/18/2021 for Riverside County land

9    parcel APN 657-220-005. City ticket #27948D, by statute, became civil de novo trial case

10   CVPS2106001, which became two appellate division cases. APRI2200109 was regarding

11   judgment of dismissal, and APRI2200098, was regarding the vexatious litigant pre-filing order.

12   Both issues, the dismissal and order, were addressed in a single brief for convenience.

13   21.    Citation #27948D issued on 8/18/2021 for Riverside County land parcel APN 657-

14   220-005, the trial de novo CVPS2106001, and the resulting consolidated appeals APRI2200098,

15   APRI2200109 are only state cases related to this complaint.

16   22.    The natural flow of factual events for was the following: (1) unlawful warrantless

17   search by city, (2) refusal by Plaintiff to permit warrantless re-inspection, (3) city issues ticket,

18   (4) city refuses to provide administrative hearing, (5) civil court trial de novo, (6) dismissal

19   without prejudice, (7) appellate division appeal and Opinion, (8) motion to vacate the *void ab*

20   *initio* judgment and orders based on lack of subject matter jurisdiction as verified by the appellate

21   division in its Opinion stating the SJO was not acting as a judge. (9) refusal by appellate division,

22   to permit appeal of appealable order, by Plaintiff to challenge vagueness of GC. §53069.4(b)(3)

23   and blocking him from appealing. Denying even the ability to file an appeal in the same case

24   violating *John v. Superior Court, 369 P. 3d 238 - Cal: Supreme Court 2016.* Miner had a

25   statutory right to appeal the appealable order based on lack of jurisdiction. *(Powers v. City of*

26   *Richmond, 893 P. 2d 1160 - Cal: Supreme Court 1995; Jennings v. Marralle, 876 P. 2d 1074 -*

27   *Cal: Supreme Court 1994)*

28   23.    The stayed federal case 8:22-cv-01043-CAS-MAA is in the hands of Plaintiffs's

1     attorney and addresses different issues. It was filed long before the state action came to an end

2     and the judgment of dismissal. Case 8:22-cv-01043-CAS-MAA is still in the 12(b)(6) stage,

3     nothing has been litigated or adjudicated in the federal action. The adjudication of this instant

4     case is pivotal and is now a <u>necessary</u> <u>pre-runner</u> to the eventual adjudication of 8:22-cv-01043-

5     CAS-MAA.

6     **C. False Labels, Words and Statements**

7          24.    <u>False labels seem to control this litigation</u>. Defendant Miner was re-labeled a

8     "plaintiff" by the city. Miner was then labeled a "vexatious litigant" when he, in 70 years, had

9     done nothing vexatious (his acts in defense in the city ticket case was to "make a record" in a

10    court that did not follow the court's own rules including state law and statutory procedure.

11         25.    The judicial officer (Hester) acted and ruled with the label "Judge," when in fact, <u>he</u>

12    <u>was never a judge</u>. The city purports to claim every case is "related," when in fact there is no true

13    relation at all for preclusion or any prior litigation.

14         26.    Miner has not "flooded" anything or filed multiple cases or any state cases. Nothing

15    and no case is duplicative. The City's statement is utterly false. The state cases are defensive in

16    nature as Miner was "prosecuted" by the City seemingly to attempt to 'cover up' an unlawful

17    warrantless search and seizure. Miner has filed no state action against the City. Ever.

18     **D. Defendants Failure to Meet Burden under 12(b)(6)**

19         27.    Defendant's have failed to meet their burden. There is no bar to the instant

20    complaint or counts. The facts and labels in the state case were contorted. There is <u>no judgment</u>

21    <u>on the merits</u> of Miner's defense in CVPS2106001. There was no judgment on the merits as to

22    due process in CVPS2106001. The appellate division Remittitur or Per Curiam Opinion only

23    <u>clarified the SJO lacked jurisdiction</u>, as a subordinate officer, which is why the clarification of

24    GC. §53069.4(b)(3) is so important. The appellate division did not address the court's own

25    violations of law, dismissal, and grossly ignores and mis-states the entire court record.

26         28.    The gravamen of Plaintiff's complaint is clarification of the law that leads to

27    inconsistent treatment, inconsistent defenses, inconsistent procedure, inconsistent use of

28    subordinate officers, inconsistent judgments, inconsistent appellate division opinions, related to

1   the use of "administrative citations" and GC. §53069.4 throughout the 58 court jurisdictions in

2   the state of California,. The law should 'mean something.' All citizens should be treated equally.

3       29.   There is more at stake than the outcome of this single case. Plaintiff has pled the

4   inconsistences in prosecution by the City and the court system throughout the state. *(Montilla v.*

5   *INS, 926 F. 2d 162 - Court of Appeals, 2nd Circuit 1991)* In addition, "Careless observance by an

6   agency of its own administrative processes weakens its effectiveness in the eyes of the public

7   because it exposes the possibility of favoritism and of inconsistent application of the law." Id. at

8   169 *(McKart v. United States, 395 U.S. 185, 195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)).*

9   **E. Plaintiff Miner's State Court Ticket Defense**

10      30.   Miner set forth to defend himself against the ticket above. Miner believed there

11  were gross deficiencies, boiler plate statements, false allegations, mis-stated and mis-applied law

12  alleged by the city officer, and a notice-style ticket that did not even tell Miner the location of the

13  alleged violations on his 5 acre (200,000 sf) property. Miner is a forty year professional in this

14  specific area of law. The city ticketed Miner, the city initiated the action against Miner. Miner

15  noted the citation "facts changed" when Defendant Vu became involved. (See Decl. Miner)

16      31.   Miner paid the $500 fine in advance, $100 for each of the alleged 5 different and

17  separate allegations, just to secure an administrative hearing. When the City (Vu) manipulated

18  and effectively refused to give Miner the administrative hearing mandated by law, Miner was

19  <u>forced</u> to 'request' a statutory <u>trial de novo</u> where he would defend himself, but in trial court.

20      32.   By law the administrative case is transferred to civil court and it becomes a limited

21  civil case. The following case explains the GC. 53069.4 procedure is somewhat like a traffic

22  ticket. *(People v. Kennedy (2008) 168 Cal.App.4th 1233, 1239 [86 Cal.Rptr.3d 236] P. 1240.*

23  *Analysis)* Permitting a subordinate judicial officer to act as a temporary judge requires stipulation

24  of the parties. *(Michaels v. Turk, 239 Cal. App. 4th 1411 - Cal: Court of Appeal, 4th Appellate*

25  *Dist., 2nd Div. 2015).*

26      33.   The de novo trial case took many bizarre unforeseeable twists and turns. Miner

27  requested a judge. A commissioner was forced upon him. Miner had filed an ***England***

28  ***Reservation*** (ex #3) and a list of affirmative defenses (ex #4).

34.    It was determined post trial, by the appellate division, the commissioner was acting as a subordinate judicial officer (SJO), not a judge. No law exists that permits or authorizes a court commissioner to act as a judge to underline hear and determine limited civil cases without a stipulation by parties litigant. The case is similar to *(Jovine v. FHP, Inc. (1998) 64 Cal.App.4th 1506, 1521)* which describes the wholesale use of court commissioners as temporary judges and states using a commissioner is a due process issue.

35.    The instant case goes far beyond the acts in *Jovine*. Also see *(Aetna Life Ins. Co. v. Superior Court, supra, 182 Cal.App.3d at p. 437, 227 Cal.Rptr. 460; Reisman v. Shahverdian (1984) 153 Cal.App.3d 1074, 1092, 201 Cal.Rptr. 194)*.

36.    At the very end of trial somehow the City convinced the SJO Miner was not defending himself, and that he was actually the plaintiff prosecuting the City! The City then convinced the non-stipulated judicial officer to declare defendant Miner a vexatious litigant over documents Miner filed and witnesses he requested for trial. He declared Miner vexatious.

37.    This was an underline ancillary proceeding, again no notice of stipulation request by the court or request for stipulation. Miner had already non stipulated and the court was aware of it: *"And, as I stated, I will not even try to deny the fact that there have been things that the Court has had to delay, **but some of those have been because of the non- stip arguments that you have made, and obviously you have an opportunity to do so...**"* (Document 6-1 Filed 01/29/25 Page 215 of 261 Page ID #:537)

38.    The SJO ordered defendant Miner to pay the city's attorney fees to continue to defend himself, in the trial de novo which was no more than 10 minutes from conclusion. Miner, the defendant, did not pay the City's attorney fees so that he could further defend himself in trial court. The case was dismissed without prejudice by the SJO. The only citation and case at issue, CVPS2106001, was dismissed, without prejudice.

39.    Miner has found no case similar to this, including where a underline defendant in a civil action, in the first instance, was declared a vexatious litigant for the specific acts of the case, without warning, without sanctions, without safe harbor, and ordered to pay attorney fees of plaintiff City to continue to defend himself by a subordinate judicial officer, not a judge. This

1    would lead to constitutional injury, and absurd results, in court trials throughout the state.

2        40.    Under California law nothing is adjudged in a case that is dismissed without

3    prejudice. *(Fleishbein v. Western Auto Supply Agency (1937) 19 Cal.App.2d 424, 427)*

4        41.    Plaintiff has painstakingly detailed the allegations. The initial jurisdiction and due

5    process issues addressed on FAC ¶1-14. Relevant historical factual issues FAC ¶31-78. Facts of

6    the case ¶79-227.

7    **F. Chicken and the Egg**

8        42.    The simple legal argument to make is that CG. §53069.4 offers two roads to relief.

9    (1) Trial de Novo or (2) Writ of Mandate. It would make no legislative sense that when

10   requesting a trial de novo you do not get a duly appointed judge, and when requesting a writ of

11   mandate you do. The law reads 'conduct of the hearing' may be assigned to a subordinate judicial

12   officer. There are <u>nine separate categories and levels of subordinate judicial officers</u> (similar to a

13   magistrate). However, to "hear and determine" facts and law requires a duly appointed superior

14   court judge. That case law is clear, but the text of the law GC. §53069.4(b)(3) is not. (FAC ex 1)

15       43.    Miner does not attack the judgment, the order, or request this court review the facts

16   of any state case; he requests this court clarify the law because there are serious constitutional

17   discrepancies of the application and understanding of the law throughout the state.

18       44.    The facts show, for whatever reason, appellate division NEVER analyzed the plain

19   text of the law for 53069.4(b)(3) which is required by law (its ruling and reasoning was arbitrary

20   and capricious) The Legislature knew the constitutional limits of a non stipulated judicial officer

21   when the statute was enacted in 1995. Had the legislature intended for nine separate categories of

22   subordinate judicial officers to act as a judge with full judicial powers, without express

23   stipulation of the parties litigant, the operative judicial phrase "hear and determine" would have

24   surely been included in the plain text of the law. This language is tradition since at least 1784.

25   *(Talbot v. The Commanders, 1 US 95 - Supreme Court 1784)*

26       "The proper interpretation of a statute is a question of law we review de novo. *(United
         Educators of San Francisco etc. v. California Unemployment Ins. Appeals Bd. (2020) 8
27       Cal.5th 805, 812 [257 Cal.Rptr.3d 384, 456 P.3d 1]; People v. Prunty (2015) 62 Cal.4th 59,
         71 [192 Cal.Rptr.3d 309, 355 P.3d 480].) ... " We begin by examining the statute's words,
28       giving them a plain and commonsense meaning.'""" (People v. Gonzalez (2017) 2 Cal.5th
         1138, 1141 [218 Cal.Rptr.3d 150, 394 P.3d 1074].) (See People v. Lewis, 491 P. 3d 309 -*

1    *Cal: Supreme Court 2021)*

2    45.   The vague law is grossly and inconsistently applied from jurisdiction to jurisdiction,

3    and courtroom to courtroom throughout the State of California leading to issues of constitutional

4    dimension for all who defend themselves in superior court. Parties cannot play the game if they

5    do not know the rules and the rules change throughout the state. (FAC ex 6, 11, 12)

6    **II. OPPOSITION TO DEFENDANTS' MOTION**

7    46.   Defendant's unspecific shotgun denial does not pass scrutiny. Its hideous mis-use

8    and mis-application of facts and words are a burden for the court. Statements such as pg 8: ln 9-

9    12: "Ever since the CITY's code enforcement (1) *team found illegal marijuana* on his property,

10   Plaintiff has (2) *flooded the state trial court*, (3) *state appellate court*, and federal district courts

11   with (4) *multiple duplicative claims*, ...

12   47.   The City attempts to use an industrial blender and dizzy the court to make their case

13   throughout the entire motion it mis-states the state cases, the facts, throws in a judgment on the

14   merits and more. The facts: (1) the city did not find the marijuana, (2) Miner flooded nothing,

15   Miner defended himself <u>per statute</u>, (3) it was the appellate division, not appellate court, (4) there

16   are no duplicative claims. **There is no judgement on the merits. The state case was dismissed**

17   **without prejudice.** Unfortunately the mis-statements run profusely and are threaded throughout

18   City's entire motion impossible to address every mis-statement by City defendants.

19   **A. Legal Authority**

20   **1.   Rule 12 Dismissals**

21   48.   With respect to Defendants' arguments under Rule 12(b)(6), Plaintiff has factually

22   alleged <u>each of his claims</u> in precisely the manner specified by the Ninth Circuit. Defendants

23   spend most of the Motion arguing the merits, which is improper at this stage, particularly because

24   Defendants' counter-narrative is contrary to the Complaint's well-pleaded allegations,

25   unsupported by evidence, mis-characterized and inconsistent with facts that have come to light in

26   other proceedings.  *(See, e.g., King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016))*

27   49.   Rule 12(b)(6) motion generally cannot be used to "resolve contests surrounding the

28   facts, the merits of a claim, or the applicability of defenses."

50.    Lastly, City defendants attempt to insert and homogenize cases that have nothing to do with the single city ticket and single civil case at issue that was dismissed without prejudice in state court. Plaintiff disputes cases listed by Defendants are truly 'related' to this instant case. Defendants have waived and forfeited all rights to contest or oppose the state dismissal without prejudice and did not oppose the dismissal.

51.    A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *(Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)).*

52.    To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *(Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *(Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).*

53.    In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *(Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)).*  Plaintiff avers he has met Rule 12(b)(6) pleading standards.

**B.  Dismissal Based on Res Judicata**

**1.    Res Judicata - State**

54.    State of California res judicata does not apply to the facts and issues of the instant litigation. Claim preclusion is an affirmative defense available by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *(Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).* Under the Full Faith and Credit Clause of the U.S. Constitution, federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *(See U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; (White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012) (citing Migra v. Warren City Sch.*

*Dist. Bd. of Ed., 465 U.S. 75, 81 (1984)).*

55.    [T]o determine the preclusive effect of [a] California state court decision, [the court applies] California law." *(Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007); (see also Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2013))* (claim preclusion is known as res judicata under California law and "describes the preclusive effect of a <u>final judgment on the merits</u>."). Here, there has been no final judgment on the merits. The City never opposed the type and or form of dismissal.

56.    Res judicata is premised on the principle that "the party to be affected, or some other with whom he is in privity" has previously litigated the same issue and "should not be permitted to litigate it again . . . ." Citizens for Open Access etc. *(Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1064-65 (1998).* Like other jurisdictions' claim preclusion doctrines, res judicata bars any claim <u>that could have or should have been litigated in the prior action.</u> *(See Palomar Mobilehome Park Ass'n v. San Marcos, 989 F.2d 362, 364 (9th Cir. 1993)).*

57.    Under California law, res judicata precludes a party from re-litigating (1) the same claim, (2) against the same party, (3) **when that claim proceeded to a final judgment on the merits in a prior action.** *(Adam Bros. Farming v. Cnty. of Santa Barbara, 604 F.3d 1142, 1148-49 (9th Cir. 2010).[4]); See Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 123 Cal.Rptr.2d 432, 51 P.3d 297, 301 (Cal.2002)).* Miner has not filed or made state claims against the City in superior court. Miner had defended himself in state court against the City's claims.

58.    Federal law is clear that a state may not grant preclusive effect in its own courts to a constitutionally infirm judgment. *(Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).* The Court lacked jurisdiction.

59.    <u>Defendants' EXHIBIT 7 has nothing to do with this case.</u> EXHIBIT 7 relates to CVPS2016016 and appellate division case APRI2300007. See ¶18? for argument.

60.    All state trial issues affecting this state case have ended in dismissal without prejudice. The administrative decision has no preclusive effect. *(See Jamgotchian v. Ferraro, 93 F.4th 1150, 1160 (9th Cir. 2024)).* The SJO's lack of jurisdiction to act as a superior court judge affects all cases in state court.

**C. Dismissal Based on Primary Rights Doctrine**

61.    The primary rights doctrine comes into play when state and federal complaints are nearly identical. The problem for Defendants is that Plaintiff <u>never sued the city</u>. He has never filed a state complaint against the City. He never sought damages in state court against any City defendant. He simply defended himself against a city ticket just like he would in a traffic ticket.

62.    The claims and damages that Plaintiff now seeks to obtain in federal court are unique as no claims or damages were ever sought in state court. For purposes of res judicata, it is relevant that Plaintiff never filed a state action under any legal theory. *(See Mycogen, 123 Cal.Rptr.2d 432, 51 P.3d at 307)*.

63.    Nothing was fully, fairly or actively litigated in state court because of the dysfunction of the trial court and dismissal without prejudice. Documents were submitted, denied sans any material analysis at all. The City has never filed a per se civil action against Miner, the City cited Miner which is effectively a type of ticket, akin to a speeding or parking ticket in design. *(Maldonado v. Harris, 370 F. 3d 945 - Court of Appeals, 9th Circuit 2004)*

**D. Dismissal Based on Federal Claim Preclusion**

64.    Federal claim preclusion does not apply to the facts and issues of the instant matter. Miner filed the first federal complaint at beginning stages of the de novo trials.

65.    With Miner as defendant, nothing came to judgment on the merits in CVPS2106001. Miner expected comity, the SJO refused comity. Miner attempted to selectively choose what could be litigated in federal court and what was expected to be litigated in state court.

66.    The currently stayed federal action does not maintain the same causes of action, the same issues, same rights, same relief or the same facts. As the Supreme Court stated in The *Haytian Republic*, "the true test of the sufficiency of a plea of `other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as `the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894); *(see also Hartsel Springs Ranch, 296 F.3d at 987 n)*. 1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final. The cases are

1    mostly dis-similar.

2    **E. Dismissal Based on Honorable Judge Snyder's Orders**

3        67.    The instant case, and the stayed case are nothing alike - both confronting different

4    issues. The Kafkaesque ending to the trial case CVPS2106001 > appellate division case

5    APRI2200109 confirming that the commissioner was acting only as a subordinate officer and not

6    a judge. This astonishing event mandated further litigation to clarify the and resolve issues of a

7    subordinate judicial officer acting as judge lacking judicial authority.

8        68.    Miner cannot speak for his attorney regarding 8:22-cv-01043-CAS-MAA. Miner

9    did not believe the state case was over following the Appellate Division ruling, considering the

10   commissioner's lack of jurisdiction to act as a superior court judge was crystalized. This fact

11   would prolong solving the state court issues before opening the federal litigation. A decision was

12   made not to waste a single minute of the court's time and resources. It was fully anticipated this

13   instant case would be automatically assigned to Hon. Judge Snyder which Miner indicated it

14   should be on the recent submission. Miner anticipated the panoply of legal issues could be

15   addressed at that time or the case remained stayed and the instant case proceed to resolve the

16   instant issues.

17       69.    The state court's actions mandated Plaintiff put the horse before the cart and deal

18   with the lack of jurisdiction of the trial court which was only determined upon the appellate

19   division's Opinion text regarding the commissioner's judicial authority

20       See:  Document 6-1 Filed 01/29/25 Page 172 of 261 Page ID #:494 ¶5
21             Document 6-1 Filed 01/29/25 Page 178 of 261   Page ID #:500 ¶6
             Document 6-1 Filed 01/29/25 Page 218 of 261 Page ID #:540 all

22   **F. Dismissal based on Opinion / Remittitur**

23       70.    As thoroughly addressed in the complaint Plaintiff and his attorney did not believe

24   the state cases were final based on the wild ending and the admission by the appellate clearly

25   indicating the SJO was not acting as a judge. Miner filed a motion to vacate the void judgments,

26   the trial court reluctantly believed it was bound by a "hollow" and arbitrary appellate division

27   decision. Miner was then BLOCKED from appealing by the same appellate division you refused

28   to (1) analyze the plain text of the law GC. 53069.4(b)(3), and (2) at the same time refused to

1  permit Miner to appeal the ruling. Abstention doctrines will be addressed in one section at end.

2      71.    Defendant argues a repeating 8-track tape. See defendants motion page 13:ln 9-12.

3  *"holding that "(u)nder this aspect of res judicata, **the prior final judgment on the merits** not*

4  *only settles issues that were **actually litigated** but also every issue that might have been raised*

5  *and litigated in the first action."* Civil case CVPS2106001 was dismissed without prejudice.

6      **G. Dismissal Based on Rule 8 - the Complaint Is Cogent**

7      72.    The FAC is well pled, factual, the counts are short and concise. Plaintiff prefers

8  short sentences and short paragraphs (3-5 sentences) rather than long rambling sentences and

9  paragraphs like City defendants. Depending on how the paragraphs are combined each count for

10  the due process administrative citation is just 11 short paragraphs. For the administrative hearing

11  the court is 10 short paragraphs.

12      73.    State count elements were taken directly from CACI jury instructions. Federal

13  counts were taken from various similar Institute for Justice ongoing complaints and modified to

14  instant complaint. Plaintiff's complaint is meant to be thorough, complete, factual with nothing

15  waived or forfeited. The counts were kept to a minimum. *(See Hearns v. San Bernardino Police*

16  *Dept., 530 F. 3d 1124 - Court of Appeals, 9th Circuit 2008).*

17      **H. Dismissal Based on Subject Matter / Article III Jurisdiction**

18      74.    Federal subject matter jurisdiction, unlike state courts, is limited, meaning federal

19  courts can only hear cases involving federal law or specific conditions like diversity jurisdiction

20  (parties from different states and the amount in controversy exceeds $75,000) *(Insurance Corp.*

21  *of Ireland v. Compagnie des Bauxites de Guinee, 456 US 694 - Supreme Court 1982; Monroe v.*

22  *Pape, 365 US 167 - Supreme Court 1961).* This Court has supplemental jurisdiction of state

23  claims under 28 U.S.C. § 1367

24      75.    Article III standing, a crucial concept in US law, refers to the requirement that a

25  plaintiff (the person bringing a lawsuit) must demonstrate a genuine stake in the outcome of a

26  case to have the right to sue in federal court. This means they must show they've suffered a

27  concrete and particularized injury, that the injury is fairly traceable to the defendant's actions, and

28  that a favorable court decision is likely to redress the injury.

76.    Plaintiff has suffered damages and will continue to suffer damage in that a fines have been imposed, he may have his driver license suspended, tax money seized, business license rejected, unable to remove the false recorded lien on his real property, or remove a false "red tag" with no proper address and obtain a real estate loan or sell his five acre property.

77.    The effects of the City and Court acts have been very damaging. He was found to be a vexatious litigant by a person without judicial designation, and placed on a external court list, and defamed and exposed with negative defaming stigma on the internet because of it. It's a permanent injunction that injures him daily suffering humiliation, embarrassment, and outrage. Lastly, he has had his constitutional rights violated and access to the court stifled. He was found liable and or guilty by a person who lacked all judicial authority.

**I.    The State Defense and Federal Offense Actions Are not Duplicative**

78.    In assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. *(See The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992)* ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same."

1.    In the instant federal complaint nothing is the same;
2.    There must be the same parties, or, at least, such as represent the same interests;
3.    There must be the same rights asserted;
4.    The same relief prayed for;
5.    The relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same.

**J.    Purportedly Related Cases**

79.    Federal case 8:22-cv-01043-CAS-MAA was filed long before there was a state court judgement of dismissal. The federal case 8:22-cv-01043-CAS-MAA was based on the minimal facts known at that time as to some issues. However, the state case then exploded when the city filed the vexatious litigant motion against its own defendant, and it was discovered the case was being adjudicated by an SJO with no jurisdiction. No one could have foreseen or predicted this fact pattern. There is little to compare.

80.    The instant complaint includes counts for malicious abuse of process, malicious

prosecution and <u>planned two additional federal counts</u> with the courts permission for: (1) First
Amendment Retaliation and (2) Deprivation of Rights under Color of law.

### III. IMMUNITIES

#### A. Statutory Immunity

81.    Once a litigant establishes governmental liability after successfully imposing a duty,
the next threshold issue is whether any statutory immunity applies to bar the litigant's cause of
action. *(Davidson v. City of Westminster (1982) 32 Cal.3d 197, 202.)*

82.    The City mis-quotes *Harris v. County of Riverside, 904 F.2d 497, 502 (9th Cir.
1990) "Loss of the use and enjoyment of his land deprived Harris of no less a property interest.
He was therefore entitled to constitutional procedural due process before the County deprived
him of that property interest."*

83.    The City must allege the ultimate facts in its citation (the citation becomes the city
civil complaint) *(Semole v. Sansoucie, 28 Cal. App. 3d 714 - Cal: Court of Appeal, 2nd Appellate
Dist., 2nd Div. 1972) (Lim v. TV CORP. INTERN., 121 Cal. Rptr. 2d 333 - Cal: Court of Appeal,
2nd Appellate Dist., 4th Div. 2002)* By not alleging the facts, location of alleged violations, the
City fails to provide enough information for a citizen the cure the allegation or defend against the
specific allegations and violations in a court of law.

84.    A <u>notice pleading is insufficient</u> to permit a citizen to cure the allegation before
fine. California is a fact pleading state. Each count of the citation must be reasonably precise
and to reasonably describe a violation exists, where to locate it, and defend against the precise
specifics of the citation in court. The legislature expected cities to follow established law.

85.    The City must follow federal law, state law and its own law. The City must give
proper notice (City of Santa Monica v. Gonzalez, 182 P. 3d 1027 - Cal: Supreme Court 2008).
These are ministerial acts.

86.    Procedural due process refers to the constitutional requirement that when the
government acts in such a manner that denies a citizen of life, liberty, or property interest, the
person must be given notice, the opportunity to be heard, and a decision by a neutral
decision-maker.

87.    **Notice** - Failure to provide adequate notice (or any notice at all) was a violation of state law. GC. §53069.4 (2)(A) (time to cure requires notice), (b)(1). Also a violation under DHS municipal code "notice of violation," "notice of public nuisance" under Title 4, chapter 4.04. No notice was sent or posted or part of record. Following the law is a ministerial act. A violation of DHSMC §4.16.050, §4.20.020

88.    **City ticket** - (notice pleading) Administrative citation are not generally handed to violations, they are mailed. The City's citation(s) mis-state the text of the law, and fail describe with reasonable specificity what the alleged violator is responsible for so that it can be cured. The citation failed to follow mandates of the law. Following the law is a ministerial act.

89.    **Administrative hearing** - Properly giving 10 days postal notice for the administrative hearing is a requirement of law. Failing to provide a hearing that was paid for in advance is a violation of law. Following the law is a ministerial act.

90.    **Abuse of process** - The City took "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Posadas v. City of Reno, 851 P.2d 438, 445 (Nev. 1993)*. The City as plaintiff filing a vexatious litigant motion was not legal or proper against its own defendant. It was for a purpose not designed and intended.") (cited with approval in *LaMantia v. Redisi, 38 P.3d 877, 879 n.*8 (Nev. 2002)). Miner sues under Federal, State, and Common Law Claims. Abuse of process "concerns the misuse of the tools the law affords litigants once they are in a lawsuit.

91.    **Malicious prosecution** - Fourth Amendment malicious-prosecution claim under 42 U. S. C. §1983. The City brought a quasi criminal charge, vexatious litigant charge, against Miner, a defendant, a lifelong stain on his reputation, which if violated would be contempt of court. In California, contempt of court penalties can vary greatly, ranging from community service and fines to imprisonment. (*Chiaverini v. City of Napoleon, Ohio, 144 S. Ct. 1745 - Supreme Court 2024*). The City lacked probable cause because Miner was the defendant, the City lacked standing which is legal jurisdiction to bring the motion in state court as pled in the FAC. Miner has sued under Federal, State, and common law claims.

92.    Miner's claim is not for prosecuting the judicial or administrative proceedings, it is

1  for falsely filing a motion where the government was by law the plaintiff and lacked jurisdiction

2  to file. The City intended to chill Miner's free speech after Miner and his attorney filed a federal

3  action against the City attorney and the City.

4  93.    The Government Claims Act does include sections that enable tort claims against a

5  governmental entity, including Government Code sections 815.2(a), 815.4, and 835.

6  94.    The government employee is not immune, the public entity has the authority and

7  may have a duty to indemnify the employee. (Gov. Code, § 825-825.6.) Likewise, the fact that a

8  public employee may be immune, does not block the public entity's liability under Government

9  Code section 815.4. *(McCarty v. State of California Department of Transportation (2008) 164*

10  *Cal.App.4th 955.)* Lastly, a public entity is liable derivatively for an injury proximately caused by

11  an act or omission of an employee of the public entity within the scope of his employment if the

12  act or omission would have given rise to a cause of action against that employee. (Gov. Code, §

13  815.2.)

14  95.    Case law has limited this "discretionary" immunity to truly basic policy decisions.

15  Moreover, courts have drawn a distinction between a discretionary decision, on the one hand, and

16  negligent implementation of a decision, on the other hand. *(Scott v. County of Los Angeles (1994)*

17  *27 Cal.App.4th 125.)*

18  96.    The availability of immunity turns on whether the act or omission constituted an

19  exercise of discretion in the making of a basic policy decision at the planning stage rather than at

20  the operational level of government decision making incident to normal operations, with the

21  latter not being immune. *(Barner v. Leeds (2000) 24 Cal.4th 676, 685.)* In determining whether

22  an act is discretionary or ministerial (i.e., not immune), one has to determine whether the act or

23  omission involved a conscious balancing of risks or advantages, or whether the act or omission

24  amounted to obedience or orders that leave the officer no choice, where the act or omission was

25  governed by specific statutory or regulatory directives.

26  97.    State statutory immunity provisions do not apply to federal civil rights actions.

27  *Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir.1979), cert. denied, 445 U.S. 962, 100 S.Ct.*

28  *1648, 64 L.Ed.2d 237 (1980).* To construe a federal statute to allow a state immunity defense "to

1  have controlling effect would transmute a basic guarantee into an illusory promise", which the

2  supremacy clause does not allow. *Martinez v. California, 444 U.S. 277, 284 n. 8, 100 S.Ct. 553,*

3  *558 n. 8, 62 L.Ed.2d 481 (1980). Guillory v. County of Orange, 731 F. 2d 1379 - Court of*

4  *Appeals, 9th Circuit 1984.*

> "Noting that virtually every public act admits of some element of discretion, we drew the
> line in Johnson v. State of California (1968) 69 Cal.2d 782 [73 Cal. Rptr. 240, 447 P.2d
> 352], between discretionary policy decisions which enjoy statutory immunity and
> ministerial administrative acts which do not. **We concluded that section 820.2 affords
> immunity only for "basic policy decisions."** (Italics added.) *(See also Elton v. County
> of Orange (1970) 3 Cal. App.3d 1053, 1057-1058 [84 Cal. Rptr. 27]; 4 Cal. Law
> Revision Com. Rep. (1963) p. 810; Van Alstyne, Supplement to Cal. Government Tort
> Liability (Cont. Ed. Bar 1969) § 5.54, pp. 16-17; Comment, California Tort Claims Act:
> Discretionary Immunity (1966) 39 So.Cal.L.Rev. 470, 471; cf. James, Tort Liability of
> Governmental Units and Their Officers (1955) 22 U.Chi.L.Rev. 610, 637-638, 640, 642,
> 651.) (See Tarasoff v. Regents of University of California, 551 P. 2d 334 - Cal: Supreme
> Court 1976)*

98.     Public entities may be vicariously liable for their employees' actions under Section

815.2 of the California Government Code. Government officials are liable for negligent

performance of their ministerial duties *(Muskopf v. Corning Hospital Dist. (1961) 55 Cal.2d*

*211.)*

99.     The malicious prosecution claim is not for prosecuting any judicial or

administrative proceeding, it is for falsely charging Miner as a vexatious litigant when the City

was a "defendant" in violation of the statute. Garmon v. County of Los Angeles, 828 F. 3d 837 -

Court of Appeals, 9th Circuit 2016.

**B.  Qualified immunity**

100.   The issues alleged are the most basic constitutional protections every city employee

and city officer should know. The allegations in the complaint encompass constitutional due

process violations as simple as failing to give notice, failing to provide the basic facts in a

citation- complaint, failing to provide a pre-depravation hearing, failing to provide a post

deprivation hearing, mis-stating the law, mis-applying the law.

101.   Administrative citations are generally mailed, not personally handed to an alleged

violator. Something are just so obvious they come without instructions. On a 200,000 sf property

if a code officer wants a land owner to pick up trash, he must give a reasonably precise location

and description of the alleged violation.

"And a ~~statute~~ (administrative citation) which **either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application**, violates the first essential of due process of law. *International Harvester Co. v. Kentucky, 234 U.S. 216, 221; Collins v. Kentucky, 234 U.S. 634, 638. (Connally v. General Constr. Co., 269 US 385 - Supreme Court 1926)*

"Our opinion in Lanier thus makes clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances. Indeed, in Lanier, we expressly rejected a requirement that previous cases be "fundamentally similar." Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. The same is true of cases with "materially similar" facts.

"Accordingly, pursuant to Lanier, the salient question that the Court of Appeals ought to have asked is whether the state of the law in 1995 gave respondents fair warning that their alleged treatment of Hope was unconstitutional. It is to this question that we now turn." *Hope v. Pelzer, 536 US 730 - Supreme Court 2002*

Substantial federal and state case law exists as to what exactly are due process violations.

*In re Sheena K., 153 P. 3d 282 - Cal: Supreme Court 2007 p. 729*
*Simon v. San Paolo US Holding Co., Inc., 113 P. 3d 63 - Cal: Supreme Court 2005 p. 386*
*People ex rel. Gallo v. Acuna, 14 Cal. 4th 1090 - Cal: Supreme Court 1997 p. 1115*
*Lanzetta v. New Jersey, 306 US 451 - Supreme Court 1939*
*Connally v. General Constr. Co., 269 US 385 - Supreme Court 1926 p.391*
*United States v. Lanier, 520 US 259 - Supreme Court 1997 p. 266*
*State v. Bielski, 5 NE 3d 1037 - Ohio: Court of Appeals, 7th Appellate Dist. 2013 citing lanier.*
*State v. Ferraiolo, 140 Ohio App. 3d 585 - Ohio: Court of Appeals, 11th Appellate Dist. 2000*
*Davis v. Scherer, 468 US 183 - Supreme Court 1984*
*Wolff v. McDonnell, 418 US 539 - Supreme Court 1974*

102.   This relates to the city citation as well (FAC ex #17) which was impossible for Miner to decipher for violations on a 200,000 sf land parcel. Miner requested clarification, and was ignored. The underpinning of a vagueness challenge is the due process concept of "fair warning." *(People v. Castaneda (2000) 23 Cal.4th 743, 751, 97 Cal.Rptr.2d 906, 3 P.3d 278.)* The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders," protections that are "embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7)." The vagueness doctrine bars enforcement of "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *(People ex rel. Gallo v. Acuna (1997) 14 Cal.4th 1090, 1115, 60 Cal. Rptr.2d 277, 929 P.2d 596)*

**Qualified Immunity Defendant Vu**

103.   This federal case stems from issues related to Joseph Miner who received a city

1   ticket issued by a city code officer who works hand in hand with defendant Tuan Anh Vu.

2   Defendant Vu in turn works hand in hand with the city manager. A conspiracy and coverup is

3   alleged. Miner was told by Defendant Vu personally that he did not have control of the case,

4   former city manager Luke Rainy was in control. Discovery will need to be completed to access

5   additional facts to formally make these allegations. There has been no discovery at all. CPRA

6   requests were held back by defendant Vu. A litigation hold was noticed.

7       104.  When Plaintiff reached out to city manager Rainy's office (ex #5) to drop the

8   frivolous citation and address the unlawful search and seizure issues, the attack on Plaintiff by

9   the City the relentless attack using citations increased. At that point defendant Vu became

10  involved the facts changed and the alleged evidence changed and false language in the City's

11  documents and pleadings changed. At this point on information and belief a conspiracy began

12  with code officer Messer, Defendant Vu, and city manager Luke Rainy.

13      105.  Vu began holding back CPRA requests, failed to produce a warrant for the search,

14  and began authoring officer Messer's documents such as his declarations his hearing brief. When

15  Miner questioned defendant Vu about dismissing the flyspeck citation, Vu stated "Luke Rainey

16  was in charge of Miner's prosecution not Vu. Miner believes Vu participated as a supervisor,

17  manager, administrator, researcher and collaborator who worked directly with code officer

18  Messer, and city manager Luke Rainey to devise a scheme to protect the city from litigation as a

19  result of the warrantless search. No discovery has been taken. Emails and text messages were

20  never produced that were subpoenaed in the trial de novo CVPS2106001.

21  **IV.  THE PRAYER IS PROPER FOR PUNITIVE DAMAGES AGAINST CITY**

22      106.  All acts and / or omissions perpetrated by each Defendant were engaged in

23  maliciously, callously, oppressively, wantonly, recklessly, grossly negligently, with deliberate

24  indifference to the rights allegedly violated, despicably, and with evil motive and / or intent, all

25  in disregard of the Plaintiff's rights. Plaintiff hereby incorporates by this reference the legal

26  principles set of punitive damages set forth in *Dang v. Cross, 422 F.3d 800 (9th Cir. 2005)*.

27  Defendant's conduct was the actionable cause of Plaintiff's claimed injury.

28  **V.  SERVICE OF PROCESS ON VU WAS PROPER AND LEGAL**

107.  In an effort not to file redundant text and filings Miner refers to law, language, and declaration of Miner in the Application for Default against Tuan Anh Vu. <u>Defendant Vu was properly served per California law</u>. This document is part of the instant case record document #19.

## VI. ABSTENTION DOCTRINES

108.  **"Abstention from the exercise of federal jurisdiction is the exception, not the rule."** *Colorado River, 424 U.S. at 813, 96 S.Ct. 1236.* Both this court and the Supreme Court have long affirmed that "[d]istrict courts have an obligation and a duty to decide cases properly before them." *Tucson, 284 F.3d at 1132; see also Deakins v. Monaghan, 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988)* (describing federal courts' obligation to adjudicate matters within their jurisdiction as "virtually unflagging" (quoting Colorado River, 424 U.S. at 817, 96 S.Ct. 1236)). **Abstention is generally permitted only in "exceptional circumstances,"** when "denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).*

### A. Rooker -Feldman

109.  "The Rooker-Feldman doctrine,"is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by <u>state-court judgments</u> rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)*

110.  The Rooker-Feldman doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.

111.  To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision. *Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir.2003).[10]* A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." In contrast, if "a federal plaintiff asserts as a

legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction."

112. **"... for Rooker-Feldman to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief.** *Kougasian v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004.*

113. **A state-court decision is not review-able by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action.** *See, e.g., Feldman, 460 U.S., at 487, 103 S.Ct. 1303.*

**B. Pullman**

114. Honorable Judge Christina Snyder's Order dated 3/27/23 Case 8:22-cv-01043-CAS-MAA  Document 62  Filed 03/27/23  Page 14 of 17  Page ID #:1279

"As described above, the Pullman abstention doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue by a state court determination of pertinent state law. C-Y Dev. Co. V. City of Redlands, 703 F.2d at 377. The three part test is whether "(1) the complaint involves a sensitive area of state social policy which federal courts ought not intrude upon; (2) federal adjudication of the constitutional question can be avoided by a definitive ruling on a state issue that would terminate the controversy; and (3) the state law in question is unclear." Korean Buddhist Dae Won Sa Temple, 952 F. Supp. at 688. might be mooted or presented in a different posture.

"The Court finds that the first Pullman abstention factor is satisfied in this case. As already set forth above, the zoning, land use, and code enforcement issues in the case touch upon "sensitive issue[s] of social policy." Pearl, 774 F.2d at 1463; see also Huffman, 420 U.S. at 604."

115. Miner argues this is a different complaint with different issues, following dismissal without prejudice (ex #2) of the related state action CVPS2106001 (see FAC ¶ 227-262). Effectively nothing has been adjudged, nothing decided, relating to the five separate and distinct allegations contained in the charging citation at issue. The count in question relates to constitutional due process related issues. *(Fleishbein v. Western Auto Supply Agency (1937) 19 Cal.App.2d 424, 427)*. The superior court effectively simply ignored every legal issue.

Pullman - In order to "give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims," Pullman abstention should rarely be applied. *Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967)*. It is appropriate to abstain under Pullman only if each of the following three factors is present: "(1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue

would terminate the controversy, and (3) [the proper resolution of] the possible determinative issue of state law is uncertain." Confederated Salish, 29 F.3d at 1407; accord Canton, 498 F.2d at 845. Thus, the absence of any one of these three factors is sufficient to prevent the application of Pullman abstention.

116.  <u>Two factors must be present for Pullman abstention to be warranted</u>: (1) there must be substantial uncertainty as to the meaning of the state law, and (2) there must be a reasonable possibility that a state court's clarification of state law might obviate the need for a federal constitutional ruling. *Kusper v. Pontikes, 414 U.S. 51, 54-55, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973).*

117.  <u>The issues raised by Plaintiff have not been addressed in 40 years in any state court</u>; since the statute was enacted in 1995. There are no social policy issues. The low level of the superior court ignores the law. These are US Constitutional issues.

**C. Younger**

118.  We next consider whether the case should have been dismissed under *Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)*, an issue we review de novo. See *Bristol-Myers Squibb Co. v. Connors, 979 F.3d 732, 735 (9th Cir. 2020)*. In Younger, the Supreme Court declared a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018)* (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014)*). Because there are no ongoing enforcement actions or any court judgment, abstention under Younger is not warranted.

**D. Burford**

119.  Burford abstention "is concerned with protecting complex state administrative processes from undue federal interference." *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350, 362, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).(1963))*. Burford does not apply here.

**E. Colorado**

120.  Colorado River does not provide a basis for abstention, either. Colorado River abstention accords "deference to state court proceedings," *Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367 (9th Cir. 1990)*, and it permits federal court abstention in the face of "concurrent

federal and state proceedings," so long as certain pragmatic and doctrinal factors warrant such abstention, *Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 841-42 (9th Cir. 2017)* (emphasis added); see also *Colorado River, 424 U.S. at 814, 96 S.Ct. 1236.* Here, there is no concurrent state-court proceeding. Accordingly, Colorado River does not apply.

### F. Thibodaux

121.  A district court decided to abstain cited Louisiana Power & Light Co. v. City of Thibodaux, *360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959).* Thibodaux is really a variant of the Burford abstention doctrine and has not evolved as a separate doctrine of its own. The case permits a federal court to abstain in a diversity case where state law is unclear and an important state interest is at stake. *Richman Bros. Records Inc. v. U.S. Sprint Communications Co., 953 F.2d 1431, 1443 (3d Cir. 1991).*

### G. Abstention Conclusion

122.  In sum, this case does not meet the requirements of any "abstention doctrine being invoked." *Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 939 (9th Cir. 2002);* see also *C-Y Development, 703 F.2d at 377* (**"[T]here is little or no discretion to abstain in a case [that] does not meet traditional abstention requirements."**); *Porter v. Jones, 319 F.3d 483, 487 (9th Cir. 2003) (same).*

## VII. CONCLUSION

123.  Based on the foregoing, supporting declaration and exhibits, Plaintiff requests this court deny Defendant's motion in total. Consider defendant Vu legally served. Permit Plaintiff leave to amend, permit additional counts for constitutional first amendment retaliation, and perhaps deprivation of rights under color of law. This is the first complaint served on any defendant; effectively it is the initial complaint.

Respectfully submitted,

Joseph Miner, pro se, 4/13/25

## DECLARATION OF JOSEPH MINER

I, Joseph Miner declare:

1. I state the following facts and history of my own personal knowledge and if called, I can and would testify competently thereto.

2. Except where stated in this declaration upon information and belief, the facts set forth in this declaration are known to me personally, and, if called and sworn as a witness in a court of law, I could and would competently testify to such facts. As for those facts stated upon information and belief, I believe in good faith that they are true.

3. My name is Joseph Miner. I am over the age of eighteen (18).

4. I personally authored the foregoing motion.

5. All facts, history described by me, and law, documents and exhibits provided by me, are true and correct to the best of my knowledge.

6. **EXHIBIT 1** - Defendant Vu attempts to again evade service. The registered process server attempted to serve defendant who at the city. Assistant city clerk Dan McVey a stated to the process server McVey had authority to accept service for defendant Vu. In an abundance of caution the process server visited the City three times pursuant to California law and legally subserved defendant Vu at the City offices. **On Thursday March 6, 2025 I emailed defendant Vu the complaint to two email addresses. I received an email in return from Mario Alfaro who states he represents defendant Vu and he will accept service via email.** Defendant Vu was served at the City pursuant to California law by US postal mail, and by email. See both attached exhibit #1 and document #19 filed with the court. Mr. Vu has been served pursuant to California law. Defendant Vu used the same evasive tactics as an Officer of the City and an Officer of the court in stayed case 8:22-cv-01043-CAS-MAA.

7. **EXHIBIT #2** - Attached is the judgment of dismissal case CVPS2106001. This is the case regarding the failure to issue notice, the un-litigated citation, the failure to provide an administrative hearing. Nothing has been adjudicated.

8. **EXHIBIT #3** - England Reservation case CVPS2106001 constitutional claims.

9. **EXHIBIT #4** - Affirmative Defenses case CVPS2106001 constitutional defenses.

10. **EXHIBIT #5** - Letter to Luke Rainy city manager regarding the abusive treatment by the code officer. (This is where the code issues began) included as evidence.

11. **EXHIBIT #6** - Demurrer in case CVPS2106001 to citation #27948D. Document only provided to exhibit surgical breakdown of gross legal and factual inadequacies in the City's civil charging document used in the civil case. **The subordinate judicial officer's ruling was that a party cannot demurrer to an administrative citation.** The demurrer cites the due process issues and constitutional law.  The document is persuasive support for the due process count alleged against City defendants. It is a true and correct copy of the document filed with the court. (Riverside county superior court charges exorbitant fees to download file stamped copies and provides no filed stamped copies upon submission of documents electronically).

12. Plaintiff hesitates to burden the court with the entire oral transcript of all hearings, but to support Plaintiff's argument the transcprity is available upon request.

13. Unfortunately this entire case has been a Kafkaesque circular argument for Plaintiff. The same set of Riverside county superior court judges that control the appointments in superior court of subordinate judicial officers to hear limited civil trials without stipulation are the same judges named in the appellate division, and the same judges names that run the court, and the same judges that set assignments. Common sense dictates they are not going to rule against their own presiding judge's procedure or administrative decisions, their own court assignments, or the judges they have lunch with. There is no life appointment in state court.

14. **The best Plaintiff can do is show the Constitution, the bill of rights, show the law, cite the Constitution, argue the law, and hope and pray someone who actually cares about the fairness judicial integrity and of the United States justice system is listening / watching.**

16. Miner would welcome the appointment of an amici or other counsel to level the playing field regarding argument of these important constitutional issues and questions of law.

I declare, under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration is executed this 14th day of April 2025, in the County of Orange, State of California.

Joseph Miner, plaintiff pro se