Exhibit 1

 **Gmail**

Joseph Miner <josephminer@gmail.com>

## Re: Service of process for Tuan Vu.
1 message

**Mario Alfaro** <mario.alfaro@streamkim.com>                                    Fri, Mar 7, 2025 at 1:53 PM
To: "emailrels@gmail.com" <emailrels@gmail.com>
Cc: Kimberly Trease <kimberly.trease@streamkim.com>, Vanessa Martinez <vanessa.martinez@streamkim.com>, Theodore
Stream <ted.stream@streamkim.com>, Shirley Li <shirley.li@streamkim.com>

Mr. Miner:

I am reaching out because my firm is representing Mr. Vu in this litigation. As you may know, our position is
that service on Mr. Vu is deficient because he is not a City employee and, therefore, cannot be served at or
through the City (his firm is engaged by the City).  Nevertheless, in an attempt to avoid unnecessarily
burdening the court with motion work and increasing costs for the parties, we have been authorized to
accept service on behalf of Mr. Vu.  Furthermore, to keep things simple, we can agree to consider the
emails you sent Mr. Vu on Thursday March 6, 2025, as sufficient effect service and we will file a response
based on this date.

Please understand that we will not consider any future emails to Mr. Vu to serve as proper service or notice
and we expect that all future communications will be directed to our office.  If you have any questions or
concerns regarding this matter, feel free to reach out.

Mario

Mario Alfaro
Shareholder & CTO

Stream Kim Hicks Wrage & Alfaro, PC
3403 Tenth Street, Suite 700
Riverside CA, 92501
http://www.streamkimlaw.com

T: 951-783-9470
F: 951-783-9475

1. Privileged and Confidential Communication. The information contained in this email and any attachments may be
confidential or subject to the attorney client privilege or attorney work product doctrine. If you are not the intended
recipient of this communication, you may not use, disclose, print, copy or disseminate the same. If you have received this
in error, please notify the sender and destroy all copies of this message.
2. Notice re Tax Advice. Any tax advice contained in this email, including any attachments, is not intended or written to be
used, and cannot be used, by you or any other recipient for the purpose of (a) avoiding penalties that may otherwise be
imposed by the IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter to any third
party.
3. Transmission of Viruses. Although this communication, and any attached documents or files, are believed to be free of
any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and the sender does not
accept any responsibility for any loss or damage arising in any way from its use.

4/11/25, 7:38 AM
Gmail - Re: Service of process for Tuan Vu
Case 8:24-cv-02793-CAS-E   Document 27-1   Filed 04/14/25   Page 3 of 43   Page ID #:990

4. Security of Email. Electronic mail is sent over the public internet and may not be secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

**From:** RELS <                    >
**Sent:** Thursday, March 6, 2025 11:05 AM
**To:** Tuan-Anh Vu <                    >;
**Subject:** Service of process for Tuan Vu.

**This is the first email you've received from this external sender.**

Do not click links or open attachments unless it is an email you expected to receive.

Dear Mr. Vu,

You are being evasive as to service of process. You have been sub-serviced to your office, as an employee at the City of Desert Hot Springs.

Assistant Clerk Dan McVey stated he had authorization to accept service. But because of your evasive tactics the server went three times and sub-served you at the city. Because you are again playing "cat and mouse" we will continue to serve you with personal service.

I am enclosing a copy of the complaint (FAC).

Additionally, an individual, corporation, or association that is subject to service under Rule 4(e) , (f) , or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

We request you waive service of summons. We will also be sending a waiver.

Joseph Miner

See attached complaint. Exhibits will be sent separately.

--

REAL ESTATE LITIGATION SUPPORT

Serving law firms and litigators internationally

The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission.  It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges.  If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to return the original document to us immediately by mail at the address above.  Thank you in advance for your cooperation.

Exhibit 2

JCW

OCT 2 5 2022

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

CI009

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista Rm. 201, Corona, CA 92220
- ☐ **MORENO VALLEY** 13800 Heacock St. Bld. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
- ☒ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 2 0 2022

Stacy Antonacci

PLAINTIFF/PETITIONER:  JOSEPH MINER

DEFENDANT/RESPONDENT:  CITY OF DESERT HOT SPRINGS

CASE NUMBER:
CVPS2106001

## JUDGMENT OF DISMISSAL BY COURT

**Case Dismissal:**

☒ Entire Action Dismissed   ☐ With   ☒ Without prejudice.

☐ Entire Action Dismissed   ☐ With   ☐ Without prejudice. The court will retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement (CCP 664.6).

☐ Entire Action Dismissed   ☐ With   ☐ Without prejudice pursuant to CCP 1281.4. Parties have the right to set aside the dismissal in order to file a post-arbitration motion.

**Complaint Dismissal:**

☐ Complaint of _____ filed on _____ is dismissed.

**Party Dismissal:**

☐ Plaintiff _____ ordered dismissed.

☐ Defendant/Cross Defendant _____ ordered dismissed   ☐ With
☐ Without prejudice.

**Dismissal Reasons:**

☐ Request of Plaintiff/Cross Complainant.

☐ Failure to respond to an Order to Show Cause re: Dismissal.

☐ Failure to comply with fast track rules.

☐ Failure to amend demurrer sustained.

☐ Failure to serve Summons within   ☐ 2 years.   ☐ 3 years.

☐ Failure to bring to trial within   ☐ 2 years   ☐ 3 years   ☐ 5 years.

☐ Failure to seek relief from stay.

☐ Failure of entity to be represented by counsel.

☐ Failure to prosecute.

☐ Failure to comply with local rules/Court orders.

☒ Failure to pay fees.

Dated: _10/20/2022_

_____
(JUDICIAL OFFICER SIGNATURE)

**Page 1 of 1**

Form CI009 [Rev. 10/19/20]

**JUDGMENT OF DISMISSAL BY COURT**

Exhibit  3

1  JOSEPH MINER (pro per)
   PO Box 11650
2  Costa Mesa, CA 92627
   (949) 903-5051 (cell)
3  josephminer@gmail.com

4

5

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                     **RIVERSIDE COUNTY - PALM SPRINGS**

8
   JOSEPH MINER,                          Case No.: **CVPS2106001**
9  an individual,
                                          Related Cases No: **CVPS2106016; CVPS2106093**
10                Defendant and Appellant,
                                          **NOTICE OF RESERVATION PURSUANT TO**
11                                        **ENGLAND V. LOUISIANA STATE BOARD OF**
   CITY OF DESERT HOT SPRINGS,            **MEDICAL EXAMINERS, 375 U.S. 411 (1964),**
12 a municipal entity,                    **ET AL.**

13                Plaintiff and Respondent.  **LIMITED CIVIL JURISDICTION**
                                          Pursuant to:  GC § 53069.4(b)(1)(2);
14                                        CCP § 1094.5, CCP § 1094.6

15                                        Filed:       12/6/2021
                                          Judge:       Honorable Arthur Hester
16                                        Hearing:     5/12/2022  - 2:30 PM

17

18 **TO ATTORNEYS AND COURT OF RECORD:**

19      Joseph Miner expressly reserves his statutory right to adjudicate in federal court any

20 issues related to federal claims, federal violations of law, code and US Constitution in

21 CVPS2106001 and related cases above. The precedent supporting this reservation include

22 *England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, decided by the United*

23 *States Supreme Court in 1964; Instructional Systems, Inc. v. Computer Curriculum Corp., 35*

24 *F.3d 813, decided by the Third Circuit in 1994; and Bradley v. Pittsburgh Board of Education,*

25 *913 F. 2d 1064, decided by the Third Circuit in 1990; Los Altos El Granada Investors v. City of*

26 *Capitola, 583 F. 3d 674 - Court of Appeals, 9th Circuit 2009*

27                                        _____
                                          /s/ Joseph Miner (pro per) 5/10/2022
28

                    NOTICE OF ENGLAND  RESERVATION TO PRESERVE  FEDERAL CLAIMS

Exhibit 4

1   JOSEPH MINER (pro per)
    PO Box 11650
2   Costa Mesa, CA 92627
    (949) 903-5051 (cell)
3   josephminer@gmail.com

4

5           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
            **RIVERSIDE COUNTY - PALM SPRINGS**
6

7   JOSEPH MINER,                           Case: **CVPS2106001**
    an individual,
8                                           Related Cases No: **CVPS2106016; CVPS2106093**
                    Defendant and Appellant,
9                                           **STATEMENT OF AFFIRMATIVE DEFENSES**

10  CITY OF DESERT HOT SPRINGS,             **LIMITED CIVIL JURISDICTION**
    a municipal entity,                     Pursuant to:  GC § 53069.4(b)(1)(2);
11                                          CCP § 1094.5, CCP § 1094.6
                    Plaintiff and Respondent.
12                                          Filed:        12/6/2021
                                            Judge:        Honorable Arthur Hester
13                                          Hearing:      2/4/2022
                                            Department:  PS4

14

15  **STATEMENT OF AFFIRMATIVE DEFENSES**

16      Under the provisions of Section 431.30 of the Code of Civil Procedure, State of California,

17  Defendant Joseph Miner deny generally and specifically each, every, and all of the allegations

18  contained in the alleged citation, and the whole thereof, including each and every purported cause

19  of action / offense contained therein, and deny that Miner has violated any law materially or any

20  law at all.

21

22                                          _____

23                                          /s/ Joseph Miner (pro per) 4/1/2022

24

25

26

27

28

FILE:  UV1WJJYIO287W1DE2B0X6                 Page 1

## STATEMENT OF AFFIRMATIVE DEFENSES

Further defending the citation and the whole thereof, and including each and every purported offense contained therein, Defendant denies any material breach of any law and offers his affirmative defenses for the record.

### FIRST AFFIRMATIVE DEFENSE

Each and every allegation of City citation fails to state facts sufficient to constitute an offense, or Prima Facie allegation, against these answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

On information and belief these answering Defendant allege that Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence in order to avoid the alleged incident. The resulting offense, if any, sustained by City were proximately caused and contributed to by the negligence of City.

### THIRD AFFIRMATIVE DEFENSE

Each and every allegation of City citation fails to state facts sufficient to constitute an offense, or Prima Facie allegation, against Defendant because the City has accused the wrong party or that no prof exists that the alleged party was the responsible party who caused the offense.

### FORTH AFFIRMATIVE DEFENSE

These answering Defendant are informed and believe and thereon allege that the damages suffered by City, if any, were the direct and proximate results of the negligence, parties, persons, corporations, or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant, if any.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is informed and believes and thereon allege that City and City' agents and representatives have engaged in conduct and activities by reason of which the City has knowingly and intentionally waived any and all claims against Defendant and City is barred and estopped from any charges or recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

These answering Defendant are informed and believe and thereon allege that City's citation and each alleged cause of action therein is barred by the applicable statute of limitations including, but not limited to, sections 335.1, 337, 337.1, 337.15, 338, 339, 340, and 343 of the California Code of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that the City is from charging

Defendant with a citation or offense by virtue of the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City have unreasonably delayed in filing their charges thereby barring or diminishing City' recovery herein under the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City unreasonably delayed in fling their charges of the alleged wrongs committed against City and the basis for the causes of action alleged by City, all of which have unduly and severely prejudiced these answering Defendant and is prohibited from charging defendant under doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws thereon allege that City are barred from charging or finding defendant liable by virtue of the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws thereon allege that City are barred from charging or finding defendant liable by virtue of the doctrine of ultra vires - acting beyond its authority.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws thereon allege that City are barred from charging or finding defendant liable by virtue the claimants own conduct, or by the conduct of its agents, representatives, and consultants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws thereon allege that City are barred from charging or finding defendant liable by virtue defendant was not properly served for the administrative appeal.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws thereon allege that City are barred from charging or finding defendant liable by virtue defendant was never given a fair hearing, and had no hearing at all.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws and the constitution thereon allege that City are barred from charging or finding defendant liable by

virtue of the citation being void for vagueness.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws and the constitution thereon allege that City are barred from charging or finding defendant liable by virtue of the ordinance being void for vagueness.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws and the constitution thereon allege that City are barred from charging or finding defendant liable by virtue the City, the prosecutor, the officers have violated Defendant's constitutional rights and due process rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that City has violated its own laws and the constitution thereon allege that City are barred from charging or finding defendant liable by virtue the City, the prosecutor and or the officer has selectively enforced the law and it was not and is not reasonably and uniformly applied.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that tenants or vandals caused each and every alleged offense, if any, therefore Defendant is not the person responsible for the offense per Desert Hot Springs municipal law.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is informed and believes and there on alleges the City's allegations are barred by laches.

### Verification

I have authored the foregoing Statement of Affirmative Defenses and know its contents. The facts and matters stated in this document are true of my own knowledge except as to those matters which are stated on information and belief; and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing document is true and correct to the best of my knowledge.

_____

/s/ Joseph Miner (pro per) 4/1/2022

FILE: UV1WJJYIO287W1DE2B0X6                    Page 4

Exhibit  5

**Joseph Miner**                                        (949) 646-4466
**PO Box 11650**                                        (949) 903-5051
**Costa Mesa, CA 92627**                                josephminer@gmail.com

September 16, 2021

TO:    Mr. Luke Rainy, City Manager
       City of Desert Hot Springs


RE:    66781 Dillon Road, Desert Hot Springs, CA (former address)
       66381 Dillon Road, Desert Hot Springs, CA (proper address)
       Administrative Citation appeal #27948D

Dear Mr. Rainy,

  When Tiyler Messer became involved in this code issue the situation went awry quickly. For whatever reason Mr. Messer opened violations on all four of my properties ~ without even first inspecting them. Mr. Messer then fabricated a story that he wrote in the code enforcement collaboration software. When Mr. Messer was refused access to the property and then found trespassing on my property he became very angry. At that time he escalated the code issues without mitigation. He has lied and misled me several times. Even though multiple changes have been made to the property, Mr. Messer ignores them. Frankly, between the vague citation text, and the photos I have no real concept of what Mr. Messer is attempting to prove with his photos.

  Since this started I have requested Mr. Messer not trespass on my property to take photographs; defiant, he continues to trespass. The history of his photographs establish the trespass. The public right-of-way ends 40' south of the centerline of Dillon Road ~ there has been no dedication for sidewalk. Mr. Messer has ignored that property line since this began. The City ordinance as to where he can take his photos is clear as described in the appeal.

  **Most troubling is that Mr. Messer has proven anger issues.** At 27 he is already divorced with two children. **Mr. Messer's wife requested a permanent restraining order for domestic violence.** Unfortunately, Mr. Messer brings these anger issues with him to his job in code compliance. I believe these anger issues cloud his judgement and professional discretion. The City should be acutely aware of this.

  I have attempted to obtain a fence permit. I have attempted to procure a business license. The City has no ordinance prohibiting the storage of firewood. I have attempted to mitigate the issues Mr. Messer ordinally stated were violations. It is senseless to waste the people's money to prosecute tax payers when it could be better used to catch the City's criminals. I have made a simple request the City supply me with a copy of the warrant to enter my property on April 28th. Even that simple request has been stonewalled. **Where is this City's logic and leadership?**

Regards,

*Joseph M.*

Joseph Miner

Exhibit 6

1
JOSEPH MINER (pro per)
PO Box 11650
2
Costa Mesa, CA 92627
(949) 903-5051 (cell)
3
josephminer@gmail.com

4

5
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**RIVERSIDE COUNTY - PALM SPRINGS**
6

7
JOSEPH MINER,
an individual,
8
                    Defendant and Appellant,
9
CITY OF DESERT HOT SPRINGS,
10
a municipal entity,
11
                    Plaintiff and Respondent.
12

13

14

15

16

17

Case No.: **CVPS2106001**

**AMENDED**

**MINER'S NOTICE OF DEMURRER
AND COMMON LAW GENERAL
DEMURRER TO CIVIL CITATION;
CITATION #27948D;**
DECLARATION OF JOSEPH MINER; EXHIBITS
Gov. Code. § 53069.4 (b)(1)

**LIMITED CIVIL JURISDICTION**
Pursuant to:  GC § 53069.4(b)(1)(2);
CCP § 1094.5, CCP § 1094.6

Filed:          12/6/2021
Judge:          Honorable Arthur Hester
Hearing:        1/27/2022
Time:           10:00AM
Department: PS4
**Resv ID:      664223574024**

18

19
<u>**NOTICE OF DEMURRER**</u>

20
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21
PLEASE NOTICE that on 1/27/2022, at 10:00 a.m. or as soon thereafter as the matter may be

22
heard in Department PS4 of the Riverside County Superior Court, located at 3255 E Tahquitz

23
Canyon Way, Palm Springs, California, Defendant Joseph Miner ("Miner") will and hereby does

24
demur to all allegations, charges, causes of action alleged against him in the Administrative

25
Citation #27948D ("DRC1 or citation") issued by the City of Desert Hot Springs ("DHS").

26
**PLEASE BE ADVISED:**

27
This Court "may" make a tentative ruling on the merits of this matter. It will be the day prior to

28
the hearing. Tentative rulings for this court may be available on the Internet. To view go to:

https://www.riverside.courts.ca.gov/OnlineServices/TentativeRulings/tentative-rulings.php and

click on the tentative ruling The tentative ruling shall become the ruling of the Court unless, by 4:30 pm on the court day before the scheduled hearing, a party gives notice of intent to appear to all parties and the court. The notice of intent to appear must be given either in person or by telephone. Where notice of intent to appear has been properly given, or upon direction of the Court, oral argument will be permitted."

This Demurrer is being filed prior to a "trial de novo" regarding an administrative citation. The Demurrer is made on the grounds that pursuant to common law, the constitution, Administrative Procedures Act, Desert Hot Springs Municipal Code, and or Code of Civil Procedure section 430.10(e)(f) .**The City's charging document[s] fails to state facts and or elements sufficient to constitute a charge against Miner.** The citation is uncertain; "uncertain" includes ambiguous and unintelligible. The citation also mis-cites, mis-applies the law.

The citation violates Desert Hot Springs Municipal Code DHSMC 4.24.090 (D)(F) by not adequately or properly <u>describing</u> each violation. The Notice is also in violation of DHSMC 4.24.020 (F)(G). **The Notice OR Citation does not state "A description of the property's condition which violated the applicable codes"** or a " list" of necessary corrections to bring the property into 'compliance.' The "list" provided is generalized, vague and ambiguous, and does not give fair warning or fair notice to Miner the "alleged" violator. The citation leaves the 'alleged' offender 'guessing' at a remedy or solution that will satisfy the City. Additionally notice was NEVER posted on the property required by DHSMC 4.16.060.

Each of the City's five charges fails to state a description, facts and elements sufficient to constitute an offense and or a proper charge against Defendant Miner. Miner can not remedy, correct, or defend against a sparse municipal code listing with no 'specific' description in text or a single written fact.

This Demurrer is based on this Notice of Demurrer and Demurrer, the attached Memorandum of Points and Authorities in support thereof, Defendant Joseph Miner's declaration, exhibits, the concurrent request for Judicial Notice of associated filed cases and documents, all other documents on file, and on such argument as may be presented at the hearing.

_____

/s/ Joseph Miner (pro per) 12/28/2021

# "Vague laws invite arbitrary power"

Today's vague laws may not be as insidious,
but they can invite the exercise of arbitrary power all the same...
by *leaving the people in the dark about what the law demands* and
allowing prosecutors and courts to make it up.
~ J ustice Gorsuch, April 17, 2018

### DEMURRER

1.      Defendant Joseph Miner ("Miner") hereby demurs generally to all charges[1] alleged against him in the City of Desert Hot Springs' citation 27948D dated August 18, 2021.

2.      Miner contends the City's 'charging document' for violations of city municipal ordinances fails to state the charge, fails to describe the violation, fails to list the elements of the offense, or corrections, mis-states, mis-categorizes, or mis-applies the law. Each charge is legally insufficient. This is true for each and every offense alleged and charged against Miner.

<<<<<<<<<<  >>>>>>>>>

3.      The City was given two opportunities to provide Miner with a proper description, describing and identifying the each property condition relating to each offense. The City failed. **The charging document i.e. the citation and notice fail.** The pre-notice is included as context. Due Process violations are ripe for this demurrer.[2] Miner exhausted his administrative remedies.

### Notice of Violation

4.      Pursuant to  (DHSMC)[3] 4.24.020 (F)(G) A Notice of Violation is issued prior to a citation. Desert Hot Springs Municipal Code requires a '<u>A description of the property's condition which violated the applicable codes.</u>' The notice issued to Miner <u>does not contain</u> 'A description of the property's condition which violated the applicable codes' or all required 11 items A-K, the required contents of the citation. **The City has violated it's own laws - effectively the entire notification and citation process.** Miner did not receive adequate notice because there is no (1)'description of the property's condition which violated the applicable codes' or (2) adequate 'list' of necessary corrections. Documents Miner received could not be more uncertain.

---

[1] Charges aka: causes of action, violations, offenses.

[2] *Mathews v. Eldridge, 424 US 319 - Supreme Court 1976*

[3] Exhibits located following declaration.

1

**Administrative Citation**

2

3      5.      An Administrative Citation, an infraction (that can escalate to a misdemeanor), is issued

following a Notice of Violation. Desert Hot Springs Municipal Code also requires a

4      'description.' (DHSMC) 4.24.090 (D)(F) (D. A <u>description</u> of the violation). The citation issued

5      to Miner <u>does not contain</u> a 'description' or 'describe' any violation at all. No (F) "described

6      violations" exist. ~ or all required 13 items A-M, the required contents of the citation. Miner is

7      entitled to due process *(See Mohilef v. Janovici, 51 Cal. App. 4th 267 - Cal: Court of Appeal, 2nd

8      Appellate Dist., 1st Div. 1996).* Miner maintains protected property interests *(Traverso v. People

9      ex rel. Dept. of Transportation, 864 P. 2d 488 - Cal: Supreme Court 1993).*

10     6.      **The plain natural reading of the text of the ordinance requires a description of the

11     violation, not merely the name of the nuisance.** Nowhere does the city ordinance state that

indeterminate and inconclusive photograph may be used in lieu of a clear textual description.

12     Nowhere does any DHS municipal code ordinance state that a photograph may be used 'as the

13     description.' A property owner must be made aware of specific offensive item or issue in writing.

14     It should not require the skills of a criminal detective to come to an uncertain guess.

15
       **Description:** a statement that tells you how something or someone looks, sounds, etc. :
16     words that describe something or someone
       *(www.merriam-webster.com/dictionary/description?)*
17
       **Describe:** verb (used with object), de·scribed, de·scrib·ing.
18     to tell or depict in written or spoken words; give an account of:
       *(https://www.dictionary.com/browse/describe)*
19
       **Describe:** To describe is to report details about something either out loud or in writing.
20     *(https://www.vocabulary.com/dictionary/describe#)*

21

22     7.      Without a text description of objects in the photo properly identified or a written

23     annotation on the photograph such as a circle, an arrow, an X; the photograph may be interpreted

24     1000 different ways. Photographs can be extremely broad, or pin point. The City photographs are

25     extremely broad, vague and ambiguous. The photographs look over tens of thousands of square

26     feet of land. Some photographs by the Officer look over two or more acres ~ 85,000 sf of land

27     area! Officer Messer <u>does not connect any single photograph with any single charge</u> making the

28     entire process more vague and more confusing.

Page 4

8.      Not only did the City fail on its charging document, early on Miner sent notice to Officer Messer requesting clarification. <u>Miner was ignored.</u> To significantly exacerbate this issue City Prosecutor, Mr. Tuan Vu, who as the City's Prosecutor, has no attorney-client relationship with Officer Messer, instructed Officer Messer not to communicate with Miner.[4] Mr. Vu has been asked to recuse himself because of continuing violations of the ***Sabey Opinion*** involving contract attorney firms, but fails to do so.[5] There can be no mistake that ***due process*** issues are at stake. There are much bigger issues rattling in the background of this case behind the citation. Beginning with this new city attorney firm; the city began acting severely *ultra vires*.

9.      Rationally, the law must be stated accurately and Miner must be given sufficient notice including: a <u>fair</u> <u>description</u>, describing with reasonable specificity, the characteristics, including location, the alleged items or issues purported to be offenses, in addition to the corresponding municipal code. A description allows Miner either correct the "alleged" offenses (city's goal), or defend against the accusations if mis-applied, improper or unreasonable.

10.     Officer Messer, the City through its code enforcement department, have failed to provide  Miner with a cognizable description of each offense, this is a breach of 'adequate notice.'

11.     Google street view August 2021 https://goo.gl/maps/kswwjdtcNRuyyG396 the same month as the citation, clearly shows the desert ranch, on the fringe of town, is not a 'menace' or "nuisance" as the staged ultra grainy 100 dpi photos supplied by Officer Messer.

12.     Even today this ranch is on the fringe of open desert is not in a residential area. This not a residential subdivision. This is not in an HOA. Miners current ranch neighbor are: 1) a 5 acre abandoned decrepit RV camping facility, 2) a 2.5 acre dead pet cemetery, 3) a 2.5 acre tow truck company / junk yard, 4) a 5 acre storage facility and U-haul rental yard, 5) a 5 acre cactus nursery with 10 green houses with two old broken down decrepit ramshackle houses. Miner's property is clean, un-used and barren in comparison to all adjacent Dillon properties down Dillon Road. **There has not been a single public complaint filed against Miner or against the ranch.**

---

[4] See declaration of Joseph Miner

[5] *Sabey v. City of Pomona, 215 Cal. App. 4th 489*

There are no abandoned automobiles, no gang people, no gang signage, no graffiti, no overgrown landscape, no visual blight, no dilapidation, no 'excess' of anything on the 200,000 sf property, **It's a ranch in the desert, not a condo ~ what is it supposed to look like???**

13.    Vague, ambiguous notices containing no reasonable description, un-explained un-annotated photographs, or inapplicable allegations is the reason for the demurrer.

14.    Miner's ranch property, <u>with as much land area as the entire Palm Springs Civic facility</u>[6] https://goo.gl/maps/Sg4ssLvXBJPUQ39V6 , is far too large to be unreasonably forced 'guess' at unspecific offenses, depicted in unidentified or annotated photographs which the officer alleges some unidentified object in the photograph is a violation of the municipal code.

15.    The officer's enforcement tactics, exceedingly over-broad, failing to list and describe in writing the specific offenses, have permitted the officer and the city to play a violation shell game against Miner.

16.    Miner must know what the exact offenses are. DHSMC allows Miner opportunity to make corrections before a citation and fine are issued. It would be irrational and lead to absurd results if a municipality, or any charging authority, was not required to notice an offender with sufficient specificity ~ either to change or to defend the "alleged" nuisances.

17.    The document fails to state facts, and or elements of the alleged ordinance offenses sufficient to constitute a charge or violation. The essential elements rule is based on Const. art. 1, § 22 (amend. 10) and on the Sixth Amendment. There are two aspects of this notice function involved in a charging document: (1) the description (elements) of the crime charged; and (2) a description of the specific conduct of the defendant which allegedly constituted that crime. An infraction, a crime with a financial penalty, charged three times in a year may be charged as a misdemeanor; a more severe crime affecting Miner's two professional real estate licenses.

"Both the Sixth Amendment of the federal Constitution and the due process guarantees of the state and federal Constitutions require that a criminal defendant **receive notice of the charges adequate to give a meaningful opportunity to defend against them.** (U.S. Const, 6th Amend, **["the accused shall enjoy the right . . . to be informed of the nature and**

---

[6] Miner's ranch is 5 fenced acres. It is **the size of the entire Superior court facility including north parking lots** ~ from Civic Center Drive on the west, El Cielo on the east, Tahquitz Canyon on the north, and the black top parking facility beyond the south building.

cause of the accusation"]; id, 14th Amend.; Cal. Const., art. I, § 15.) "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *(Lankford v. Idaho (1991) 500 U.S. 110, 126, 111 S.Ct. 1723, 114 L.Ed.2d 173.)* **"The `preeminent' due process principle is that one accused of a crime must be `informed of the nature and cause of the accusation.' [Citation.] Due process of law requires that an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial."** *(People v. Jones (1990) 51 Cal.3d 294, 317, 270 Cal.Rptr. 611, 792 P.2d 643.)*" *(See People v. Seaton, 28 P. 3d 175 - Cal: Supreme Court 2001)*

18.    While waiting for a hearing on the initial citation Miner has been charged three successive times in a matter of weeks with an <u>identical charging document</u> and same "alleged" offenses. Miner is to be given time to rectify the situation before a citation is issued. When an offender can not deduce what the specific charge is from the charging document, a constitutional violation occurs. **Miner forced to 'guess' at Officer Messer's citation ~ a cryptic puzzlement.**

19.    The "fire hazard" allegation is a good example of why the charging document is fatal to prosecution and due process. Miner's land is five huge acres **the size of the entire court complex**. The City's own zoning code *17.36.040 Property development standards* states the following: "**<u>Protection of natural landscape features</u>** such as watercourses, hillsides, sensitive land area, <u>**existing vegetation**</u>, wildlife, unique topographical features, and views **shall be encouraged. Open spaces shall be integrated into the overall design of the project**". Firewood, fire pits, bar-b-ques, and fire places are all legal in Desert Hot Springs.

**Dissection: Fire Hazard**

20.    What exactly is the Officer stating is a fire hazard? Four photos (exhibit 1) show areas of land more than 1 acre (43,560 sf). The firewood is never mentioned by name, described, or annotated. The firewood is over 100' from the nearest structure (location), and 300' from any building on another neighboring property (location). The firewood lies on non flammable sand (location). There is no connection of anything flammable between the home and the firewood (location). There is a gravel driveway between the firewood and the ranch home (location). Wood is not a "fire hazard" simply because its flammable. Otherwise everything becomes a "fire hazard" ~ every bale of hay, every stack of wood, every wooden deck, every picnic set.

21.    So, what exactly is the 'fire hazard' and why is it a fire hazard? Is the fire hazard the firewood? Or the old tamarisk trees on the left? Or the annual 4" of weed fuzz that grows every

year? Or the tamarisk trees in the background? Or the natural creosote bushes? There is no city

ordinance against firewood. Maybe it was not the firewood at all? Maybe it was all of the above.

**Where do the 1000's of homes in the City with fireplaces store their firewood?**

22.    The inconclusive, un-marked, un-numbered photographs indicate nothing in particular.

The citation is vague, ambiguous, unclear and offers no reasonable specificity as to what the

offense is so it can be corrected or defended in court. The entire citation appears to be designed

as a guessing game.

**General and Special Demurrer to the First Charge**

The 'alleged' first charge on citation 27948D is a public nuisance as follows:

| Violation #1 | Description | Corrective action | Fine |
|---|---|---|---|
| 4.16.010.A.5 | Fire Hazard | Remove and properly dispose of all dry or dead plant matter, combustible refuse and waste or any other matter which by reason of its size, manner of growth and location, constitutes a fire hazard | $100 |

**4.16.010.A.5** - <u>States verbatim</u>: It is unlawful and it shall be a public nuisance for any person owning, leasing, occupying or having charge or possession of any premises or property in the City to maintain such premises or property in such a manner that has resulted in the accumulation of dry or dead plant matter, combustible <u>refuse</u> and <u>waste</u> or any other matter which by reason of its size, manner of growth **and location**, constitutes a fire hazard <u>to any building</u>, <u>improvement</u>, <u>crop</u> or <u>other property</u>. (The location is the key)

**4.16.010.A.5** - <u>Does not state</u>: ... dry or dead plant matter, combustible refuse and waste or any other matter which by reason of its size, manner of growth and location, constitutes a fire hazard. **The citation grossly mis-states the facts (if any), law, ordinance.**

23.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code

of Procedure, and the Desert Hot Springs Municipal Code the first charge § 4.16.01 0.A.5 (fire

hazard) on the City citation fails to state facts sufficient to constitute a charge against Miner.

24.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code

of Procedure, and the Desert Hot Springs Municipal Code the first charge § 4.16.01 0.A.5 (fire

hazard) on the City citation fails to state the necessary elements of this charge against Miner.

25.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code

of Procedure, and the Desert Hot Springs Municipal Code the first charge § 4.16.01 0.A.5 (fire

hazard) on the City citation fails to state the necessary elements against Miner where no wrongful

conduct is alleged.

26.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the first charge § 4.16.01 0.A.5 (fire hazard) on the City citation fails to state the necessary elements against Miner where no wrongful conduct by Miner personally is alleged.

**General and Special Demurrer to the Second Charge**

| Violation #2 | Description | Corrective action | Fine |
|---|---|---|---|
| 4.16.010.A.19.e | Visual blight Junk / refuse garbage  visible | Remove and properly dispose of the large accumulation of junk, trash, and miscellaneous household items from the premises. | $100 |

**4.16.010.A.19.e** - States verbatim: The presence of excessive junk, refuse and garbage which is visible[7] from a public street or sidewalk or from an adjoining property. (Everything must be excessive)

**4.16.010.A.19.e** - Does not state: does not state the items must be removed (only must not be visible from public street), does not state trash, does not state miscellaneous household items; does not define the word "excessive" in the entire municipal code. Excessive is subjective. **The citation grossly mis-states the facts (if any), law, ordinance.**

27.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the second charge § 4.16.010.A.19.e (visual blight) on the City citation fails to state facts sufficient to constitute a charge against Miner.

28.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the second charge § 4.16.010.A.19.e (visual blight) on the City citation fails to state the necessary elements of this charge against Miner.

29.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the second charge § 4.16.010.A.19.e (visual blight) on the City citation fails to state the necessary elements against Miner where no wrongful conduct is alleged.

30.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the second charge § 4.16.010.A.19.e

---

[7] Visible from public street in this context means: with 'naked eye' ~ not using a telescope.

(visual blight) on the City citation fails to state the necessary elements against Miner where no wrongful conduct by Miner personally is alleged.

**General and Special Demurrer to the Third Charge**

| Violation #3 | Description | Corrective action | Fine |
|---|---|---|---|
| 4.16.010.A.1.a | Abandoned equipment, machinery, or house items | Remove all construction materials, auto parts, equipment and household items equipment, from exterior premises and do not store outside. | $100 |

**4.16.010.A.1.a** - States verbatim: Abandoned, damaged or broken equipment, machinery or household items. (Everything must be abandoned, damaged or broken)

**4.16.010.A.1.a** - Does not state: Words "do not store outside" nor does it include: "construction materials" "auto parts," or "equipment." the ordinance refers only to abandoned, damaged or broken equipment, machinery or household items that fit within the statute. **The citation grossly mis-states the facts (if any), law, ordinance.**

31.   Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the third charge § 4.16.010.A.1.a (abandoned equipment) on the City citation fails to state facts sufficient to constitute a charge against Miner.

32.   Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the third charge § 4.16.010.A.1.a (abandoned equipment) on the City citation fails to state the necessary elements of this charge against Miner.

33.   Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the third charge § 4.16.010.A.1.a (abandoned equipment) on the City citation fails to state the necessary elements against Miner where no wrongful conduct is alleged.

34.   Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the third charge § 4.16.010.A.1.a (abandoned equipment) on the City citation fails to state the necessary elements against Miner where no wrongful conduct by Miner personally is alleged.

**General and Special Demurrer to the Fourth Charge**

| Violation #4 | Description | Corrective action | Fine |
|---|---|---|---|
| 4.16.010.A.17 | Illegal, non conforming building or structure | Obtain a fencing permit for all wood fencing on the property. Or remove all wood fencing on the property. | $100 |

**4.16.010.A.17** - States verbatim: It is unlawful and it shall be declared a public nuisance for any person owning, leasing, occupying or having charge or possession of any premises or property in the City to maintain upon any such premises or property any building or structure, or any part thereof, which has been constructed or is maintained in violation of any applicable state or local law or regulation relating to the condition, use or maintenance of such building or structure. (Has nothing to do with obtaining a permit - has to do with condition and maintenance)

**4.16.010.A.17** - Does not state: Obtain a fencing permit for all wood fencing on the property. Or remove all wood fencing on the property. **The citation grossly mis-states the facts (if any), law, ordinance.**

35.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fourth charge § 4.16.010.A.17 (illegal structure) on the City citation fails to state facts sufficient to constitute a charge against Miner.

36.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fourth charge § 4.16.010.A.17 (illegal structure) on the City citation fails to state the necessary elements of this charge against Miner.

37.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fourth charge § 4.16.010.A.17 (illegal structure) on the City citation fails to state the necessary elements against Miner where no wrongful conduct is alleged.

38.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fourth charge § 4.16.010.A.17 (illegal structure) on the City citation fails to state the necessary elements against Miner where no wrongful conduct by Miner personally is alleged.

39.    DHSMC § 4.16.010.A.17 makes no statement about obtaining a building permit. Pursuant to the US Constitution, California State Constitution, common law, Civil Code of

Procedure, and the Desert Hot Springs Municipal Code, the fourth charge § 4.16.010.A.17 (illegal structure) on the City citation fails *per se* to state the necessary facts or elements.

**General and Special Demurrer to the Fifth Charge**

| Violation | Description | Corrective action | Fine |
|-----------|-------------|-------------------|------|
| 5.04.040.A | General business license required | Obtain a business license for your rental License -License property immediately. Contact Kathlyn Palmer the Finance Division. (Kpalmer@cityofdhs.org or (760)329-6411 Ext. 241) | $100 |

**5.04.040.A** - States verbatim: There are imposed, upon the businesses, trades, professions, callings and occupations specified in this chapter, license taxes in the amounts hereinafter prescribed. It is unlawful for any person to transact and carry on any business, trade, profession, calling or occupation in the City without first having procured a license from the City to so do or without complying with all applicable provisions of this chapter. (Miner was not in business)

**5.04.040.A** - Does not state: Does not state a for rent sign on a fence is considered a business license violation . **The citation grossly mis-states the facts (if any), law, ordinance.**

40.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fifth charge § 5.04.040.A (business license) on the City citation fails to state facts sufficient to constitute a charge against Miner.

41.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fifth charge § 5.04.040.A (business license) on the City citation fails to state the necessary elements of this charge against Miner.

42.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fifth charge § 5.04.040.A (business license) on the City citation fails to state the necessary elements against Miner where no wrongful conduct is alleged.

43.    Pursuant to the US Constitution, California State Constitution, common law, Civil Code of Procedure, and the Desert Hot Springs Municipal Code the fifth charge § 5.04.040.A (business license) on the City citation fails to state the necessary elements against Miner where no wrongful conduct by Miner personally is alleged.

_____

/s/ Joseph Miner (pro per) 12/28/2021

1

## TABLE OF CONTENTS

DEMURRER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Notice of Violation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Administrative Citation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Demurrer to the First Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Demurrer to the Second Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Demurrer to the Third Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Demurrer to the Fourth Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Demurrer to the Fifth Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

    I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

    II.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

    III.   EVENT AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

    IV.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

V.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

## TABLE OF AUTHORITIES

### DHSMC CODES

4.16.010.A.1.a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

4.16.010.A.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

4.16.010.A.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

4.16.010.A.19.e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

4.16.050 (PUBLIC NUISANCE - A-P contents of notice and order) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4.16.060 (PUBLIC NUISANCE - posting notice required) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

4.20.020 (F)(G)(NOTICE OF VIOLATION - A-K contents of notice - real property) . . . . . . . . . . . . . . . . . .   2, 3, 20

4.24.090 (D) (description) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 4, 20, 24

4.24.320 (responsible) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5.04.040.A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

### STATE

Beames v. City of Visalia, 43 Cal.App.5th 741 (Cal. Ct. App. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Byrd v. Municipal Court, 125 Cal.App.3d 1054 (Cal. Ct. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

California Native Plant Society v. County of El Dorado, 170 Cal.App.4th 1026 (Cal. Ct. App. 2009) . . . . . . . . .   26

In re Hess, 45 Cal.2d 171 (Cal. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

In re Jamil H., 158 Cal.App.3d 556 (Cal. Ct. App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

In re Rudolfo A., 110 Cal.App.3d 845 (Cal. Ct. App. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

In re Sheena K, 40 Cal.4th 875 (Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612 (Cal. Ct. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

Lamadrid v. Municipal Court, 118 Cal.App.3d 786 (Cal. Ct. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

Mohilef v. Janovici, 51 Cal.App.4th 267 (Cal. Ct. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Peer v. Municipal Court, 128 Cal.App.3d 733 (Cal. Ct. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

People v. Clenney, 165 Cal.App.2d 241 (Cal. Ct. App. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

People v. Jones, 51 Cal.3d 294 (Cal. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

People v. Seaton, 26 Cal.4th 598 (Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
People v. West, 3 Cal.3d 595 (Cal. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Rosenblit v. Superior Court, 231 Cal.App.3d 1434 (Cal. Ct. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 22
Sabey v. City of Pomona, 215 Cal.App.4th 489 (Cal. Ct. App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Sallas v. Municipal Court, 86 Cal.App.3d 737 (Cal. Ct. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Shahbazian v. City of Rancho Palos Verdes, 17 Cal.App.5th 823 (Cal. Ct. App. 2017) . . . . . . . . . . . . . . . . . 26
Traverso v. People ex rel. Dep't of Transportation, 6 Cal.4th 1152 (Cal. 1993). . . . . . . . . . . . . . . . . . . . . . . . . 4
Ulloa v. Municipal Court, 126 Cal.App.3d 1073 (Cal. Ct. App. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Vollstedt v. City of Stockton, 220 Cal.App.3d 265 (Cal. Ct. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Young v. Municipal Court, 16 Cal.App.3d 766 (Cal. Ct. App. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**FEDERAL**
Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Choung v. People of State of California, 320 F. Supp. 625 (E.D. Cal. 1970). . . . . . . . . . . . . . . . . . . . . . . . . 21
Cole v. Arkansas, 333 U.S. 196 (1948). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Hammond et al. v. Mason, Etc., Organ Co., 92 U.S. 724 (1875) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Keck v. United States, 172 U.S. 434 (1899) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Lankford v. Idaho, 500 U.S. 110 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Mathews v. Eldridge, 424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Mathews v. Eldridge, 424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Russell v. United States, 369 U.S. 749 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
See v. City of Seattle, 387 U.S. 541 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Sessions v. Dimaya, 138 S. Ct. 1204 (2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
State v. Chesney, 166 Conn. 630 (Conn. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
U.S. v. Bird, 359 F.3d 1185 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
U.S. v. Kurka, 818 F.2d 1427 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
United States v. Des Moines Navigation & Railway Co., 142 U.S. 510 (1892) . . . . . . . . . . . . . . . . . . . . . . . . 20
United States v. Lane, 765 F.2d 1376 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**FOREIGN**
Auburn v. Brooke, 119 Wn. 2d 623 (Wash. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22
City of Kansas City v. Carlock, 733 P.2d 1273 (Kan. Ct. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 23
State v. Leach, 113 Wn. 2d 679 (Wash. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22
Strickland v. State, A18A1924 (Ga. Ct. App. Feb. 28, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 21

18A1924 (Ga. Ct. A

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3
4
5

44.    Joseph Miner demurrers to the instant citation. The 'charging document' citation clearly does not fall within the standards of due process allowing Miner to be charged with an offense or defend himself.

6
7

45.    The defendants exhibits, AHO brief on parcel 657-220-005 and 657-220-007 tell the factual story in depth with photographs and exhibits, a brief summary is also included herein.

8
9
10

46.    The entire administrative process on the City website is vague and mysterious. Miner found no method to demurrer to the deficient 657-220-005 administrative citation. The hearing officer contact information was secretive and a mystery.

11
12
13
14
15
16

47.    The Administrative hearing 10/14/21 was not to take place because Miner was not served by code. The City prosecutor, who was notified by several methods in advance, failed to advise the hearing officer that Miner would not be at the hearing! In reality the hearing was a default; a default caused by the City not serving Miner pursuant to law and code. These documents and declarations are exhibits in the Writ that was filed along with this request for trial de novo. Miner now files this demurrer. He has not appeared. The charging citation is ambiguous, uncertain.

17
18
19
20
21

48.    This administrative process has been plagued with the *unclean hands* of this municipality. These overzealous frivolous citations, are a direct result of Miner refusing a second property search with no warrant. The unconstitutional treatment injuring Defendant Miner by City management, employees, and the City prosecutor are recorded and detailed.[8] The detailing of the gross *ultra vires* enforcement tactics are far more grand than the citation itself.

22

## II.    FACTUAL BACKGROUND

23
24
25
26

49.    Miner purchased the 5 acre ranch in 2003. Almost immediately thereafter two successive zoning moratoriums, one by the county, and successively the second because of City annexation, prevented commercial development of the property. Miner had purchased the property to create a 5 acre RV parking facility adjacent to the 5 acre mini-storage neighbor to the

27

28

[8] Miner clearly included both briefs 005 and 007 in support of this appeal

west.

50.   Over the following 18 years of ownership Miner was forced to use the property as a ranch. Miner sometimes rented portions of the property. <u>No license was required in the County.</u>

51.   The ranch contains living quarters, a guest unit, out buildings, garages, a water well, and is perimeter fenced and gated. The main structure was erected in 1957, the <u>building</u> on developed on parcel 007 was constructed 1965. It is typical ranch style property with several buildings constructed over the 5 acres, 4 parcels all used as one single property with no interior boundaries.

52.   Miner is a multi-decade real estate professional and expert witness. He is a real estate broker, and certified general appraiser, investor, landlord. Miner owns several other properties. Because Miner was not using the ranch in 2019, he decided to rent it.

53.   The ranch is located on what is now busy Dillon Road, a 55 mph west-east arterial a few miles north of the west-east I-10 freeway. The area is not residential and has become more industrial over time. Miner's immediate neighbors are: **1)** a 5 acre fenced and abandoned decrepit RV monthly camping facility (east), **2)** a 2.5 acre dead pet cemetery (north), **3)** a 2.5 acre tow truck company / junk yard (north), **4)** a five acre mini-storage facility and U-haul rental yard (west), **5)** a 5 acre cactus nursery with 10 new green houses and two old broken down decrepit ramshackle houses (further west). About 1-2 miles further west are the scattering of new and enormous indoor commercial marijuana farms constructed on formally worthless land. Three thousand five hundred acres of raw desert with chest high sagebrush immediately abut Miner's 5 acre ranch to the south.

54.   Late 2019 Miner rented the north 2+ acres of the ranch facing Dillon Road to entrepreneurs who wanted to start a nursery. The property was a perfect fit. An established nursery is a neighbor to the west. The group rented the property. COVID began and for a year significantly changed most people's lives. The rent was paid timely. Miner had no land-lording problems with the quiet tenants, and as a result paid little attention and focused on his more pressing issues.

55.   In about 2016 Desert Hot Springs became the first California City to legalize commercial marijuana farms. Zoning was created west of Miner's ranch to grow marijuana commercially. Multiple facilities have been constructed to grow 1,000,000 sf or more of

marijuana. This City decision, plan, and policy has brought uncounted marijuana growers to town from far and wide ~ both lawful and unlawful. **The City bears responsibility for marijuana.**

56.   On 5/1/21 Miner was driving from Orange County down Dillon Road and discovered the property front gate swinging in the wind. The property looked odd. Miner entered to find open doors, a filthy home, a few greenhouses in the backyard and a lot of marijuana dust on the floor of the home and guest unit. The home was unorganized and beyond 'traditional' dirty ~ but it was not unlike most rentals Miner has taken back for 20 years as a landlord in the City of Desert Hot Springs. The property was silent, no people, no cars. By contract Miner had use / access to the entire ranch even while the front parcel was rented.

57.   A neighbor stated there was a raid on the property. On the ground in front of the home Miner discovered a *red-tag* notice. The notice contained a different Dillon Road address – for a property that was many blocks away - no list of code violations were displayed on the notice. Miner, in shock, locked up the property and began to investigate.

58.   Miner discovered the property was raided by the County Sheriff's department 4/28/21 for growing 'un-permitted / un-taxed' marijuana. Somehow the City of Desert Hot Springs Code Enforcement department was notified.

59.   Miner immediately wrote a letter to the DHS police department and waited. When he was not contacted, Miner then telephoned the police department. Miner was informed by the officer on duty that Miner had nothing more to do, they had no further interest in the property or the tenants. Miner received no notices or contact from any department of the City. Code enforcement is a division of the police department.

60.   Miner cleaned up the property, placed furniture on patio to paint and clean, made repairs, painted inside and out. Miner advertised and located a tenant for $6,000 per month. The property is a significant source of income that feeds Miner's family and pays the bills. A new tenant was secured and ready to rent.

61.   On 6/10/21, 40+ days after the raid, as a direct and proximate result of the raid, Miner received a call from Code Enforcement Officer Tiyler Messer ('Messer') about the property. The purpose of Officer Messer's call boiled down to re-gain access to the property for a <u>re-inspection</u>. **Paraphrased - Officer Messer stated he would <u>close the case</u> if Miner would simply allow a**

**'second' re-inspection of the property.** Officer Messer while at Miner's front gate mentioned no violations whatsoever. Messer simply stated he wanted make certain the marijuana growers were gone. Miner stated they were long gone, and they were. Miner stated he would take photos.

62.   On 6/30/21 Officer Messer again called Miner, a day early. Miner was in Nevada. Miner informed Messer he decided to stand on his constitutional rights. Miner told Messer he would not permit a 'second' search. The very next day 7/1/21 Officer Messer got out his ticket book and began slamming Miner with vague never-ending notices and citations. The timing and paltry topics are critical. <u>Previously, Messer had not mentioned any one of these violations</u>.

63.   Miner contends the citations are retribution under color of law and the issues are in reality: frivolous. The ranch property is literally on the fringe of open desert in an aging industrial area. Miner contends the citations are wilful '*abuse of discretion*.' intended to harm. *(Armendariz v. Penman, 75 F. 3d 1311 - Court of Appeals, 9th Circuit 1996)*

64.   As stated previously this ranch is 5 big acres, Miner is a 66 year old senior citizen. When this dispute began the daily desert temperature was <u>**110-120 degrees**</u> ~ <u>**in the shade**</u>. Officer Messer, about 27 years of age, showed a wilful disregard for Miner as a senior citizen expecting Miner to move or arrange vague un-described / un-identified minutia during the annual **desert hell of daily 120° summer heat**.

65.   It is important to note that for 18 years there were no public complaints ~ no code enforcement. No one cared. And for 40 days after the raid Miner did not receive a single letter, email, telephone call notice or citation from the City. Crickets.

66.   Two Citations are at play on two of the ranch's four parcels: 005, 007. Administrative hearings were scheduled. Miner was improperly noticed for citation (1) a hearing regarding APN 657-220-005 which is the subject of a separate Writ petition and appeal.

67.   Both citations are unconstitutionally vague on their face. <u>Officer Messer would not clarify anything about the citations</u>. Officer Messer wrote no textual description of Miner's 'alleged' offenses. Officer Messer was literally told not to talk to Joseph Miner by City prosecutor Tuan-Anh <u>Vu. Officer Messer, a witness, has no attorney client privilege with Tuan Vu the City prosecutor</u>. Mr. Vu represents the City, not officer Messer. When Miner moved or removed items in Officer Messer's original photos, Officer Messer just took a different photo.

68.    On information and belief, it appears, that Officer Messer has learned a "shell game" trick. When he fails to detail the description in writing on a notice or citation, that failure allows him take a different photo and make up whatever story suits his needs so that a citation and fine can be issued. Messer's frivolous citations are rooted in something other than public safety.

## III.    EVENT AND PROCEDURAL HISTORY

69.    On 4/28/21 Christine Newsom, code compliance manager, with Richard Min, building inspector, searched Miner's ranch <u>without first obtaining a warrant</u>. Christine Newsom created a code compliance complaint that day. Code Officer Tiyler Messer was assigned the open code enforcement case 6/10/21 that began with the unlawful search. Tiyer Messer without even being able to see or personally inspect <u>four separate land properties</u> opened four code enforcement complaints. *(See v. Seattle, 387 US 541 - Supreme Court 1967)*. Effectively selective enforcement.

70.    On August 18, 2021 Officer Messer issued citation 27948D. Miner timely administratively appealed the vague citation. Miner was not notified of a re-schedules hearing as required by code and law. Miner notified the City he would not be at hearing. The hearing was held 10/14/21 without Miner present. On 10/21/21 hearing officer Elio Palacios concluded and rendered his decision. Miner was alerted to the gross procedural errors and attempted to file a writ and for appeal trial de novo. Miner had stated in his filed 270 page brief the citation did not meet constitutional 'fair notice' or DHSMC ordinance requirements.

## IV.    LEGAL ARGUMENT

61.    An infraction is simply a crime with a financial penalty. However three infractions within one year amount to a misdemeanor, a more severe offense. Miner has been cited three separate times by the City, with an identical format, while he was appealing the first vague and uncertain citation; this one.

> §36900 (a) Violation of a city ordinance is a misdemeanor unless by ordinance it is made an infraction. The violation of a city ordinance may be prosecuted by city authorities in the name of the people of the State of California, or redressed by civil action.

72.    A defendant has the right to notice of the charges against him. The right to notice is grounded in the Constitution. "[T]he accused shall enjoy the right ... to be informed of the nature

and cause of the accusation". (U.S. Const., Amend VI.) The California Constitution has no parallel provision. It provides "Persons may not . . . be deprived of life, liberty, or property without due process of law." (Cal. Const. Art. 1, §15.) However, the requirement of the Sixth Amendment is binding on the states under the Fourteenth Amendment's due process guarantee. "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *(Cole v. Arkansas (1948) 333 U.S. 196, 201.)* "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *(Lankford v. Idaho (1991) 500 U.S. 110, 126 [111 S.Ct.1723, 1732, 114 L.Ed.2d 173].)*

73.    The holding and analysis in *Beames* [9] makes clear City ordinance citations and Administrative hearing issues are subject to constitutional protection. In *Beames* the court found 14th Amendment due process violations; after appeal was awarded attorney fees: section 1988.

74.    Miner alleges the instant citation screams of multiple constitutional violations: 1) each one of the five allegations on the charging document lacks elements, facts, and is uncertain, 2) Miner was not properly served for the administrative hearing, 3) when Miner confronted the Administrative Hearing officer advising him the hearing was held in violation of Miner's due process rights, the hearing officer did nothing, and 4) the City prosecutor is in direct violation of the *Sabey* decision in violation of Miner's due process rights.

75.    The Sixth Amendment to the United States Constitution and require that a charging document allege all essential elements of a crime, statutory and non-statutory, to inform the defendant of the charges against him and to allow him to prepare his defense.

A read of the purported 5 citation charges leave a person uncertain and guessing.

1.    The citation fails to state or allege that Defendant Joseph Miner was '*the person responsible for committing the violation*' as required by *DHSMC 4.24.320 Admissibility of evidence at appeals hearing*;

2.    The citation fails to list even one cognizable identifiable description of an identifiable

___

[9] *Beames v. City of Visalia, 43 Cal. App. 5th 741 - Cal: Court of Appeal, 5th Appellate Dist. 2019*

violation attributed to Miner for each alleged offense;

3. The citation fails to specifically identify any object, or any item listed in the alleged ordinance offenses with any specificity whatsoever;

4. The citation fails to state the property was in the <u>identical condition</u> on the day the citation was issued, as the day the photos were taken (photo date and charging date are different);

5. There is no description for each photograph or any photograph;

6. There are no annotation on the photographs assisting the offender in determining what ordinance they may have violated;

7. The citation fails to define how many of "X" would be considered 'excessive' on a 200,000 square foot ranch;

8. The citation fails to describe or identify the subjective term *visual blight* and what on the property qualifies for visual blight, and why;

9. The 'corrective action' is so non-specific, so overly-broad, and perhaps so burdensome Defendant Miner could not reasonably be expected to comply on a 200,000 sf property;

10. The purported 'description' as required by is nothing more than the 'name' of the ordinance. It offers no description whatsoever of each 'alleged' violation ~ which would allow Defendant to comply with - or specifically refute as being unreasonable;\

11. The five attached photographs <u>without any identification, relation to an offense, textual annotation, or interpretation</u> leave analysis to the subjective interpretation of each alleged offender ~ which will never be identical to the code enforcement officer;

12. The citation fails to identify which photograph corresponds to which allegation or multiple allegations;

13. The citation **fails to identify or describe even one single item** on Miner's land that the code enforcement officer contends is not allowed ~ whether it be junk, trash, excessive, or abandoned, on a 200,000 square foot ranch / nursery property (this permits officer to play a shell game as will be discussed later);

14. The notice of violation fails to meet the requirements of *DHSMC 4.20.020 (F)(G) Contents of notice of violation—Related to real property and list of corrections* (exhibit 1, 2)

15. The citation fails to meet the requirements of *DHSMC 4.24.090* (D)(F) *Contents of administrative citation.*(exhibit 3)  – <u>it is the charging document.</u>

76. The common-law demurrer to the pleadings, the only common law procedural rule that would allow a judge to determine pretrial that a case should be withheld from the jury. Under the demurrer to the pleadings, the movant was required to admit the truth of the factual allegations as well as all reasonable inferences therefrom and submit to the judge the purely legal question of whether a cause of action existed. Citation to be attacked before trial. *(See People v. Gompper, 160 Cal.App.3d Supp. 1 (Cal. Super. 1984))*

77.   Under the common law demurrer to the pleadings the demurring party "admits the truth of those facts (for the purpose of the demurrer), and all reasonable inferences to be drawn therefrom."*United States v. Des Moines Nav. & R. Co., 142 US 510 - Supreme Court 1892.* The non-movant's "allegations must be taken as true; and all that can be reasonably inferred from those allegations . . . must also be held to be true." *Hammond v. Mason & Hamlin Organ Co., 92 U.S. 724, 726 (1875).*

78.   This court can not ignore a long tradition of the non-statutory, common law demurrer as a vehicle for constitutional and other attacks on the sufficiency of an accusatory pleading. (In addition to *People v. Clenney (1958) 165 Cal. App.2d 241 [331 P.2d 696]; Choung v. People of State of California (E.D.Cal. 1970) 320 F. Supp. 625; Sallas v. Municipal Court (1978) 86 Cal. App.3d 737 [150 Cal. Rptr. 543]; In re Rudolfo A. (1980) 110 Cal. App.3d 845 [168 Cal. Rptr. 338]; Lamadrid v. Municipal Court (1981) 118 Cal. App.3d 786 [173 Cal. Rptr. 599]; Byrd v. Municipal Court (1981) 125 Cal. App.3d 1054 [178 Cal. Rptr. 480]; Ulloa v. Municipal Court (1981) 126 Cal. App.3d 1073 [179 Cal. Rptr. 332]; Peer v. Municipal Court (1982) 128 Cal. App.3d 733 [180 Cal. Rptr. 137]; In re Jamil H. (1984) 158 Cal. App.3d 556 [204 Cal. Rptr. 816].)*

79.   An erroneous overruling of a non-statutory demurrer by a trial court is possible, and can result in reversal of a judgment of conviction on appeal. *(People v. Clenney, supra, 165 Cal. App.2d 241.)*

"It is fundamental that "When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: `Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]" *(People v. West (1970) 3 Cal.3d 595, 612 [91 Cal. Rptr. 385, 477 P.2d 409].)"*

This reasoning rests upon a constitutional basis: "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." *(In re Hess, supra, 45 Cal.2d at p. 175.) (People v. West, 477 P. 2d 409 - Cal: Supreme Court 1970)*

80.   In this foreign but instructive case: *Strickland v. State 824 S.E.2d 555 Decided Jan 25, 2019* a simple traffic ticket was dismissed by the Court of Appeals for failing to state a charge.

"... On the other hand, because a **general demurrer attacks the legality of an indictment**, it is

permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. A motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime. Likewise, an oral objection or motion to quash based upon the same grounds as a general demurrer can be asserted anytime during the trial."

*"... In conclusion, we find that **the citation at issue is substantively defective because it simply alleges that Strickland violated a certain statute**, <u>which is insufficient to survive a motion to quash.</u>"*

81.   In *Rosenblit v. Superior Court, 231 Cal. App. 3d 1434 (administrative),* Dr. Rosenblit was not afforded a fair hearing, and the case remanded by to an administrative hearing officer.

82.   In foreign but instructive case : *State v. Leach, 782 P. 2d 552 - Wash: Supreme Court 1989* ~ here the The Supreme Court of Washington, <u>En Banc</u> agreed that the charge against Mr. Leach was constitutionally deficient because it did not adequately describe the statutory elements of the offense. The question for the court was: Whether a charging document, involving a misdemeanor offense filed in a court of limited jurisdiction, must state all the statutory elements of the crime in order to satisfy the due process notice requirements of *Const. art. 1, § 3, and § 22 (amend. 10) and the fifth, sixth and fourteenth amendments to the United States Constitution* ~ the <u>Supreme Court en banc</u> affirmed the Court of Appeals and uphold dismissal by the Superior Court.

83.   In this foreign but instructive case: *City of Auburn v. Brooke, 836 P. 2d 212 - Wash:* Supreme Court the question for the court was: "Does a misdemeanor or gross misdemeanor citation used as the final charging document in a criminal prosecution satisfy the "essential elements" rule if it states only a numerical code section and the name of a criminal offense? The ruling was: *"*CONCLUSION. **THE ESSENTIAL ELEMENTS RULE APPLIES TO ALL CHARGING DOCUMENTS, INCLUDING CITATIONS USED AS FINAL CHARGING DOCUMENTS;** *the recitation of no more than a numerical code section and the title of an offense does not satisfy that rule unless such abbreviated form contains all essential elements of the crime(s) charged. "An accused must be informed of the criminal charge he or she is to meet at trial and cannot be tried for an offense which has not been charged. It has long been settled*

*law in this state that all essential statutory elements of a crime must be included in the charging document in order to afford notice to an accused of the nature and cause of an accusation against the accused. This rule of law is based on Const. art. 1, § 22 (amend. 10) and on the Sixth Amendment; it is generally referred to as the essential elements rule. Many of the cases in this court which have applied the essential elements rule were misdemeanor and gross misdemeanor prosecutions."*

84. In this recent Supreme Court case: *Sessions v. Dimaya, 138 S. Ct. 1204 - Supreme Court 2018* the supreme court struck down an unconstitutionally vague law, similar to Desert Hot Springs' ordinances that are so vague that you could be charged for changing your flat tire on your driveway, or a <u>single pop bottle</u> that a vagrant threw on your property. It is only the officer's *discretion* that limits the issuing of a citation. It is not black and white like a speeding citation.

85. Or *In re Sheena K., 153 P. 3d 282 - Cal: Supreme Court 2007* which makes crystal clear *"In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that **"abstract legal commands <u>must be applied</u> in a specific context,"** and that, although not admitting of "mathematical certainty," the language used must have "'**reasonable specificity.**'" (Id. at pp. 1116-1117, 60 Cal.Rptr.2d 277, 929 P.2d 596)"*

86. And in *US v. Bird, 359 F. 3d 1185 - Court of Appeals, 9th Circuit 2004 .. "It is well-settled that an indictment must state all of the elements of the charged offense.* See *United States v. Lane, 765 F.2d 1376, 1380 (9th Cir.1985)* **("[T]he indictment must allege the <u>elements of the offense</u> charged <u>and the facts</u> which inform the defendant of the specific offense with which he is charged."** (citing *Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)*))... *<u>"We have held that the failure to allege an element of a charged offense is a fundamental defect that renders the indictment constitutionally defective</u>. See United States v. Chesney, 10 F.3d 641, 643 (9th Cir.1993) ( "An indictment's failure to state an element of the charged offense is a fundamental defect that <u>may be challenged at any stage of a criminal proceeding.</u>");  United States v. Kurka, 818 F.2d 1427, 1430-31 (9th Cir.1987).*"

87. In *City of Kansas City v. Carlock, 733 P. 2d 1273 - Kan: Court of Appeals 1987* a case very similar to the instant case stated the following: "The complaint issued alleged no facts and omitted all elements of the crime. Since the complaint charging Carlock was fatally defective, his

conviction is void for lack of subject matter jurisdiction and no amount of ratification or acknowledgment can breathe any legal life into a void act or nullity."

88.  In *Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612 - Cal: Court of Appeal, 2nd Appellate Dist., 4th Div. 1993* a demurrer was properly sustained as to this cause of action because the second amended complaint identifies no particular section of the statutory scheme which was violated and **fails to describe with any reasonable particularity the facts supporting violation.**

89.  Finally in *Keck v. United States, 172 US 434 - Supreme Court 1899* one hundred twenty years ago stated: *"The allegations of the count were obviously too general, and did not sufficiently inform the defendant of the nature of the accusation against him.*

## V    CONCLUSION

90.  Recently Cities have began overly using code enforcement as a tool to supplement the City's income. The vague allegations and insidiously gross fines over frivolous issues are well documented by non profit legal foundations such as *Institute for Justice* (https://ij.org/). Miner's property sat in silence with not a single complaint for 18 long years. In that time code officers have driven by the ranch daily ~ the road is a main arterial into and around the city.

91.  For a code officer to be textually lazy and simply state "all" of every item on an over-broad ordinance is not fair notice or reasonable to a property owner. The citation is vague and fails to give 'fair warning.' There are items that home owners and ranch owners are entitled to have on their property. Fair warning - both criminal or civil. (*See Young v. Municipal Court*).

92.  Let's start with grandma's rocker on the front porch. What if she liked setting on a couch, not a rocker. DHSMC 4.16.010A.1.a ~ *Abandoned, damaged or broken equipment, machinery or household items;* ~ does a home owner need to appeal, go through this entire process, because a code officer was lazy and not specific on the notice or citation? Is the item abandoned when grandma is not sitting on it? What if she does not sit on it for a week? It is abandoned then? What about grandma's bar-b-que that she only uses ever few weeks?

93.  What is a ranch owner entitled to have on a 200,000 sf ranch vs. a home owner in a HOA subdivision on a 5,000 sf lot? What if the ranch did not have any of these constraints before annexation? Officer Messer's citation leaves Miner scratching his head. The charges need

to be definitive. The code specifically states: *"A description of the property's condition which violated the applicable codes."*

94.   There can be no doubt that Officer Messer has the time and the paper to detail a notice DHSMC 4.20.020 and citation DHSMC 4.24.90 listing the items with **reasonable specificity** that violate city ordinances. Whether they are appropriate on 5 acre a ranch, in an industrial type area, on the fringe of town are a separate issue. Miner must be noticed with **reasonable specificity** if he expected to comply. <u>Miner's property is now zoned commercial</u>, not residential.

95.   <u>Miner was never lawfully served with notice for the administrative hearing</u>. That is an additional reason to dismiss, and the City Prosecutors is in violation of the ***Sabey*** decision which violates Miner's due process rights is a third reason to quash the citation in the interest of justice.

96.   Miner should be issued a citation that offers a <u>reasonably specific text description</u> of the purported offense so Miner can prove he cured it, or he can defend it. The instant citation does not meet constitutional, reasonable or legal scrutiny.

97.   The citation[s] must be quashed. I do this not just for myself, but for all citizens of the City of Desert Hot Springs who are being issued these vague, ambiguous constitutionally violating citations allowing the "shell game." **This is a significant issue of *public importance*.**

98.   Whether looked at as a demurrer, motion to dismiss, or motion to strike Miner's claims are the same. The citation fails to state the facts, fails to state the elements, confuses and mis-states the law. The City fails to follow its own ordinances. The citation fails to state facts sufficient to constitute a charge against Miner. The citation should be quashed / dismissed.

99.   The charging document is fatally deficient and *Void ab initio*. **A city <u>must follow</u> its own ordinance[s]** *(Vollstedt v. City of Stockton)*, *(Shahbazian v. City of Rancho Palos Verdes)*, *(California Native Plant Society v. County of El Dorado, 170 Cal.App.4th 1026 (Cal. Ct. App. 2009)*.

Miner respectfully requests the following remedy:

    1) **the charging document (citation) be quashed: #27948D**
    2) the hearing officer decision be vacated, and
    3) **the <u>duplicate identical citations</u> also be quashed:#27958D; #27977D**
    4) the City shall immediately refund the pre-paid fine[s] Miner has tendered.
    5) if the City wishes to pursue any of the issues it should be required to start the process from the beginning. Mr. Vu must recuse himself per *Sabey, Howitt, Morongo.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

/s/ Joseph Miner (pro per) 12/28/2021

**Verification**

I have authored the foregoing demurrer and know its contents. The facts and matters stated in this document are true of my own knowledge except as to those matters which are stated on information and belief; and as to those matters I believe them to be true.

I declare under penalty of  perjury under the laws of the State of California that the foregoing document is true and correct to the best of my knowledge.

_____

/s/ Joseph Miner (pro per) 12/28/2021

**Certification of meet and confer**

Joseph Miner and City prosecutor Tuan-Anh Vu spoke by telephone on December 15, 2021 pursuant to Civil Procedure Section 430.41(a). Mr. Miner had advised Mr. Vu by email of the 15 deficiencies in the citation[s] (See pages 20-21). Mr. Vu did not wish to discuss any of the 15 items Mr. Miner had advised him of.

_____

/s/ Joseph Miner (pro per) 12/28/2021