MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, Suite 1500
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants
HON. JUDITH C. CLARK, Judge of the
Superior Court of California, County of
Riverside, and JASON GALKIN, Court
Executive Officer of the Superior Court of
California, County of Riverside

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MINER,<br><br>                    Plaintiff,<br><br>       v.<br><br>CITY OF DESERT HOT SPRINGS,<br>CALIFORNIA, et al,<br><br>                    Defendants. | Case No. 8:24-cv-02793-CAS-E<br>Judge: Hon. Christina A. Snyder<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION TO DISMISS FIRST<br>AMENDED COMPLAINT<br><br>Date:        June 2, 2025<br>Time:        10:00 a.m.<br>Courtroom:  8D, 8th Floor<br><br>Action Filed:  December 23, 2024 |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .......................................................................................... 8

II.     LEGAL STANDARD ................................................................................. 10

III.    ARGUMENT .............................................................................................. 12

        A.      THE BULK OF THE ACTION IS FORECLOSED BY THE
                *ROOKER-FELDMAN* ACTION .......................................................... 12

        B.      THE ELEVENTH AMENDMENT BARS THE MAJORITY
                OF PLAINTIFF'S CLAIMS AGAINST THE SUPERIOR
                COURT DEFENDANTS IN THEIR OFFICIAL CAPACITIES ...... 13

        C.      THE SUPERIOR COURT DEFENDANTS ARE NOT
                PROPER DEFENDANTS IN PLAINTIFF'S CLAIMS FOR
                PROSPECTIVE EQUITABLE RELIEF ........................................... 16

        D.      PLAINTIFF ALSO LACKS STANDING TO PURSUE HIS
                CLAIMS FOR PROSPECTIVE EQUITABLE RELIEF
                AGAINST THE SUPERIOR COURT DEFENDANTS ................... 19

        E.      THE SUPERIOR COURT DEFENDANTS ARE
                ABSOLUTELY IMMUNE FROM LIABILITY UNDER THE
                DOCTRINE OF JUDICIAL IMMUNITY ........................................ 21

IV.     CONCLUSION ........................................................................................... 23

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................... 11

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) .......................................................... 21, 22

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1988) ................................................................ 11

*Bates v. United Parcel Serv., Inc.*
511 F.3d 974 (9th Cir. 2007) ................................................................ 19

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ............................................................................. 11

*Bradley v. Fisher*
13 Wall. 335 (1872) .............................................................................. 21

*In re Castillo*
297 F.3d 940 (9th Cir. 2002) ................................................................ 21

*Clapper v. Amnesty Int'l USA*
568 U.S. 398 (2013) ............................................................................. 19

*Cooper v. Ramos*
704 F.3d 772 (9th Cir. 2012) ................................................................ 12

*D'Souza v. Guerrero*
No. 24-2537, 2025 WL 636706 (9th Cir. Feb. 27, 2025) ........................... 15, 16

*Davidson v. Kimberly-Clark Corp.*
889 F.3d 956 (9th Cir. 2018) ................................................................ 19

*Doe & Assocs. L. Offs. v. Napolitano*
252 F.3d 1026 (9th Cir. 2001) .............................................................. 12

*Duvall v. Cnty. of Kitsap*
260 F.3d 1124 (9th Cir. 2001) .......................................................... 19, 21

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
  544 U.S. 280 (2005) ........................................................................ 12

*Feldman v. McKay*
  No. CV 15-04892 MMM, 2015 WL 7710145
  (C.D. Cal. Nov. 25, 2015) ........................................................ 18, 22

*Fontana Empire Ctr., LLC v. City of Fontana*
  307 F.3d 987 (9th Cir. 2002) ........................................................ 12

*Franceschi v. Schwartz*
  57 F.3d 828 (9th Cir. 1995) .......................................................... 13

*Grant v. Johnson*
  15 F.3d 146, 148 (9th Cir.1994) .................................................... 17

*Hooper v. Brnovich*
  56 F.4th 619 (9th Cir. 2022) ......................................................... 12

*Kleidman v. Buchanan*
  No. 23-cv-1251-WQH-JLB, 2025 WL 755945
  (S.D. Cal. Mar. 19, 2025) ................................................ 13, 16, 20

*Kougasian v. TMSL, Inc.*
  359 F.3d 1136 (9th Cir. 2004) ...................................................... 12

*Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*
  616 F.3d 963 (9th Cir. 2010) ........................................................ 14

*Long v. Cnty. of L.A.*
  442 F.3d 1178 (9th Cir. 2006) ...................................................... 14

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ...................................................................... 19

*Lund v. Cowan*
  5 F.4th 964 (9th Cir. 2021) ............................................. 13, 14, 16, 21

*Mack v. S. Bay Beer Distribs., Inc.*
  798 F.2d 1279 (9th Cir. 1986) ...................................................... 11

*Martin v. Jensen*
  No. CV 23-04642-VBF (DFM), 2023 WL 11195907
  (C.D. Cal. Nov. 17, 2023) ............................................................ 14

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

*Martinez v. Winner*
  771 F.2d 424 (10th Cir. 1985) ............................................................. 18, 22

*McKinney v. De Bord*
  507 F.2d 501 (9th Cir. 1974) ...................................................................... 11

*MGIC Indem. Corp. v. Weisman*
  803 F.2d 500 (9th Cir. 1986) ...................................................................... 11

*Mireles v. Waco*
  502 U.S. 9 (1991) ....................................................................................... 21

*Monell v. Dept. of Social Servs.*
  436 U.S. 658 (1978) ................................................................................... 14

*Moore v. Rosenblatt*
  No. 2:15-cv-08021-ODW (GJS), 2015 WL 9305613
  (C.D. Cal. Dec. 21, 2015) .......................................................................... 14

*Morrison v. Peterson*
  809 F.3d 1059 (9th Cir. 2015) .................................................................... 12

*Munoz v. Super. Ct. of L.A. Cnty.*
  91 F.4th 977 (9th Cir. 2024) .......................................................... 14, 15, 16

*Noel v. Hall*
  341 F.3d 1148 (9th Cir. 2003) .................................................................... 12

*O'Shea v. Littleton*
  414 U.S. 488 (1974) ................................................................................... 19

*Payne v. Marsteiner*
  No. CV 20-10066-JWH (KK), 2021 WL 765713
  (C.D. Cal. Feb. 23, 2021) ........................................................................... 22

*Pierson v. Ray*
  386 U.S. 547 (1967) ............................................................................ 21, 22

*Resnick v. Hayes*
  213 F.3d 443 (9th Cir. 2000) ...................................................................... 11

*Safe Air for Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004) .................................................................... 11

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*Simmons v. Sacramento Cnty. Super. Ct.*
  318 F.3d 1156 (9th Cir. 2003) ........................................................... 14

*Skinner v. Switzer*
  562 U.S. 521 (2011) ........................................................................... 12

*Stock W., Inc. v. Confederated Tribes*
  873 F.2d 1221 (9th Cir. 1989) ........................................................... 10

*Stump v. Sparkman*
  435 U.S. 349 (1978) ..................................................................... 21, 22

*In re the Justices of the Supreme Court of Puerto Rico*
  695 F.2d 17 (1st Cir.1982) ........................................................... 16, 17

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*
  368 F.3d 1053 (9th Cir. 2004) ........................................................... 23

*In re Thomas*
  508 F.3d 1225 (9th Cir. 2007) ........................................................... 21

*TransUnion LLC v. Ramirez*
  594 U.S. 413 (2021) ........................................................................... 19

*Weisbuch v. Cnty. of L.A.*
  119 F.3d 778 (9th Cir. 1997) ........................................................... 11

*Weldon v. Kapetan*
  No. 1:17-CV-01536-LJO-SKO, 2018 WL 2127060
  (E.D. Cal. May 9, 2018) ................................................................... 22

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000) ........................................................... 11

*Whole Woman's Health v. Jackson*
  595 U.S. 30 (2021) ........................................................................... 15

*Will v. Michigan Dept. of State Police*
  491 U.S. 58 (1989) ........................................................................... 14

*Wolfe v. Strankman*
  392 F.3d 358 (9th Cir. 2004) ................................................ 15, 17, 18

*Ex parte Young*
  209 U.S. 123 (1908) ............................................................. 14, 15, 16

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

**State Cases**

*Martin v. Riverside Cnty. Dept. of Code Enforcement*
    683 Cal.Rptr.3d 624 (Ct. App. 2008) ................................................................ 20

**Federal Statutes**

42 U.S.C. § 1983 .......................................................................................... *passim*

**State Statutes**

Cal. Gov. Code § 53069.4 ............................................................................ *passim*

**Rules**

Cal. R. Ct., Rule 10.603 ................................................................................... 19

Fed. R. Civ. P. 8 ............................................................................................... 11

Fed. R. Civ. P. 12 ...................................................................................... 8, 10, 11

Riverside County Superior Court Rules, Local Rule 10010 ................................. 9

**Constitutional Provisions**

Eleventh Amendment ................................................................................. *passim*

Fourteenth Amendment ...................................................................................... 9

U.S. Const. art. III ...................................................................................... 19, 20

**Other Authorities**

https://www.riverside.courts.ca.gov/system/files/2025-02/250115%20-
    %20Presiding%20Judge%20Election.pdf ......................................................... 18

*Joseph Miner v. Christina Newsom, et al.*
    Case No. 8:22-cv-01043-CAS ............................................................................ 8

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Defendants the Honorable Judith C. Clark, Judge of the Superior Court of California, County of Riverside, and Jason Galkin, Court Executive Officer of the Superior Court of California, County of Riverside (collectively, "Superior Court Defendants"), respectfully submit the following memorandum of points and authorities in support of their motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Joseph Miner ("Plaintiff") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.    **INTRODUCTION**

The instant matter is the second action filed by Plaintiff in this Court arising from a code enforcement proceeding concerning a ranch owned by Plaintiff in Desert Hot Springs, California ("*Miner II*"). (*See Joseph Miner v. Christina Newsom, et al.*, Case No. 8:22-cv-01043-CAS (MAAx) ("*Miner I*"). In *Miner I*, which was brought against the City of Desert Hot Springs ("City") and various City personnel, including Tuan Vu ("Vu"), this Court stayed the action in March 2023, under principles of *Younger* abstention and *Pullman* abstention, pending final resolution of Plaintiff's appeal of the City's final administrative decision in Riverside County Superior Court. (*Miner I*, Dkt. 62 at 11-15, 17.) Plaintiff was further directed to file with the Court any decision rendered in the state court proceedings. (*Id.* at 17.)

At the time the Court stayed the case in *Miner I*, the Honorable Arthur C. Hester, III, Commissioner of Riverside County Superior Court, had entered a judgment in favor of the City, and Plaintiff had appealed the judgment, as well as an order declaring him a vexatious litigant, to the Superior Court's Appellate Division. (*Id.* at 6.) In November 2023, the Appellate Division issued per curium opinions affirming both the judgment and the vexatious litigant order. (*Miner II*, Dkt. 12-7 at 2-14, 12-8 at 2-13.) Consequently, "[n]o state proceedings currently exist." (*Miner II*, Dkt. 6 ¶ 206.)

Rather than notify the Court of the state court decisions, Plaintiff filed this action in December 2024, again naming the City and Vu as defendants, and adding

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

the Superior Court Defendants as defendants in their "administrative, executive, and official capacities."[1] (*Miner II*, Dkt. 1, 6 ¶¶ 22-23.) The FAC asserts claims against the Superior Court Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiff's procedural due process and equal protection rights under the Fourteenth Amendment, as well as a claim for declaratory relief. (*Miner II*, Dkt. 6 ¶¶ 263-273, 274-291, 323-332.)

Plaintiff's second and third claims for relief allege that the Superior Court violated his due process and equal protection rights "by assigning a subordinate judicial officer, who lacked subject matter jurisdiction, to act as a judge with judicial power, thus mis-interpreting [sic] or mis-applying [sic] the law causing Plaintiff [] injury." (*Id.* ¶ 266; *see also id.* ¶¶ 269, 277, 280, 287.) Plaintiff further avers that he is "ask[ing] this Court for a declaratory judgment that the process under which … [the] Superior Court assigns a subordinate judicial officer to adjudicate limited civil trials, without notice or stipulation, violated Plaintiff's due process rights[,]" and "requests clarification of applicable law, declaratory relief and injunctive relief … enjoining Court defendants from assigning judicial roles[] which require[] the powers of a superior court judge to subordinate judicial powers." (*Id.* ¶¶ 272-73, 283, 285, 291; *see also id.* ¶¶ 333, 338-40, 346.)

Regarding the sixth claim for declaratory relief, Plaintiff challenges the constitutionality of certain provisions of California Government Code § 53069.4(b), which is the statute that allows a person to contest a code enforcement decision by filing a de novo appeal in the superior court. (*Id.* ¶¶ 327-331); *see also* Cal. Gov't Code § 53069.4(b)(1). Plaintiff asks the Court to "to clarify the law[]" regarding whether the "contestant" utilizing the de novo appeal procedure is a "defendant" or "plaintiff" in said proceeding, whether such a proceeding is governed by California's

---

[1]    While Judge Clark is identified as the Presiding Judge of Riverside County Superior Court, (*Miner II*, Dkt. 10 ¶ 22), her two-year term as the Presiding Judge expired on December 31, 2024. *See* Riverside County Superior Court Rules, rule 10010 (establishing two-year term for presiding judge).

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

rules for limited civil cases, and the extent of the matters that court commissioners may decide in such a proceeding. (*Id.* ¶¶ 326-331; *see also id.* ¶¶ 42, 56-58.) Plaintiff's declaratory relief claim requests "appropriate declaratory and injunctive relief against all the defendants," but also purports to seek $2 million resulting from Plaintiff having "suffered extreme hardship and damages." (*Id.* ¶ 332; *see also id.* ¶¶ 333-39.)

The action against the Superior Court Defendants should be dismissed on multiple grounds. First, except for any general constitutional challenge that is not tethered to Plaintiff's underlying state court proceeding, Plaintiff's action is prohibited by the *Rooker-Feldman* doctrine. Second, with the exception of Plaintiff's prospective declaratory relief claim regarding the constitutionality of California Government Code § 53069.4(b), Plaintiff's claims against the Superior Court Defendants in their official capacities are barred by the Eleventh Amendment, and the Superior Court Defendants are not "persons" within the meaning of Section 1983 in connection with such claims. Third, regarding Plaintiff's prospective equitable relief claims, the Superior Court Defendants are not proper defendants to defend the constitutionality of section 53069.4(b). Fourth, Plaintiff lacks standing to assert his claims for prospective equitable relief against the Superior Court Defendants. Finally, the Superior Court Defendants enjoy absolute immunity under the doctrine of judicial immunity. Accordingly, the Court should dismiss the FAC without leave to amend.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of jurisdiction over the subject matter. Because federal courts are courts of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the former, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A Rule 12(b)(6) motion for failure to state a claim may also challenge defenses disclosed on the face of the complaint or which are apparent from matters subject to judicial notice. *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Courts evaluate whether a complaint states a cognizable legal theory or sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Each allegation in a complaint also must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 nevertheless requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[2] *Iqbal*, 556 U.S. at 679.

---

[2]    Where a plaintiff is proceeding *pro se*, the pleading at issue must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, however, a court "need not give a plaintiff the benefit of every conceivable doubt[,]" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

III. **ARGUMENT**

A. **THE BULK OF THE ACTION IS FORECLOSED BY THE *ROOKER-FELDMAN* ACTION**

"Under the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* prohibits district courts from exercising subject matter jurisdiction over an action brought as a direct appeal, as well as a "'de facto equivalent' of such appeal." *Hooper*, 56 F.4th at 624 (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir. 2015)). A court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine when the federal court plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

"The federal plaintiff is also barred from litigating, in a suit that contains a forbidden de facto appeal, any issues that are 'inextricably intertwined' with issues in that de facto appeal." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004); *see also Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). *Rooker-Feldman* therefore precludes constitutional claims that are "'*inextricably intertwined* with the state court's [ruling].'" *Hooper*, 56 F.4th at 624 (quoting *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012)) (emphasis in original). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624-25 (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Here, in an apparent attempt to avoid the *Rooker-Feldman* doctrine, the Plaintiff alleges that the underlying judgment is "not at issue in this litigation." (Dkt. 6 ¶ 67.) Yet, in the very same paragraph, he "contends that all trial court rulings, orders, decisions and judgment are void." (*Id.*) Plaintiff goes on to ask that the Court declare that the assignment of a subordinate judicial official to his state court de novo appeal violated his due process and equal protection rights, (*Id.* ¶¶ 272, 283; *see also id.* ¶¶ 266, 269, 277, 280), and requests an award of $2 million for "extreme hardship and damages[]" arising from the underlying state court proceeding. (*Id.* ¶ 332; *see also id.* ¶¶ 333-39.)

Plaintiff therefore complains of legal wrongs purportedly committed in the state court case, and he seeks relief therefrom in the form of retrospective declaratory relief and monetary damages. Plaintiff's constitutional claims are also "inextricably intertwined" with decisions rendered in state court because such claims, if successful, would effectively undo the state court's rulings. Accordingly, with the exception of any general constitutional challenge that is detached from Plaintiff's underlying state court proceeding, Plaintiff's action against the Superior Court Defendants is foreclosed by the *Rooker-Feldman* doctrine. *See Kleidman v. Buchanan*, No. 23-cv-1251-WQH-JLB, 2025 WL 755945, at *13 (S.D. Cal. Mar. 19, 2025) (holding that "general constitutional challenges to California court 'system[s] and practice[s]' are not barred by *Rooker-Feldman* because they do not require the Court to review a judicial decision in a particular case).

## B.    THE ELEVENTH AMENDMENT BARS THE MAJORITY OF PLAINTIFF'S CLAIMS AGAINST THE SUPERIOR COURT DEFENDANTS IN THEIR OFFICIAL CAPACITIES

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *see also Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) (noting "'[t]he Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

retrospective relief[]'"). Not only are California courts deemed state agencies for purposes of the Eleventh Amendment, but the Eleventh Amendment also extends to claims against state court judges and employees in their official capacities, as they are considered arms of the state. *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *Lund*, 5 F.4th at 969-70; *Martin v. Jensen*, No. CV 23-04642-VBF (DFM), 2023 WL 11195907, at *6 (C.D. Cal. Nov. 17, 2023); *Moore v. Rosenblatt*, No. 2:15-cv-08021-ODW (GJS), 2015 WL 9305613, at *2 (C.D. Cal. Dec. 21, 2015).

Similarly, it is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... it is no different from a suit against the State itself."[3] *Id.* (internal citation omitted).

As recognized in *Ex parte Young*, 209 U.S. 123 (1908), however, "[a] narrow exception exists 'where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights.'" *Krainski*, 616 F.3d at 967-68 (internal citations and emphasis omitted); *see Ex parte Young*, 209 U.S. at 159-60 (holding the Eleventh Amendment does not prohibit suits against state officers sued in their official capacity "for prospective relief from an ongoing violation of federal law"). "But *Ex parte Young* applies only in narrow

---

[3]      In contrast to state agencies and officials, municipalities and other local government units are considered "persons" under Section 1983 and therefore may be sued for causing a constitutional deprivation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978); *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a cognizable claim against a municipality or other local government agency, the plaintiff must show that the entity's policy or custom was the moving force of the violation of constitutional rights. *Monell*, 436 U.S. at 694. "However, the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (citing *Will*, 491 U.S. at 71) (affirming dismissal of Section 1983 claims against state university and university employees).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

25508.00175\43578731.1

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

circumstances, such as when a defendant can be 'subjected in his person to the consequences of his individual conduct.'" *Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024).

Pertinent to this action, the Ninth Circuit has held that "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Id.* at 981 (overruling *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) insofar as *Wolfe* held "that the Eleventh Amendment did not bar claims for prospective and injunctive declaratory relief against [individual state-court justices] in their official capacities[]").

In *Munoz*, the plaintiff sued the Los Angeles Superior Court and a superior court judge for declaratory and injunctive relief arising from alleged constitutional violations concerning the setting of cash bail in a state court criminal proceeding. *Id.* at 979. Judge Fitzgerald dismissed the action based on Eleventh Amendment immunity, and the Ninth Circuit affirmed the judgment. *Id.* at 979-80. With regard to the claims against the superior court judge, the Ninth Circuit reasoned as follows:

> [The superior court judge] [] has Eleventh Amendment immunity as a state judge. The *Ex parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges." [Citation.] Judges "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." [Citation.] And any errors made by state-court judges can be remedied through "some form of appeal." [Citation.] *Id.* at 980 (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)); *see also D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *2 (9th Cir. Feb. 27, 2025) (rejecting application of *Ex parte Young* exception

*Id.* at 980 (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)); *see also D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *2 (9th Cir. Feb. 27, 2025) (rejecting application of *Ex parte Young* exception in action seeking injunction mandating specified family law training of judges because such relief would

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

"effectively require[e] state courts to adjudicate cases in specific ways[]").

In the instant action, Plaintiff has sued the Superior Court Defendants for damages, declaratory relief, and injunctive relief in their "official," "executive," and "administrative" capacities. (Dkt. 6 ¶¶ 22-23, 266, 269, 272-73, 277, 280, 283, 285, 291, 327-331, 332-340, 346.) Regarding the equitable relief claims, Plaintiff seeks both retrospective and prospective relief. The retrospective relief entails asking the Court to declare that the assignment of a subordinate judicial official to Plaintiff's de novo appeal in state court violated his due process and equal protection rights. (*Id.* ¶¶ 272, 283; *see also id.* ¶¶ 266, 269, 277, 280.) The prospective relief consists of asking the Court to declare certain features of California Government Code § 53069.4(b) unconstitutional, (*Id.* ¶¶ 327-331; *see also id.* ¶¶ 333-39), and requesting an injunction to enjoin the Superior Court Defendants from assigning subordinate judicial officials to such matters. (*Id.* ¶¶ 273, 285, 291, 340.)

Under Ninth Circuit case law, Eleventh Amendment immunity bars Plaintiff's claims for retrospective relief, as well as his injunctive relief claim. *Munoz*, 91 F.4th at 980; *Lund*, 5 F.4th at 969-70; *D'Souza*, 2025 WL 636706, at *2. Thus, with the exception of any general constitutional challenge of section 53069.4(b), Plaintiff's claims against the Superior Court Defendants in their official capacities are barred by the Eleventh Amendment. *See Kleidman*, 2025 WL 755945, at *9-10 (applying *Ex parte Young* exception to Eleventh Amendment immunity to claims for prospective relief against state court appellate justices asserting general constitutional challenges to California court rules and practices).

### C. THE SUPERIOR COURT DEFENDANTS ARE NOT PROPER DEFENDANTS IN PLAINTIFF'S CLAIMS FOR PROSPECTIVE EQUITABLE RELIEF

While the Eleventh Amendment may not bar Plaintiff's general constitutional challenge of section 53069.4(b), the Superior Court Defendants are not proper defendants in any such claim. As a general rule, judges are "not proper party defendants in § 1983 actions challenging the constitutionality of state statutes." *In re*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*the Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 22 (1st Cir.1982); *see also Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir.1994) (holding that "judges adjudicating cases pursuant to state statutes may not be sued under § 1983 in a suit challenging [a] state law[]"). The reason for such a rule is that "ordinarily, no 'case or controversy' exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute[,]" and that "[j]udges sit as arbiters without a personal or institutional stake on either side of the constitutional controversy." *In re Justices*, 695 F.2d at 21.

In *Wolfe*, the plaintiff brought a Section 1983 action challenging California's vexatious litigant statute against the Judicial Council of California ("JCC"), which is responsible for maintaining and disseminating the vexatious litigant list, the Chief Justice of California, and various appellate court and superior court judges. 392 F.3d at 360-61. With the exception of the Chief Justice, who could be characterized as an "administrator" of the vexatious litigant statute in his role as the Chair of the JCC, the Ninth Circuit held that the appellate court and superior court judges were improper defendants. *Id.* at 365-66. The Ninth Circuit explained that "'a court should not enjoin judges from applying statutes when complete relief can be afforded' by enjoining other parties, because 'it is ordinarily presumed that judges will comply with a declaration of a statute's unconstitutionality without further compulsion.'" *Id.* at 366 (quoting *In re Justices*, 695 F.2d at 23). The Ninth Circuit accordingly found "there is no relief-related basis for including" the appellate court and superior court judges. *Id.*

Here, Plaintiff seeks declaratory relief against the Superior Court Defendants regarding allegedly unconstitutional features of California Government Code § 53069.4(b) and asks this Court "to clarify the law." (Dkt. 6 ¶¶ 326-331.) Such features concern whether the "contestant" is a "defendant" or "plaintiff" in proceedings brought under the statute, whether such proceedings are governed by California's rules for limited civil cases, and the scope of the issues that court

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

1   commissioners may decide in such proceedings. (*Id*.) Plaintiff also asks the Court to
2   enjoin the Superior Court Defendants from assigning subordinate judicial officials to
3   de novo appeal cases filed under section 53069.4(b). (*Id.* ¶¶ 273, 285, 291, 340).

4   Similar to the appellate court and superior court judges sued in *Wolfe*, the
5   Superior Court Defendants do not "administer" section 53069.4(b); rather, they
6   merely apply the statute to cases brought thereunder. *See* Cal. Gov't Code
7   § 53069.4(b)(1) (providing that "[a] proceeding under this subdivision is a limited
8   civil case[]"); *id.* § 53069.4(b)(3) (stating that "[t]he conduct of the appeal under this
9   section is a subordinate judicial duty that may be performed by traffic trial
10  commissioners and other subordinate judicial officials at the direction of the
11  presiding judge of the court[]"). Thus, "there is no relief-related basis for including"
12  them in this action. *Wolfe*, 392 F.3d at 366. In the event the statute is declared
13  unconstitutional in a proper case, it is presumed that the Superior Court Defendants
14  will comply with such a declaration. *Id.* No relief lies against Judge Clark for the
15  additional reason that she is no longer the Presiding Judge of Riverside County
16  Superior Court.[4]

17  The functions performed by the Superior Court Defendants under section
18  53069.4(b) are also not administrative. It is evident from the FAC that Plaintiff's
19  principal grievance with the statute is that it grants subordinate judicial officials with
20  the power to hear and decide matters brought thereunder. The assignment of cases,
21  however, is a judicial function. *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir.
22  1985) ("Although it is an 'administrative' act, in the sense that it does not concern
23  the decision who shall win a case, the assignment of cases is still a judicial function
24  in the sense that it directly concerns the case-deciding process[] …."); *see also*
25  *Feldman v. McKay*, No. CV 15-04892 MMM (JEMx), 2015 WL 7710145, at *11
26  (C.D. Cal. Nov. 25, 2015) (holding that "the manner in which the cases were

27
28  [4]    *See* https://www.riverside.courts.ca.gov/system/files/2025-02/250115%20-
    %20Presiding%20Judge%20Election.pdf

assigned' are "deemed 'judicial'"); Cal. Rules of Ct., rule 10.603(b)(1)(B) (authorizing presiding judge to "[a]pportion the business of the court, including assigning and reassigning cases to departments[]").

The application of California's limited civil case rules to section 53069.4(b) matters, and the manner in which de novo appeal proceedings are conducted, are of course also "normal judicial function[s]." *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Plaintiff's prospective equitable relief claims therefore fail because the Superior Court Defendants are not proper defendants in such claims.

### D. PLAINTIFF ALSO LACKS STANDING TO PURSUE HIS CLAIMS FOR PROSPECTIVE EQUITABLE RELIEF AGAINST THE SUPERIOR COURT DEFENDANTS

To establish standing under Article III of the United States Constitution, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that [he] ha[s] standing." *Id.* at 430-31.

In order to obtain prospective equitable relief, the plaintiff must demonstrate that there is "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (internal quotations and citations omitted). "[A]llegations of possible future injury are not sufficient." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). A plaintiff also cannot establish an injury in fact simply by showing that he has suffered some harm in the past; rather, he must demonstrate a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

Here, as noted above, Plaintiff seeks prospective equitable relief consisting of a declaration that certain features of California Government Code § 53069.4(b) are unconstitutional, (Dkt. 6 ¶¶ 327-331; *see also id.* ¶¶ 333-39), and an injunction prohibiting the Superior Court Defendants from assigning subordinate judicial officials to de novo appeals of city code enforcement decisions brought under said statute. (*Id.* ¶¶ 273, 285, 291, 340.) Absent from the FAC, however, are allegations of any risk of future harm regarding section 53069.4(b) at all, let alone with regard to the Superior Court Defendants.

Plaintiff avers that "[n]o state proceedings currently exist." (*Id.* ¶ 206), and he does not allege the existence of any other proceeding filed pursuant to section 53069.4(b). Accordingly, "'his situation is indistinguishable from anyone else, without any palpable chance of being subjected to the [California courts' practices] in the future, who might desire to challenge the [practices].'" *Kleidman*, 2025 WL 755945, at *13 (citation omitted) (holding that "[p]laintiff thus lacks Article III standing to assert his general constitutional challenges to the California appellate courts' practice of issuing unpublished appellate decisions or of single-justice dismissals of untimely appeals[]").

Moreover, even if Plaintiff hypothetically wished to challenge a code violation ruling in the future, he is not required to utilize the de novo appeal procedure set forth in section 53069.4(b). California courts have confirmed that review is also available by writ petition. *Martin v. Riverside Cnty. Dept. of Code Enforcement*, 683 Cal.Rptr.3d 624, 629 (Ct. App. 2008). Indeed, "section 53069.4 provides for alternative procedures for challenging an administrative decision like a ruling on a code violation, either by a de novo appeal to the superior court to be heard by a judge or a subordinate judicial officer or by a petition for writ of mandate under Code of Civil Procedure sections 1094.5 and 1094.6." *Id.*

Because the FAC fails to allege facts sufficient to establish a real and immediate threat of a future violation of Plaintiff's constitutional rights, Plaintiff

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:24-CV-02793-CAS-E

lacks standing to obtain prospective equitable relief against the Superior Court Defendants.[5]

### E.    THE SUPERIOR COURT DEFENDANTS ARE ABSOLUTELY IMMUNE FROM LIABILITY UNDER THE DOCTRINE OF JUDICIAL IMMUNITY

"'It is well settled that judges are generally immune from suit for money damages.'" *Lund*, 5 F.4th at 970 (quoting *Duvall*, 260 F.3d at 1133 (9th Cir. 2001)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, [citation], or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (internal quotation marks and citation omitted).

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (superseded by statute on other grounds) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). Moreover, a judge's errors should be corrected on appeal, not by subsequent civil litigation because civil liability "would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).

/ / /

---

[5]    For the same reasons, Plaintiff's request that the Court "clarify the law[]" regarding various facets of section 53069.4(b) would also amount to nothing more than an improper advisory opinion. (*See* Dkt. ¶¶ 326-331.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

It is also well-established that judicial immunity applies to civil rights actions brought under 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *see also Stump*, 435 U.S. at 355-56; *Ashelman*, 793 F.2d at 1075. Section 1983 itself further provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The phrase "declaratory relief" refers to the ability of a litigant to "appeal[ ] the judge's order." *Payne v. Marsteiner*, No. CV 20-10066-JWH (KK), 2021 WL 765713, at *3 (C.D. Cal. Feb. 23, 2021) (quoting *Weldon v. Kapetan*, No. 1:17-CV-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018)), *findings and recommendation accepted*, 2021 WL 765714 (C.D. Cal. Feb. 25, 2021), *aff'd*, 2022 WL 256357 (9th Cir. 2022)).

Here, Plaintiff alleges that the Superior Court Defendants' assignment of a subordinate judicial official (i.e., Commissioner Hester) to his state court de novo appeal violated his due process and equal protection rights. (Dkt. 6 ¶¶ 266, 269, 272-73, 277, 280, 283, 285, 287, 291, 332.) As noted above, however, the assignment of a case is a judicial function. *Martinez*, 771 F.2d at 434; *see also Feldman*, 2015 WL 7710145, at *11. The Superior Court Defendants are therefore absolutely immune from liability under the doctrine of judicial immunity.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

**IV.  CONCLUSION**

For all of the foregoing reasons, the Court should grant the Superior Court Defendants' motion to dismiss the FAC. Because the defects in the FAC are fatal and cannot be cured by further amendment, the action should be dismissed without leave to amend. *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (denial of leave to amend proper where amendment would be futile).

Dated:        April 15, 2025              BEST BEST & KRIEGER LLP


By:/s/ Matthew L. Green
_____
MATTHEW L. GREEN
Attorneys for Defendants
HON. JUDITH C. CLARK, Judge of
the Superior Court of California,
County of Riverside, and JASON
GALKIN, Court Executive Officer
of the Superior Court of California,
County of Riverside

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101