Exhibit 1

**VERIFIED ANSWER OF COMMISSIONER ARTHUR C. HESTER**

I, Arthur Hester, do declare:

1. I am a Commissioner of the Superior Court of California, County of Riverside and have been assigned to preside over this case for all purposes. If called upon as a witness, I would competently testify to the matters stated herein.

2. I expressly deny the claims of Appellant that I am biased or prejudiced. I am not biased or prejudiced in favor of or against Appellant in this case. I am not biased or prejudiced in favor of or against any other party in this case. I know of no reason why I cannot be fair and impartial.

3. I expressly deny that rulings made in this, or any other case over which I have presided, have been made as a result of bias or prejudice for or against a party or their counsel.

4. It is my understanding that upon the filing of an Appeal of Administrative Fine or Penalty case the court's case management system automatically sets a hearing, which is 30 days after the filing date. Moreover, although I do not recall specific dates, I granted several continuances of the hearing date to both parties in this case.

5. All rulings made by me in this action and every action over which I have presided have been based entirely upon the facts and arguments officially presented to me and upon my understanding of the law. My statements and rulings are set forth in the records and in the files herein, which are the best evidence of those statements and rulings. To the extent the moving party's statements of those rulings are inconsistent therewith, they are denied.

6. All statements made by me and all actions taken by me in this proceeding, and every proceeding over which I have presided have been done in furtherance of what I believe were my judicial duties. Similarly, my decisions have been based entirely upon the facts and information provided to me in each case I preside over, and my experience in handling similar cases.

7. I do not believe that my recusal would serve the interests of justice.

8. I know of no facts or circumstances that would require my disqualification or recusal in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16th, 2022, at Palm Springs, California.

_____
Hon. Arthur C. Hester, Commissioner of the Superior Court

ORDER STRIKING JOSEPH MINER'S STATEMENT OF DISQUALIFICATION OF COMMISSIONER ARTHUR C. HESTER AND VERIFIED ANSWER - 10

Exhibit 2

that previously discussed in connection with Section 1 of Article VI, which continues to render inoperative the apparent authority stated in Article XI to create local courts in chartered cities and counties.[88]

The second paragraph in Section 19 restates a subject previously covered in former Section 24. The only significant deletion from the former constitutional provision concerns an affidavit procedure that is continued in statutory form in Government Code Section 68210.[89]

### Section 20. Retirement of Judges [90]

> The Legislature shall provide for retirement, with reasonable allowance, of judges of courts of record for age or disability.[91]

*Comment.* Section 20 deals with the retirement of judges and it serves two purposes. It authorizes the Legislature to establish standards for the retirement of judges for age or disability and it requires the Legislature to provide for such retirement with a reasonable allowance. This dual statement is similar to the statement of legislative power in former Section 22a of Article IV.[92] The language of the section, however, is based upon the last sentence in the fifth paragraph of former Section 26 of Article VI, and the Commission cites this provision as the source of Section 20.[93]

### Section 21. Temporary Judges [94]

> On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.[95]

*Comment.* Section 21 largely restates the substance of former Section 5 of Article VI. Like the former constitutional provision, it conditionally authorizes a cause to be tried by a person who is not a judge but who is a member of the State Bar, thus preserving the former procedure for meeting temporary increases in judicial workload through the use of temporary judges.

In addition to minor language variations and the deletion of excess verbiage, the section is now made applicable to all trial courts. This is a departure from the former constitutional provision, which excluded the trial of causes in justice courts for no apparent reason. One matter deleted entirely is the former constitutional language making the selection of a temporary judge subject to the "regulations and orders" of the Judicial Council. The omission of this specific language results in no significant change, however, since the Judicial Council's general rulemaking authority is continued in Section 6 of Article VI and a separate statement in this section is unnecessary.

---

[88] See this report, *supra* at 67–68.
[89] Added by Cal. Stats. 1966 (1st Ex. Sess.), Ch. 161.
[90] See note 50, *supra,* regarding this section number.
[91] See the Commission's *Proposed Revision,* pp. 98, 184–185, and 187–188.
[92] See Pickens v. Johnson (1954) 42 Cal.2d 399. Section 22a of Article IV is not continued in the revised Constitution. See the Commission's *Proposed Revision,* p. 53.
[93] See the Commission's *Proposed Revision,* p. 98; Proposed Amendments to the Constitution, 1934 General Election, Argument in Favor of Initiative Proposition No. 3, p. 8: "... it is proposed to make these offices selective, and the tenure of judges subject to the will of the people, *or to retirement or removal by law.*" (Emphasis added.)
[94] See note 50, *supra,* regarding this section number.
[95] See the Commission's *Proposed Revision,* pp. 98 and 182–183.

In its consideration of this section, the Legislature made one change in the language of the section proposed by the Commission. The Legislature restored the terminology "parties litigant" as it appeared in the former constitutional provision instead of the unmodified term "parties" in referring to the persons from whom a stipulation is required. This preserves intact the preexisting law.

### Section 22. Appointment of Court Officers [96]

The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties.[97]

*Comment.* Section 22 deals with the authority of trial courts of record to appoint court officers. It preserves the existing procedure for meeting the increasing judicial workload through the use of court assistants such as commissioners, referees, and masters. One departure from the former constitutional provision concerns the scope of the section. The reference in former Section 14 to appointment of such officers by "superior courts" is replaced by the broader statement in Section 22 including all "trial courts of record." This enlargement to include municipal courts as well as superior courts represents a constitutional recognition of statutes previously enacted pursuant to the Legislature's general authority to provide for the organization and staffing of municipal courts.[98] Similarly, the former reference to commissioners is broadened in Section 22, which uses the word "commissioners" simply by way of example in order to give constitutional recognition to the fact that other court officers, such as referees and masters, may be similarly appointed.

The detailed specification of duties to be performed by these judicial appointees that appeared in the former constitutional provision is replaced by the more general statement in Section 22 concerning the subordinate nature of the judicial duties to be performed. Such a specification of duties, being inappropriate for constitutional statement, will be found hereafter in statutes and rules.[99]

---

[96] See note 50, *supra*, regarding this section number.
[97] See the Commission's *Proposed Revision,* pp. 82, 99, and 185–186.
[98] See Gov. Code §§ 72190 and 72192. Section 5 of Article VI substantially restates the provisions of former Section 11 in this regard.
[99] See, *e.g.,* Code Civ. Proc. §§ 259 and 259a.

## C. APPENDIX

### OPINION OF LEGISLATIVE COUNSEL [100]

State of California, Office of Legislative Counsel
Sacramento, February 17, 1966

*Hon. Donald L. Grunsky*
*Senate Chamber*

**Constitutional Revision—Special Laws Relating to Courts—No. 2549**

Dear Senator Grunsky:

*Question*

You have pointed out that the revision of the California Constitution proposed by the Constitutional Revision Commission would delete the provision specifically authorizing the Legislature to prescribe the number of superior court judges on a county-by-county basis and the provision authorizing the Legislature to provide for the number of judges of the municipal courts by special law.

You ask whether or not the existing statutes on these subjects would be sustainable under the proposed new constitutional provisions.

*Opinion and Analysis*

The existing California Constitution generally prohibits the enactment of special laws where a general law can be made applicable (Art. IV, Sec. 25, cl. 33). However, it is otherwise provided in the California Constitution that the Legislature may provide for the number of judges of municipal courts by either general or special law (Art. VI, Sec. 11). There are numerous statutes fixing the number of municipal court judges, as well as other court personnel, for individual districts (Gov.C. Secs. 72600–74933). The Constitution is perhaps not as explicit in authorizing the fixing of the number of superior court judges by special legislation, but Section 9 of Article VI provides that "The Legislature of the State may at any time, two-thirds of the members of the Senate and two-thirds of the members of the Assembly voting therefor, increase or diminish the number of judges of the superior court in any county, or city and county, in the State." Referring to this provision, the California Supreme Court has said (*Pickens* v. *Johnson* (1954), 42 Cal. 2d 399, at p. 406):

> "The Constitution does not limit the number of superior court judges in any county. The Legislature has full control of the number (two-thirds in both houses voting in favor thereof, § 9, art. VI) . . . ."

Apparently, then, the Legislature is free to legislate the number of judges of superior courts by special law. It has, in fact, determined the number of judges of superior courts on a county-by-county basis (Gov. C. Secs. 69580–69614).

The current draft of the revision of the California Constitution by the Constitutional Revision Commission retains a general prohibition against local or special laws in cases in which a general law can be made applicable (Art. IV, Sec. 16 of proposed revision). The revision

---

[100] Printed in the Senate Journal for July 7, 1966 (First Extraordinary Session), pp. 1044–1046.