1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

| | |
|---|---|
| JOSEPH MINER, | No. SA CV 24-2793-CAS(E) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION OF |
| | UNITED STATES MAGISTRATE JUDGE |
| CITY OF DESERT HOT SPRINGS, CALIFORNIA, ET AL., | |
| Defendants. | |

12
13
14
15
16
17
18

    This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

19
20
21
22

**INTRODUCTION**

23
24

    Plaintiff filed a Complaint on December 23, 2024, and a First Amended Complaint ("FAC") on January 29, 2025. Named as Defendants in the First Amended Complaint are: (a) Riverside County Superior Court Judge Judith Clark and Riverside County Superior Court Chief Executive Officer Jason Galkin (or Gaskin) (collectively "the Court Defendants"); and (b) City of Desert Hot Springs and Tuan Anh Vu (collectively "the City Defendants").

25
26
27
28

Pending before the Court are a motion to dismiss filed by the Court Defendants and a motion to dismiss filed by the City Defendants. Briefing of both motions is complete and both motions stand submitted. See Minute Orders, filed March 13, 2025, April 15, 2025, and April 16, 2025; documents, filed March 12, 2025, April 14, 2025, May 7, 2025, and May 15, 2025. For the reasons discussed below: (1) the First Amended Complaint should be dismissed as to the Court Defendants without prejudice and without leave to amend; and (2) the First Amended Complaint should be dismissed as to the City Defendants without leave to amend, but without prejudice to Plaintiff's right to continue to seek relief against the City Defendants in Miner v. Newsom, CV 22-1043-CAS(MAAx), which is a stayed action Plaintiff previously filed in this Court ("the previous action").

**BACKGROUND**

Plaintiff's lengthy pleadings, in the present action and in the previous action, recount numerous problems with the City Defendants, beginning with a search of Plaintiff's real property in April of 2021. Later that year, the City reportedly issued a nuisance citation to Plaintiff. An administrative code enforcement hearing in October of 2021 (which Plaintiff did not attend) resulted in a decision adverse to Plaintiff.

In December of 2021, Plaintiff began a Riverside County Superior Court proceeding pursuant to California Government Code section 53069.4. Presiding over this proceeding (assertedly without Plaintiff's consent) was a Commissioner rather than a Judge. After almost a year of state court litigation, the Commissioner found Plaintiff to be a "vexatious" litigant and ordered Plaintiff to furnish security ($1,750) by October 20, 2022. When Plaintiff failed to furnish this security, the Commissioner entered judgment dismissing the proceeding without prejudice. In October-November of 2022, Plaintiff filed appeals in the Riverside Superior Court (Appellate Division).

///

2

Meanwhile, Plaintiff had filed the previous action in this Court on May 24, 2022.  In the previous action, Plaintiff seeks damages against the City Defendants and others for allegedly violating Plaintiff's constitutional rights in connection with the search, the citation(s) and the state proceedings.

On March 27, 2023, at a time when one of Plaintiff's appeals in Riverside Superior Court had been denied but two others remained pending, this Court stayed the previous action.  The Court's Order stated:  "Plaintiff is directed to file with the Court any decision by the state courts within ten (10) days of such decision."

On November 9, 2023, the Appellate Division of the Riverside County Superior Court filed a "Per Curiam Opinion" in Plaintiff's appeals.  This opinion denied the appeals, rejecting, inter alia, Plaintiff's arguments that the Commissioner had lacked proper authority to adjudicate the section 53069.4 proceeding.  The Appellate Division ruled that the Commissioner had properly conducted the proceeding as a "subordinate judicial duty," such that Plaintiff's consent to the Commissioner had not been necessary.  The Appellate Division also upheld the "vexatious" litigant security order which had led to the dismissal of the section 53069.4 proceeding once Plaintiff failed to furnish the required security.

In violation of the March 27, 2023 Order in the previous action, Plaintiff failed to file therein the decision of the Appellate Division (within ten days of the decision or otherwise).  Instead, almost a year after that decision, Plaintiff filed the present action.

In the First Amended Complaint, Plaintiff again recounts his alleged mistreatment by the City Defendants (beginning with the April, 2021 search of his real property and continuing through the code enforcement, the administrative proceedings and the state court proceedings).  As in the previous action, Plaintiff seeks damages against the City Defendants. ///

Unlike in the previous action, Plaintiff also seeks relief against the Court Defendants. Plaintiff complains of numerous errors allegedly committed by the Riverside Superior Court, beginning with the assignment of a Commissioner to Plaintiff's section 53069.4 proceeding. With respect to the Court Defendants, Plaintiff prays for declaratory and injunctive relief, including an injunction against the future assignment of any Commissioner to any section 53069.4 proceeding without the consent of the litigant(s).  Plaintiff purports to seek federal court "clarification" of certain California state laws (including section 53069.4) for the benefit of "all parties who defend against abusive city citations under Gov. Code § 53069.4 and for the 21 additional separate categories of 'defendants' who request de novo trials" (FAC, pp. 39).

**DISCUSSION**

I.    **The Court Defendants**

To the extent Plaintiff seeks declaratory or injunctive relief to address injury to him allegedly resulting from the state court proceedings, the Rooker-Feldman doctrine bars all such relief.  Under the Rooker-Feldman doctrine, a federal district court lacks subject matter jurisdiction to review state court decisions.  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The only proper federal court in which to obtain such review is the United States Supreme Court, by petition for writ of certiorari.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. at 476; 28 U.S.C. § 1257.  The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries, Inc., 544 U.S. 280, 284 (2005).  The Rooker–Feldman doctrine applies where, inter alia, "claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the

4

application of state laws or procedural rules." <u>Reusser v. Wachovia Bank S.A.</u>, 525 F.3d 855, 869 (9th Cir. 2008). "[T]he <u>Rooker–Feldman</u> doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 901 (9th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1213 (2004) (citations and quotations omitted). Thus, the <u>Rooker-Feldman</u> doctrine can bar claims involving federal constitutional issues. <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 891 (9th Cir. 1986) (citations omitted); <u>see</u> <u>Kulick v. Leisure Vill. Ass'n, Inc.</u>, 2018 WL 11253972, at *2 (C.D. Cal. July 9, 2018), <u>aff'd</u>, 741 Fed. App'x 459 (9th Cir. 2018), <u>cert. denied</u>, 587 U.S. 1016 (2019) ("Even if a plaintiff frames his claim as a constitutional challenge, if he seeks what, in substance, would be appellate review of a state judgment, the action is barred by <u>Rooker-Feldman</u>.") (citations omitted). The <u>Rooker-Feldman</u> doctrine applies to state law claims as well as federal law claims. <u>See</u> <u>McDowell v. Cal.</u>, 564 Fed. App'x 296, 296-97 (9th Cir. 2014) (affirming dismissal of state law claims on <u>Rooker-Feldman</u> grounds); <u>Mothershed v. Justices of the Supreme Court</u>, 410 F.3d 602, 607-08 (9th Cir. 2005) (same).

Although Plaintiff stresses that the dismissal of his section 53069.4 proceeding was "without prejudice," this dismissal (which left the adverse administrative determination intact) and the subsequent Appellate Division opinion (which rejecting Plaintiff's arguments) plainly demonstrate that Plaintiff is a "state court loser" within the meaning of the <u>Rooker-Feldman</u> doctrine.

Courts routinely apply the <u>Rooker-Feldman</u> doctrine to dismiss claims alleging constitutional and other errors assertedly committed by state courts, including errors in assigning a Commissioner to preside in the Superior Court and errors in applying California's vexatious litigant statute. <u>See, e.g.</u>, <u>Earls v. Greenwood</u>, 816 Fed. App'x 155, 155-56 (9th Cir. 2020) (<u>Rooker-Feldman</u> doctrine barred claims directed at California's vexatious litigant

statute; "Contrary to Earls's contention, a request for prospective injunctive relief does not make the Rooker-Feldman doctrine inapplicable to her claims"); Bashkin v. Hickman, 411 Fed. App'x 998, 999 (9th Cir. 2011) ("the district court properly concluded that the Rooker-Feldman doctrine barred Bashkin's action to the extent that he challenged the vexatious litigant order and any other state court orders and judgments, because the action is a ' forbidden de facto appeal' of state court judgments and raises constitutional claims that are 'inextricably intertwined' with those prior state court judgments"); Collins v. Grisom, 2022 WL 3325665, at *1-3 (S.D. Cal. Aug. 11, 2022 ("Plaintiff claims it was improper for a commissioner instead of a judge to preside over this type of case. . . .  These types of claims, alleging that the procedures and process were inadequate in a particular state court proceeding, fall squarely under Rooker-Feldman"); see also Kleidman v. Admin. Presiding Judge Elwood Lui, 2025 WL 1117432, at *2-3 (C.D. Cal. April 14, 2025); Westin v. City of Calabasas, 2023 WL 4289336, at *3 (C.D. Cal. Jan. 25, 2023), adopted, 2023 WL 4289519 (C.D. Cal. May 29, 2023); Bikle v. Doe 1-9, 2013 WL 3878976, at *7 (C.D. Cal. July 26, 2013), aff'd, 609 Fed. App'x 429 (9th Cir. 2015); Rupert v. Atack, 2011 WL 320230, at *2 (N.D. Cal. Jan. 25, 2011).

    In the papers filed herein, Plaintiff sometimes purports to disavow any intent to remedy the outcome of his state proceedings.  At other times, however, Plaintiff does indeed complain of injury allegedly caused to him by the state proceedings.  To the extent Plaintiff bases this action on any such alleged injury, the Rooker-Feldman bar applies.  See id.

    If, however, Plaintiff truly is not seeking herein to address or redress anything that befell him during his state proceedings, then there exists a different fundamental defect in Plaintiff's action as against the Court Defendants.  Plaintiff then would lack Article III standing. See, e.g., Earls v. Cantil-Sakauye, 745 Fed. App'x 696, 697 (9th Cir. 2018) ("to the extent Earls sought prospective relief from a future denial of an application to file new litigation unrelated to the prior state court judgments, such a claim is not ripe").  "Article III of the Constitution confines the jurisdiction of the federal courts to actual Cases and Controversies,

and . . . the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." Clinton v. City of New York, 524 U.S. 417, 429-30 (1998) (citation, internal quotations and footnote omitted). To show standing, a plaintiff must allege, and prove, that he or she suffered "an injury in fact, -- a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03 (1998) (citation, footnote and internal quotations omitted). "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Lujan v. Defenders of Wildlife, 504 U.S. 555, 563 (1992) (citation and internal quotations omitted). For standing to exist, the plaintiff's injury also must be "likely to be redressed by the requested relief." Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006) (citations and quotations omitted). Plaintiff's request for declaratory relief does not alter this analysis. See Coffman v. Breeze Corp., 323 U.S. 316, 324 (1945) ("The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy.") (citation omitted). "[I]t may not be made the medium for securing an advisory opinion in a controversy which has not arisen." Id.

Thus, to the extent Plaintiff truly is seeking only federal court "clarification" of various aspects of California state laws for purposes of hypothetical future state court proceedings (involving himself or others), Plaintiff would lack standing to proceed in this action as against the Court Defendants. See, e.g., Kleidman v. Admin. Presiding Judge Elwood Lui, 2025 WL 1117432, at *4. In any event, under no circumstances may Plaintiff seek any relief for the benefit of others (including but not limited to persons who defend against city citations and who request de novo proceedings under section 53069.4). See Bikle v. Doe 1-9, 2013 WL 3878976, at *6 ("plaintiff cannot seek an injunction on behalf of 'members of the public' because pro se litigants have no authority to represent anyone other than themselves");

///

///

1  accord, C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).[1]

2  Furthermore, a federal district court's interpretation (or "clarification") of state statutes

3  (including 53069.4) would not redress any perceived injury resulting from the current state

4  court interpretation of those statutes.  "[S]tate courts are the ultimate expositions of state law.

5  . . ."  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); see Qualified Patients Ass'n v. City of

6  Anaheim, 187 Cal. App. 4th 734, 764, 125 Cal. Rptr. 3d  89, 111 (2010) ("the decisions of the

7  lower federal courts are not binding precedent, particularly on issues of state law") (citation

8  omitted).

9

10  Accordingly, as to the Court Defendants, the First Amended Complaint should be

11  dismissed without prejudice but without leave to amend.[2]  See Earls v. Cantil-Sakauye, 745

12  Fed. App'x at 697 ("dismissal of Earls' First Amended Complaint without leave to amend was

13  not an abuse of discretion because amendment would have been futile"); accord, Collins v.

14  Grisom, 2022 WL 3325665, at *3.

15

16  II.    **The City Defendants**

17

18  As the City Defendants contend, Plaintiff should have, but did not, file with this Court in

19  the previous action the "decision by the state courts within ten (10) days of such decision."  To

20  enforce the Court's order in the previous action, and in the interests of judicial economy, the

21  Court should dismiss Plaintiff's claims against the City Defendants in the present action

22

23      [1]    The Eleventh Amendment also would bar Plaintiff's claims for injunctive relief
24  against the Court Defendants to the extent Plaintiff seeks to require the Court Defendants to
conform their conduct to Plaintiff's views of California state law.  See Pennhurst State Sch. &
25  Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

26      [2]    A dismissal under the Rooker-Feldman doctrine or for lack of standing should
be a dismissal without prejudice.  See, e.g., Nason v. U.S. Dep't of Housing and Urban Dev.,
27  2025 WL 785205, at *2 (9th Cir. March 12, 2025); Eicherly v. O'Leary, 721 Fed. App'x 625,
627 (9th Cir. 2018).
28

without leave to amend herein, but without prejudice to Plaintiff's right to continue to seek relief against the City Defendants in the previous action.

## CONCLUSION

For all of the foregoing reasons, it is recommended that the Court issue an order: (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the First Amended Complaint against the Court Defendants without prejudice and without leave to amend, and dismissing the First Amended Complaint against the City Defendants without prejudice and without leave to amend in the present action, but without prejudice to Plaintiff's right to continue to seek relief against the City Defendants in the previous action.[3]

Dated:  May 20, 2025.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]        In light of the recommended disposition, the Court need not and does not discuss other issues raised by the parties herein.

**<u>NOTICE</u>**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JOSEPH MINER,                          No. CV 24-2793-CAS(E)

12           Plaintiff,

13       v.                                 ORDER ACCEPTING FINDINGS,

14   CITY OF DESERT HOT SPRINGS,            CONCLUSIONS AND RECOMMENDATIONS
     CALIFORNIA, ET AL.,                    OF UNITED STATES MAGISTRATE JUDGE
15
             Defendants.
16

17

18          Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended

19   Complaint, all of the records herein and the attached Report and Recommendation of United

20   States Magistrate Judge.  Further, the Court has engaged in a <u>de novo</u> review of those

21   portions of the Report and Recommendation to which any objections have been made.  The

22   Court accepts and adopts the Magistrate Judge's Report and Recommendation.

23

24          IT IS ORDERED that Judgment shall be entered dismissing the First Amended

25   Complaint against the Court Defendants without prejudice and without leave to amend, and

26   dismissing the First Amended Complaint against the City Defendants without prejudice and

27   without leave to amend in the present action, but without prejudice to Plaintiff's right to

28   continue to seek relief against the City Defendants in the previous action.

1    IT IS FURTHER ORERED that the Clerk serve forthwith copies of this Order and the

2    Judgment of this date on Plaintiff and counsel for Defendants.

3

4    Dated: _____, 2025.

5

6

7                                          _____

8                                              CHRISTINA A. SNYDER
                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                         **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   JOSEPH MINER, | No. CV 24-2793-CAS(E) |
| 12         Plaintiff, | |
| 13         v. | JUDGMENT |
| 14   CITY OF DESERT HOT SPRINGS,<br>    CALIFORNIA, ET AL., | |
| 15         Defendants. | |
| 16 | |

17

18         IT IS ADJUDGED that the action is dismissed without prejudice.

19

20         Dated: _____, 2025.

21
22
23                                _____
24                                  CHRISTINA A. SNYDER
                               UNITED STATES DISTRICT JUDGE
25
26
27
28